UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited, | Civil File No. 1:24-cv-00744-JLR |
| Plaintiffs, | **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. |  |
| Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP, |  |
| Defendants. |  |

Plaintiffs Orient Plus International Limited ("Orient"), Union Hi-Tech Development Limited ("Union") and Golden Genius International Limited ("Golden") (collectively, "Plaintiffs"), for their Amended Complaint against Defendants Baosheng Media Group Holdings Limited ("BAOS"); directors Wenxiu Zhong, Sheng Gong, Yu Zhong, Zuohao Hu, and Adam (Xin) He (collectively, the "Director Defendants"); CFO Yue Jin; controlling person Yanjun Hu; underwriters Univest Securities, LLC ("Univest"), The Benchmark Company, LLC ("Benchmark"), and WestPark Capital, Inc. ("WestPark"); auditor Friedman LLP ("Friedman") and Marcum LLP ("Marcum") (collectively, "Defendants") state and allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this federal securities law action against Defendants seeking damages, rescission, and other relief for damages caused by Defendants' misstatements and material omissions in public securities filings with the United States Securities Exchange Commission ("SEC") related to BAOS's initial public offering on or about February 8, 2021.  BAOS currently trades on NASDAQ and has since its public listing. Plaintiffs assert claims against Defendants under Section 11, Section 12, and Section 15 of the Securities Act of 1933 (the "Securities Act"), and expressly state that, at this time, Plaintiffs' claims are asserted based solely on the theories of strict liability and negligence.

## PARTIES

2.    Plaintiff Orient Plus International Limited is a business entity incorporated in the British Virgin Islands, with its principal place of business at 12 Marina View #20-02B, Asia Square Tower 2, Singapore, 018961.

3.    Plaintiff Union Hi-Tech Development Limited is a business entity incorporated in the Marshall Islands with its registered address located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

4.    Plaintiff Golden Genius International Limited is a business entity incorporated in the British Virgin Islands, with its registered address located at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, VG1110, British Virgin Islands.

5.      Defendant Baosheng Media Group Limited is a business entity incorporated under the laws of the Cayman Islands.  On or about February 5, 2021, BAOS registered to trade its securities on the NASDAQ stock exchange under the ticker "BAOS" pursuant to a foreign private issuer exemption (the "IPO").  BAOS is an online marketing solution provider based in China.  Among other services, BAOS advises advertisers on online marketing strategies, offers advertising optimization services and facilitates the deployment of online ads of various forms such as search ads, in-feed ads, mobile app ads and social media marketing ads.

6.      Defendant Univest Securities, LLC served as the lead underwriter for BAOS's IPO.  Univest is a New York limited liability company, with its principal place of business located at 75 Rockefeller Plaza, Suite 1838, New York, NY 10019.

7.      Defendant The Benchmark Company, LLC, served as an underwriter for BAOS's IPO.  Benchmark is a Delaware limited liability company, with its principal place of business located at 150 E. 58th Street, 17th Floor, New York, NY 10155.

8.      Defendant WestPark Capital, Inc., served as an underwriter for BAOS's IPO.  WestPark is a Colorado corporation with its principal place of business located at 1800 Century Park E., Ste. 220, Los Angeles, CA 90067.

9.      Defendant Friedman LLP served as an accountant for BAOS's IPO.  Friedman is a New York limited liability partnership.  Its principal place of business is 165 Broadway, 21st Floor, New York, NY 10019.

10.      Defendant Marcum LLP is a New York limited liability partnership.  Its principal place of business is 10 Melville Park Rd., Melville, NY 11747.  Marcum is a

Certified Public Accounting firm that in September 2022 "merged" with BAOS's former accounting firm—Friedman LLP.

11.     Defendant Wenxiu Zhong was, at all times relevant to this Amended Complaint, chairperson of the board and Chief Executive Officer of BAOS.  On information and belief, Wenxiu Zhong is a citizen of and resides in China.  Wenxiu Zhong signed BAOS's Registration Statement.

12.     Defendant Sheng Gong was, at all times relevant to this Amended Complaint, a director of BAOS.  On information and belief, Sheng Gong is a citizen of and resides in China.  Sheng Gong signed BAOS's Registration Statement.

13.     Defendant Kun Zhang was at the time of BAOS's IPO, an independent director of BAOS.  On information and belief, Kun Zhang is a citizen of and resides in China.

14.     Defendant Weitao Liang was at the time of BAOS's IPO, an independent director of BAOS.  On information and belief, Weitao Liang is a citizen of and resides in China.

15.     Defendant Yu Zhong was at the time of BAOS's IPO, an independent director of BAOS.  On information and belief, Yu Zhong is a citizen of and resides in China.

16.     Defendant Zuohao Hu was at the time of BAOS's IPO, an independent director of BAOS.  On information and belief, Zuohao Hu is a citizen of and resides in China.

17.     Defendant Adam (Xin) He was at the time of BAOS's IPO, an independent director of BAOS.  On information and belief, Adam (Xin) He is a citizen of and resides in China.

18.     Defendant Yue Jin was, at all times relevant to this Amended Complaint, the Chief Financial Officer of BAOS.  On information and belief, Yu Jin is a citizen of and resides in China.  Yue Jin signed BAOS's Registration Statement.

19.     Defendant Yanjun Hu was, at all times relevant to this Amended Complaint, in actual control of a significant percentage of BAOS stock, and had actual control over BAOS in the months leading up to its IPO.  On information and belief, Yanjun Hu is a citizen of and resides in China.

## JURISDICTION & VENUE

20.     The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77K, 77l(a)(2), and 77(o)).

21.     This Court has subject matter jurisdiction over this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v) and 12 U.S.C. § 1331.

22.     Venue is properly in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. § 1391(b) and (c).  The violations of law complained of herein occurred in substantial part in this District.

23.     In connection with the acts and conduct alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and facilities of the NASDAQ and of EDGAR.

24.     This Court has personal jurisdiction over BAOS due to its sufficient minimum contacts with the United States and the State of New York.  BAOS targeted investors in the United States via publishing materials in English pursuant to SEC rules and sold securities in the United States via the NASDAQ.

25.     This Court has personal jurisdiction over the Director Defendants and the CFO due to their sufficient minimum contacts with the United States and the State of New York.  Directors Wenxiu Zhong and Sheng Gong, as well as Yue Jin (BAOS's CFO) signed BAOS's Registration Statement knowing the statement would be filed with the SEC in the United States to permit BAOS to sell securities to investors in the United States via the NASDAQ.  Each of the Director Defendants and CFO had control over the contents of BAOS's public filings, knew those documents would be filed in the United States with the SEC, and directed those filings toward United States investors, among others. The Director Defendants and CFO accordingly purposefully availed themselves of the United States and the State of New York, and are subject to personal jurisdiction in this forum.

26.     This Court has personal jurisdiction over Yanjun Hu (the controlling person) due to his sufficient minimum contacts with the United States and the State of New York.  As detailed further below, he had actual control over BAOS in the months preceding BAOS's IPO, and accordingly controlled the statements included within BAOS's Registration Statement and Prospectus, knowing these statements would be filed in the United States for the purpose of inducing investors in the United States to purchase BAOS's securities.

27.     This Court has general personal jurisdiction over Univest, Friedman, and Marcum, as they are formed under the laws of the state of New York and maintain their principal place of business in New York.  The Court also has personal jurisdiction over these entities due to their sufficient minimum contacts with the United States and the State of New York.  Univest and Friedman each assisted in preparing the Registration Statement and Prospectus at issue in this claim, knowing it would be filed for the purpose of selling securities in the United States via the NASDAQ.

28.     This Court has general personal jurisdiction over Benchmark as its principal place of business is located in the State of New York.  The Court also has personal jurisdiction over Benchmark due to its sufficient minimum contacts with the United States and the State of New York.  Benchmark assisted in preparing the Registration Statement and Prospectus at issue in this claim, knowing it would be filed for the purpose of selling securities in the United States via the NASDAQ.

29.     This Court has personal jurisdiction over WestPark due to its sufficient minimum contacts with the United States and the State of New York.  WestPark assisted in preparing the Registration Statement and Prospectus at issue in this claim, knowing it would be filed for the purpose of selling securities in the United States via the NASDAQ.

## FACTS

## I.     BAOS'S PUBLIC FILINGS AND PLAINTIFFS' PURCHASE OF BAOS'S STOCK

30.     BAOS filed its first Registration Statement with the SEC on July 10, 2020.

31.     After a series of amendments, the Registration Statement became effective on February 5, 2021, and its ordinary shares began trading on NASDAQ.

32.     BAOS filed its final Prospectus on February 9, 2021, and completed its initial public offering through a firm commitment underwriting on February 10, 2021, raising $31.2 million.

33.     On March 2, 2021, BAOS's lead underwriter, Univest, exercised its over-allotment option under the firm commitment underwriting agreement to purchase an additional $4.5 million worth of ordinary shares for sale to the public.

34.     On the same day, Golden purchased $3.5 million worth of BAOS ordinary shares directly from Univest.  Golden continues to hold these shares and can trace its purchase directly to the Registration Statement containing the material misstatements and omissions that form the basis for this claim.

35.     On March 17, 2021, Orient and Union together entered into a stock purchase agreement ("SPA") with BAOS to purchase $10 million worth of unregistered BAOS ordinary shares directly from BAOS pursuant to a Regulation S or a Section 4(a)(2) exemption under the Securities Act.  BAOS filed a second Registration Statement to register those shares on March 18, 2021.  The second Registration Statement became effective on March 30, 2021.

## II.     BAOS'S MATERIAL MISSTATEMENTS OR OMISSIONS

36.     In its original Registration Statement filed July 10, 2020, BAOS noted that it was subject to one pending and one recently decided material legal proceeding, listing

an employment dispute and a breach of contract dispute.  *See* July 10, 2020 Registration Statement at 103.

37.     No subsequent amendments to the Registration Statement through Plaintiffs' purchase of shares substantively modified this statement.

38.     The July 10, 2020 Registration Statement is signed by Wenxiu Zhong, Chief Executive Officer and Chairperson of the Board; Yue Jin, Chief Financial Officer; and Sheng Gong, Director.

39.     At the time the Registration Statement became effective, the following individuals served as directors of BAOS: Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He.

40.     The Registration Statement identifies Univest as its lead underwriter.

41.     The Registration Statement identifies Friedman as its independent public accountant.

42.     In a subsequent Registration Statement, filed on August 8, 2023, BAOS noted that "Friedman LLP was merged with Marcum LLP on September 1, 2022."

43.     In its Prospectus, filed on February 9, 2021, BAOS stated that it was a party to "one pending and one recently decided material legal proceeding[]" and lists an employment dispute and a contract dispute.  *See* Prospectus at 108-09.

44.     In the March 17, 2021 SPA, BAOS further made reference to its public filings, including its Prospectus, and solicited Orient and Union's purchase of additional securities based upon the information contained therein.

45.     In the SPA, BAOS specifically warranted that none of its prior filings, including its Prospectus, "contained any untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary in order to make the statement therein, in the light of the circumstances under which they were made, not misleading."

46.     During the negotiation of the SPA, Univest made oral statements to Orient and Union referencing the Prospectus warranting that Orient could rely on the statements in the Prospectus in deciding whether to enter into the SPA.

47.     Unbeknownst to Plaintiffs, and undisclosed in any of BAOS's public securities filings, in the months preceding its IPO, BAOS was under investigation by Chinese authorities due to its involvement with other Chinese entities that were engaging in activities illegal under the laws of China.

48.     The investigation itself had a material detrimental effect on BAOS's operations in the months leading up to the IPO.

49.     Due to these disruptions, Yanjun Hu took actual control of BAOS in the months preceding the IPO and had actual control over the contents of BAOS's securities filings, including the Registration Statement and Prospectus.

50.     Despite Yanjun Hu taking over, the disruption to BAOS's operations had a materially detrimental effect on BAOS.

51.     This investigation concluded in the second half of 2021 (after the IPO) and resulted in Chinese authorities imposing a multi-million RMB fine on BAOS, which again caused a material disruption of its operations.

52.     Due to the investigation and the resulting decision by Chinese authorities, BAOS lost its biggest client that made up a significant portion of its revenue.

53.     In the months leading up to the IPO, BAOS's directors and executives knew the investigation had caused BAOS's operations to essentially shut down, that BAOS would likely be subject to a significant fine, and that BAOS's relationships with key clients were at significant risk.

54.     BAOS's Registration Statement, Prospectus, and other public securities filings did not disclose any of this information to investors, making the Registration Statement and Prospectus materially misleading.

## III.    BAOS'S UNDERWRITERS ANDS CPA NEGLIGENTLY APPROVED ITS SECURITIES FILINGS

55.     Given the significant disruption caused by the investigation into BAOS by Chinese authorities, those persons and entities that assisted BAOS with its securities filings were negligent in failing to correct the securities filings to prevent a material misstatement or omission.

### A.    UNIVEST

56.     Univest served as BAOS's lead underwriter for the IPO.

57.     Due to its role, Univest would have been in direct communication with BAOS's directors and senior executives in preparing for the IPO.

58.     Univest would or should have known that BAOS was under investigation due to the material operational disruptions caused by the Chinese authorities' investigation and also from conversations with BAOS's executives.

59.     Univest was at least negligent in failing to conduct adequate diligence or investigation into the accuracy of the Registration Statement and Prospectus when it became clear that BAOS was under investigation.

**B.      BENCHMARK AND WESTPARK**

60.     Benchmark and WestPark served as BAOS's secondary underwriters for the IPO.

61.     Due to their role, Benchmark and WestPark would have been in direct communication with BAOS's directors and senior executives in preparing for the IPO.

62.     Benchmark and WestPark would or should have known that BAOS was under investigation due to the material operational disruptions caused by the Chinese authorities' investigation and also from conversations with BAOS's executives.

63.     Benchmark and WestPark were at least negligent in failing to conduct adequate diligence or investigation into the accuracy of the Registration Statement and Prospectus when it became clear that BAOS was under investigation.

**C.      MARCUM MERGES WITH FRIEDMAN**

64.     Marcum is a certified public accounting firm and following a merger in 2022 is a continuation of Friedman, which served as the certified public accountant for BAOS in preparing its securities filings for the IPO.

65.     Although Friedman nominally remains an active New York limited liability partnership, press releases from Marcum state that in or about September 2022, Friedman merged into Marcum.

66.     In a May 3, 2022 press release, Marcum announced that "Friedman will merge into Marcum."

67.     In a September 6, 2022 press release, Marcum announced that "[t]he previously announced merger of Marcum LLP ("Marcum") and Friedman LLP ("Friedman") is now complete, effective as of September 1."

68.     Friedman's X (Twitter) page and LinkedIn page both state, "Effective September 1, 2022, Friedman LLP is now Marcum."

69.     Additionally, in a Registration Statement filed on August 8, 2023, BAOS noted that "Friedman LLP was merged with Marcum LLP on September 1, 2022."

70.     In that same Registration Statement filed on August 8, 2023, BAOS noted that Friedman had "filed its application to withdraw the PCAOB registration on December 30, 2022."

71.     Public records of the PCAOB illustrate that Friedman requested to withdraw its PCAOB registration.  That request is currently pending.

72.     After filing of the original complaint, counsel for Plaintiffs received an email from counsel for Marcum, Bruce R. Braun on February 21, 2024 asking to set up a telephone call.  Counsel for Plaintiffs and counsel for Marcum spoke on Friday February 23, 2024.  During that call, Mr. Braun informed counsel for Plaintiffs that it was Marcum's position that Friedman should have been named in place of Marcum.  Mr. Braun noted that the press release from Marcum and Friedman state the two entities merged, but he reiterated his position that they are separate entities.  Counsel for Plaintiffs asked whether counsel for Marcum could provide any documents to support

their position, and counsel for Marcum noted they would consider providing supporting documents.  As of the filing of this Amended Complaint, counsel for Plaintiffs have not received any documents from counsel for Marcum.

73.    After receiving information that Friedman may be a proper defendant to the action, despite Friedman and Marcum's repeated press releases and other statements noting they merged, Plaintiffs filed this Amended Complaint on March 5, 2024, approximately a week after Plaintiff's call with Counsel for Marcum.

74.    Friedman consented to the inclusion of its unqualified reports of BAOS's financial statements for 2018 and 2019 in the Registration Statement and Prospectus in connection with the IPO.  These consents are dated January 27, 2021 and February 8, 2021.

75.    In each of its consents, Friedman "consent[ed] to the reference to our firm under the heading 'Experts' in the Prospectus."

76.    Friedman's consents were misleading because they gave contemporaneous assurance to Plaintiffs that BAOS's financial information included in the Registration Statements was accurate and there were no omissions. As part of issuing its consents, Friedman was required under the Securities Act and auditing standards to extend its procedures with respect to subsequent events from the date of its audit reports to the effective date of the Registration Statements, or as close thereto as is reasonable and practicable under the circumstances.

77.    Under PCAOB auditing standard AS 4101 (formerly AU 711), Friedman was required to (i) read the entire Prospectus and other pertinent portions of the

14

Registration Statement; (ii) inquire of and obtain written representations from officers and other executives responsible for financial and accounting matters about whether any events occurred, other than those reflected in the Registration Statement, that in their opinion had a material effect on the audited financial statements included therein or that should be disclosed in order to keep those statements from being misleading; (iii) read the latest available interim financial statements to make any appropriate comparisons and inquire as to whether interim statements were prepared on the same basis as that used for the statements under audit; (iv) inquire whether there had been any changes in the Company's related parties or any significant new related-party transactions; and (v) make such additional inquiries or perform such procedures as considered necessary and appropriate to dispose of questions that arise in carrying out the foregoing procedures, inquiries, and discussions.

78.     Friedman did not perform any of these necessary and required procedures, and accordingly, its consents omitted material facts that made them misleading to an ordinary investor.

79.     Had Friedman performed its audit as required, it would have discovered that BAOS was under investigation, that it had suffered material operational disruptions due to the Chinese authorities' investigation, and would have learned that BAOS's relationship with its largest client was at risk and that BAOS would likely face a significant fine at the conclusion of the Chinese authorities' investigation.

80.     Friedman was at least negligent in failing to (i) adhere to PCAOB auditing standards; or (ii) conduct adequate diligence or investigation in connection with the Registration Statement.

## IV.    PLAINTIFFS DISCOVER THE MATERIAL MISSTATEMENT OR OMISSION

81.     Plaintiffs discovered the material misstatements and omissions in BAOS's public filings in June 2023, approximately seven months before filing the initial Complaint.

82.     Plaintiffs learned of this information from a significant shareholder of BAOS, who had inside knowledge of the operations and conduct of BAOS executives leading up to the IPO.

## V.    DECLINE IN STOCK PRICE

83.     The conduct underlying the material misstatements and omissions directly resulted in significant losses to BAOS's revenue, including through the loss of a key client.

84.     Since Plaintiff's initial investment of $13.5 million in March 2021, BAOS's stock price has declined approximately 96%.

<u>**COUNT 1**</u>
<u>**(Section 11)**</u>
<u>**By Golden against BAOS, the Director Defendants, Yue Jin; Univest, Benchmark, WestPark, Friedman, and Marcum**</u>

85.     Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86.     This count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of Golden against all Defendants.  Golden does not claim in this pleading that Defendants committed intentional or reckless misconduct or that Defendants acted with scienter or fraudulent intent.

87.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

88.     Apart from its obligation to disclose information to prevent the Registration Statement from containing inaccurate or misleading statements or omissions, BAOS had an express obligation to disclose the Chinese authorities' investigation as it would any other proceeding.  *See, e.g.*, SEC Form 20-F Part I, Item 8(7) (detailing required disclosures for foreign private issuers like BAOS, and noting that disclosures of such proceedings are required).

89.     Defendant BAOS is the registrant for the IPO.  As such, BAOS is strictly liable for the materially inaccurate statements contained in the Registration Statement and Prospectus and the failure of the Registration Statement and the Prospectus to be complete and accurate.  By virtue of the Registration Statement containing material misrepresentations and omissions of material facts necessary to make the statements therein not false and misleading, BAOS is liable under Section 11 of the Securities Act.

90.     The Director Defendants and Yue Jin each signed the Registration Statement either personally or through an Attorney-in-Fact and/or caused its issuance or

served as directors of BAOS at the time the Registration Statement was effective.  The Director Defendants and Yue Jin each had a duty to make a reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement.  They had a duty to ensure such statements were true and accurate and that there were no omissions of material facts that would make the statements misleading.  By virtue of their failure to exercise reasonable care, the Registration Statement contained misrepresentations of material facts and omissions of material fact necessary to make the statements made therein not misleading.  As such, the Director Defendants and Yue Jin are liable to Golden.

91.     As underwriters, Univest, Benchmark, and WestPark had a duty to make reasonable and diligent investigation of the truthfulness and accuracy of the statements contained in the Registration Statement.  They had a duty to ensure such statements were true and accurate and that there were no omissions of material facts that would make the statements misleading.  By virtue of their failure to exercise reasonable care, the Registration Statement contained misrepresentations of material facts and omissions of material fact necessary to make the statements made therein not misleading.  As such, Univest, Benchmark, and WestPark are liable to Golden.

92.     As BAOS's auditor, Friedman (which later merged with Marcum) consented to the inclusion of its unqualified reports of BAOS's financial statements.  In approving these consents, under AS 4101, Friedman was required to conduct diligence to ensure subsequent events had not rendered its prior approval of BAOS's financial and accounting disclosures to be materially misleading or inaccurate.

93.     Friedman was negligent in failing to comply with this obligation.  Had Friedman conducted adequate diligence prior to issuing its consents, it would have discovered that BAOS was under investigation, that BAOS's executive team had been detained for this investigation causing the company to cease operations, that BAOS was likely to lose its largest clients, and that BAOS would likely face significant fines from the Chinese authorities.

94.     Friedman's failure to perform these necessary and required procedures meant that its consents omitted material facts that made them misleading to Golden.

95.     Marcum is liable for Friedman's failures because it merged with Friedman, and is a mere continuation of Friedman.

96.     By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

97.     Golden acquired BAOS shares traceable to, and in reliance on, the Registration Statement and without knowledge of the untruths alleged herein.

98.     Golden sustained damages when the price of BAOS's shares declined substantially due to material inaccuracies in the Registration Statement.

99.     This action was brought within one year after the discovery of the untrue statements and omissions, within three years of the effective date of the Registration Statement, and within three years of the date of the IPO.

**COUNT 2**
**(Section 12(a)(2))**
**By Plaintiffs Against BAOS and Univest**

100.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

101.    This count is brought by Plaintiffs pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l.

102.    Plaintiffs purchased common units in BAOS's IPO.

103.    For purposes of this count, Plaintiffs affirmatively state that they do not claim that Defendants committed intentional or reckless misconduct or that Defendants acted with scienter or fraudulent intent.

104.    Defendants were sellers, offerors, and/or solicitors of purchasers of the BAOS common unit offered pursuant to the Prospectus.  Defendants issued, caused to be issued, and/or signed the Registration Statement in connection with the IPO.  The Registration Statement and Prospectus were used to induce investors, such as Plaintiffs, to purchase BAOS common units.

105.    During the negotiation of the SPA, Univest made oral statements to Orient and Union referencing the Prospectus as an inducement to enter into the SPA.

106.    Golden purchased BAOS shares from Univest based on Univest's oral statements and the information contained in the Prospectus.

107.    BAOS was a statutory seller under Section 12(a)(2) because it passed title to the securities being sold to Orient and Union.

108.   Univest was a statutory seller under Section 12(a)(2) because it passed title to the securities being sold to Golden.

109.   The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed to disclose material facts.

110.   Apart from its obligation to disclose information to prevent the Prospectus from containing inaccurate or misleading statements or omissions, BAOS had an express obligation to disclose the Chinese authorities' investigation as it would any other similar proceeding. *See, e.g.*, SEC Form 20-F Part I, Item 8(7) (detailing required disclosures for foreign private issuers like BAOS, and noting that disclosures of such proceedings are required).

111.   As set forth more specifically above, the Prospectus contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements, in light of circumstances in which they were made, not misleading.

112.   Plaintiffs did not know, nor could they have known, of the untruths or omissions contained in the Prospectus.

113.   The Defendants named in this Count were obligated to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading.  None of the Defendants named in this Count made a reasonable investigation or possessed reasonable

grounds for the belief that the statements contained in the Prospectus were accurate and complete in all material respects.

114.    This claim was brought within one year after discovery of the untrue statements and omissions in the Prospectus, within three years of the effective date of the Registration Statement, and within three years after the date of the IPO.

115.    By reason of the misconduct alleged herein, the Defendants named in this Count violated Section 12(a)(2) of the Securities Act and are liable to Plaintiffs who purchased or acquired BAOS's common shares pursuant to the Prospectus, each of whom has been damaged as a result of such violation.  Accordingly, Plaintiffs have the right to rescind and recover the consideration paid for their units, and hereby tender their units to the Defendants sued herein.

### COUNT 3
### (Section 15)
### By Plaintiffs against the Director Defendants, Yue Jin, and Yanjun Hu

116.    Plaintiffs repeat and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

117.    This count is asserted by Plaintiffs against the Director Defendants, Yue Jin (BAOS's CFO), and Yanjun Hu (the controlling person) pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77o.

118.    For purposes of this count, Plaintiffs affirmatively state that they do not claim that Defendants committed intentional or reckless misconduct or that Defendants acted with scienter or fraudulent intent.

119.    At all times relevant to this Amended Complaint, the Director Defendants,

Yue Jin, and Yanjun Hu acted as controlling persons of BOAS within the meaning of

Section 15 of the Securities Act.  By reason of their ownership interest, senior

management positions, directorships at BAOS, or actual control of BAOS as alleged

above, these Defendants, individually and acting pursuant to a common plan, had the

power to influence and exercised the same to cause BAOS to engage in the conduct

complained of herein and were therefore control persons of BAOS.  By reason of such

conduct, the Director Defendants, Yue Jin, and Yanjun Hu are liable pursuant to Section

15 of the Securities Act.

## DEMAND FOR JURY TRIAL

120.    Plaintiffs demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.    That the Court award compensatory damages in favor of Plaintiffs as
      appropriate against all Defendants, jointly and severally, for all damages
      sustained as a result of Defendants' wrongdoing, in an amount to be proven
      at trial, including interest thereon;

2.    That the Court award Plaintiffs their reasonable costs and expenses incurred
      in this action, including counsel fees and expert fees;

3.    Awarding rescission or rescissory measure of damages as to Count 2; and

4.    That the Court award such other and further relief as the Court may deem
      just and proper.

Dated:  March 05, 2024                    DORSEY & WHITNEY LLP


By  */s/ Ian Blodger*
Daniel Goldberger
goldberger.dan@dorsey.com
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201


Thomas P. Swigert (*SDNY Admission pending*)
swigert.tom@dorsey.com
Michael Rowe (*pro hac vice forthcoming*)
rowe.michael@dorsey.com
Ian Blodger (*admitted pro hac vice*)
blodger.ian@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Plaintiffs Orient Plus International Limited, Union Hi-Tech Development Limited, and Golden Genius International Limited*