# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited,<br><br>        Plaintiff,<br><br>-v-<br><br>Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP,<br><br>        Defendants. | Case File No. 1:24-cv-744 |

## CORRECTED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATE SERVICE UNDER RULE 4(f)(3)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

    I.    PROCEDURAL AND FACTUAL BACKGROUND............................................ 1

    II.    THE REALITIES OF SERVING INDIVIDUALS IN CHINA ............................ 2

    III.    PLAINTIFFS' EFFORTS TO SERVE THE INDIVIDUAL DEFENDANTS AND LOCATE THEIR ADDRESSES .................................................................. 3

ARGUMENT ................................................................................................................... 4

    IV.    RULE 4(f)(3) ALLOWS SERVICE BY ANY METHOD NOT PROHIBITED BY INTERNATIONAL AGREEMENT OR THE DUE PROCESS CLAUSE .... 4

        A.    Service of Process by Alternative Means is Not Prohibited by International Agreement ................................................................................. 5

        B.    Defendants Will Receive Constitutionally Adequate Notice Under Each Proposed Method Of Service ...................................................................... 6

            1.    Service on BAOS's Counsel Satisfies Due Process      6

            2.    Service on BAOS's Registered Agent Satisfies Due Process    7

            3.    Service by Email Satisfies Due Process  8

    V.    PLAINTIFFS SHOULD BE GRANTED EXPEDITED DISCOVERY TO ATTEMPT TO ASCERTAIN THE REMAINING DIRECTOR DEFENDANTS' CONTACT INFORMATION ............................................................................... 9

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Records LLC v. Media Servs. LLC*,
  2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. Feb. 25, 2008)............................................................5

*Blackstone Int'l, Ltd. v. Zhejiang Mikia Lighting Co.*,
  2021 U.S. Dist. LEXIS 5710 (D. Md. Jan. 12, 2021)................................................................3

*Brown v. China Integrated Energy, Inc.*,
  285 F.R.D. 560 (C.D. Cal. 2012)...............................................................................................7

*Cengage Learning v. Xuhong Wang*,
  2017 U.S. Dist. LEXIS 233195 (S.D.N.Y. Sep. 14, 2017).....................................................10

*In re China Educ. Alliance, Inc. Sec. Litig.*,
  CV-10-9239-CAS (JCx), 2011 WL 6846214 (C.D. Cal. Dec. 29, 2011)................................6

*In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*,
  No. CV 11-2768 PSG, 2012 U.S. Dist. LEXIS 19389 (C.D. Cal. Feb. 14,
  2012) .......................................................................................................................................10

*Dama S.P.A. v. Doe*,
  2015 U.S. Dist. LEXIS 178076 (S.D.N.Y. June 12, 2015)......................................................8

*Ehrenfeld v. Mahfouz*,
  2005 U.S. Dist. LEXIS 4741 (S.D.N.Y. Mar. 23, 2005) .........................................................4

*Elsevier, Inc. v. Siew Yee Chew*,
  287 F. Supp. 3d 374 (S.D.N.Y. 2018).......................................................................................8

*FitTrack, Inc. v. Hyperzoo Tech. Ltd.*,
  No. 23-cv-0838-AGS-BGS, 2023 U.S. Dist. LEXIS 125653 (S.D. Cal. July
  20, 2023) ...................................................................................................................................9

*Foshan Naibao Elec. Prod. Co. v. Ningbo A-One Indus. Co.*,
  2016 U.S. Dist. LEXIS 2545 (C.D. Cal. Jan. 7, 2016) ...........................................................3

*In re GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ..............................................................................................2

*Hey, Inc. v. Twitter, Inc.*,
  No. 22-MC-80034-DMR, 2023 U.S. Dist. LEXIS 98590 (N.D. Cal. June 6,
  2023) .........................................................................................................................................9

*In re LDK Solar Sec. Litig.*,
  No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702 (N.D. Cal. June 12,
  2008) .............................................................................................................................6

*LG Elec. Inc. v. Asko Appliances, Inc.*,
  No. 08-828 (JAP), 2009 U.S. Dist. LEXIS 53391 (D. Del. June 23, 2009) ............................7

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)........................................................................................................4, 6

*Next Phase Distribution, Inc. v. John Does 1-27*,
  284 F.R.D. 165 (S.D.N.Y. 2012) .............................................................................................9

*Nuance Communs., Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)........................................................................................5

*Off-White LLC v. 9988Ltd-Us KavoUSA Zhuomei-USA*,
  No. 24 CV 00973, 2024 U.S. Dist. LEXIS 34133 (S.D.N.Y. Feb. 9, 2024) .........................10

*Oneida Indian Nation of New York v. Madison County*,
  665 F.3d 408 (2d Cir. 2011)........................................................................................4, 6

*Prediction Co. LLC v. Rajgarhia*,
  2010 U.S. Dist. LEXIS 26536 (S.D.N.Y. Mar. 22, 2010) ....................................................5, 6

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ...............................................................................................4

*Rose v. Deer Consumer Prods., Inc.*,
  2011 U.S. Dist. LEXIS 150160 (C.D. Cal. Dec. 29, 2011) ...................................................7

*RSM Prod. Corp. v. Fridman*,
  2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007)......................................................7

*Sicav v. Wang*,
  989 F. Supp. 2d 264 (S.D.N.Y. 2013)..................................................................................2, 3

*Smart Study Co. v. Acuteye-US*,
  620 F. Supp. 3d 1382 (S.D.N.Y. 2022)..................................................................................5

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
  312 F.R.D. 329 (S.D.N.Y. 2015) ...........................................................................................8

*TCS Capital Mgmt., LLC v. Apax Partners, L.P.*,
  No. 06-CV-13447 (CM), 2008 U.S. Dist. LEXIS 19854 (S.D.N.Y. Mar. 7,
  2008) .............................................................................................................................3

**Statutes**

Securities Act of 1933 Sections 11, 12, and 15 ..................................................................1

**Other Authorities**

Fourteenth Amendment ........................................................................................................4

8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
2046.1 (3d ed. 2011) ...................................................................................................9

Fed. R. Civ. P. 4(f) ...............................................................................................................4

Fed. R. Civ. P. 4(f)(3) ............................................................................................... *passim*

Fed. R. Civ. P. 26(d)(1) ........................................................................................................9

Rule 26(d) ........................................................................................................................9, 10

Rule 26(f) ..............................................................................................................................9

## INTRODUCTION[1]

Plaintiffs bring a federal securities action against thirteen corporate and individual defendants alleging the Registration Statement of Baosheng Media Group Holdings Limited ("BAOS") contained material misstatements and omissions. Plaintiffs have served each of the corporate Defendants, but it has not yet served the Individual Defendants. Two of the seven Individual Defendants are currently employed by BAOS (Yue Jin and Sheng Gong) ("BAOS Defendants"), four more are former directors of BAOS (Yu Zhong, Zuohao Hu, Adam (Xin) He, and Wenxiu Zhong) ("Director Defendants"), and the last Individual Defendant, Yanjun Hu, is a shareholder who is actively engaged in the company's operations. Each Individual Defendant resides in China and Plaintiffs have not been able to determine their addresses for service under the Hague Convention. Accordingly, Plaintiffs seek orders authorizing (1) alternate service for the BAOS Defendants through BAOS's counsel or registered agent; (2) alternate service through email for Yanjun Hu and the Director Defendants for whom Plaintiffs have a reliable email addresses; and (3) expedited discovery to determine the email addresses for the two Director Defendants for whom Plaintiffs lack contact information.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On February 1, 2024, Plaintiffs filed the initial complaint asserting claims under the Sections 11, 12, and 15 of the Securities Act of 1933. (ECF No. 1 (the "Complaint").) Plaintiffs filed an amended complaint on March 5, 2024. (ECF No. 26 (the "Amended Complaint").) In June of 2023, Plaintiffs learned the information contained in BAOS's public filings was

---

[1] After filing their initial motion, Plaintiffs realized they had inadvertently switched two individuals Wenxiu Zhong and Yue Jin. Though Wenxiu Zhong previously served as a director and CEO of BAOS, he no longer serves in this capacity. Yue Jin currently serves as the CFO of BAOS. Plaintiffs filed this corrected filing to clarify their current roles and to correct the relief sought for both.

inaccurate and misleading and failed to disclose, among other things, that BAOS was under investigation by the Chinese government in the months preceding its IPO, (*id.* ¶ 47); that this investigation resulted in the company ceasing operations during the investigation, (*id.* ¶ 53); and that the investigation would likely result (and did result) in a significant fine and the loss of BAOS's most significant client, (*id.* ¶¶ 51-52).

BAOS is a Cayman Islands corporation publicly traded on the NASDAQ market as a foreign public issuer. (*Id.* ¶ 5.) Though BAOS is registered as a Cayman Islands entity, its operations are in China and its current and former directors and officers all operate out of China. (*Id.* ¶¶ 5, 11-19.) Defendants Sheng Gong and Yue Jin currently serve on BAOS's board and serve as BAOS's CFO respectively. (*Id.* ¶¶ 11-12.) Yu Zhong, Zuohao Hu, Adam (Xin) He, and Wenxiu Zhong, are former directors of BAOS and were directors at all times relevant to Plaintiffs' Amended Complaint. (*Id.* ¶¶ 13-18.) Defendant Yanjun Hu, at all times relevant to Plaintiffs' Amended Complaint was a significant shareholder of BAOS's stock and had actual control over BAOS in the months before the IPO. (*Id.* ¶ 19.) Though Plaintiffs are not currently aware of any formal position that Yanjun Hu currently holds with BAOS, he is still actively involved in the company's day-to-day operations. (*Id.*)

## II.     THE REALITIES OF SERVING INDIVIDUALS IN CHINA

Serving an individual in China would require Plaintiffs to undergo a complicated, time consuming, and expensive process that carries no guarantee of success. *Sicav v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013). To effect service in this manner, Plaintiffs would first need to obtain the residential addresses of the individual defendants—something courts have widely concluded is difficult. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 264 (S.D.N.Y. 2012) (noting that a plaintiff was quoted $5,000 to *attempt* service on an individual defendant with no guarantee of success). Even if Plaintiffs were to identify the Individual Defendants'

residential addresses, they would then need to translate the complaint and provide it to the

Chinese Ministry of Justice. "Service by the Ministry of Justice may or may not be successful;

when successful, it has been said to take anywhere from four to six months, six to eight months,

or six to 18 months." *Sicav*, 989 F. Supp. 2d at 280 (internal citation omitted); *see also*

*Blackstone Int'l, Ltd. v. Zhejiang Mikia Lighting Co.*, 2021 U.S. Dist. LEXIS 5710, at *8 (D.

Md. Jan. 12, 2021); *Foshan Naibao Elec. Prod. Co. v. Ningbo A-One Indus. Co.*, 2016 U.S. Dist.

LEXIS 2545, at *2 (C.D. Cal. Jan. 7, 2016).

Even if Plaintiffs were to follow this lengthy process, a further amendment to the

complaint while waiting for service from the Chinese Ministry of Justice would risk the Court

finding ineffective service due to the amendment—setting the case back another several months.

*See TCS Capital Mgmt., LLC v. Apax Partners, L.P.*, No. 06-CV-13447 (CM), 2008 U.S. Dist.

LEXIS 19854, at *29 (S.D.N.Y. Mar. 7, 2008).

## III. PLAINTIFFS' EFFORTS TO SERVE THE INDIVIDUAL DEFENDANTS AND LOCATE THEIR ADDRESSES

On Friday, March 1, 2024, Plaintiffs attempted to serve the Individual Defendants

through BAOS's registered agent, Puglisi and Associates, but Puglisi refused to accept service

on the Individual Defendants' behalf. (Declaration of Ian Blodger ("Blodger Decl."), ¶ 2.) On

March 18, 2024, Plaintiffs contacted BAOS's counsel, Hunter Taubman Fischer & Li ("Hunter

Taubman"), to ask whether they would accept service on behalf of the Individual Defendants;

Hunter Taubman declined to accept service on their behalf.  (Blodger Decl. Ex. 1.)

Plaintiffs have made reasonable efforts to locate the Individual Defendants' residential

addresses. On March 19, 2024, Plaintiffs asked Hunter Taubman to provide the addresses of the

Individual Defendants, but Hunter Taubman never responded to Plaintiffs' request. (*Id.*)

Plaintiffs then searched publicly available records using Google, Baidu, and the PRC Ministry of

Public Security database to identify each Individual Defendants' residential address. (Blodger Decl. ¶ 5.) These searches were unsuccessful. (*Id.* ¶ 6.)

## ARGUMENT

## IV.    RULE 4(f)(3) ALLOWS SERVICE BY ANY METHOD NOT PROHIBITED BY INTERNATIONAL AGREEMENT OR THE DUE PROCESS CLAUSE

Federal Rule of Civil Procedure 4(f)(3) grants this Court broad discretion to permit service by any means that gives the defendant constitutionally required notice. Fed. R. Civ. P. 4(f) governs the service of process on any individual "not within any judicial district of the United States." Subsection (f)(3) authorizes service "by other means not prohibited by international agreement, as the court orders." Rule 4(f)(3), has only two conditions: "service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Service under Rule 4(f)(3) is neither a "'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Ehrenfeld v. Mahfouz*, 2005 U.S. Dist. LEXIS 4741, at *4 (S.D.N.Y. Mar. 23, 2005) (quoting *Rio Props.*, 284 F.3d at 1015)).

Besides the requirements established by Rule 4(f)(3), service by alternative means must also satisfy the requirements of the Due Process Clause of the Fourteenth Amendment. For service under Rule 4(f)(3) to satisfy those requirements, the service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Oneida Indian Nation of New York v. Madison County*, 665 F.3d 408, 428 (2d Cir. 2011) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props.*, 284 F.3d at 1016. Here, Plaintiffs seek to serve the BAOS Defendants by (1) serving papers on BAOS's counsel; or (2) serving papers to BAOS's registered agent. For Yanjun Hu and the BAOS Directors for whom Plaintiffs' have a reliable email address, Plaintiffs seek to serve those defendants directly by email. Each of these methods is permitted by Rule 4(f)(3) because they do not violate any international agreement and comply with the Due Process Clause of the U.S. Constitution.

### A.    Service of Process by Alternative Means is Not Prohibited by International Agreement

Plaintiffs' proposed methods of service are not barred by international agreement. While China is a member of the Hague Convention, it does not apply in this case because Defendants' addresses are unknown to Plaintiffs. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."); *see also Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022) ("The Hague Convention does not apply where the address of the person to be served with the document is not known."); *Prediction Co. LLC v. Rajgarhia*, 2010 U.S. Dist. LEXIS 26536, at *5 (S.D.N.Y. Mar. 22, 2010) (granting motion for alternative service under Rule 4(f)(3) because the Hague Convention is "inapplicabl[e]" where the defendant's "address is not known to" the plaintiff.).

Plaintiffs have not attempted to serve the Individual Defendants under the Hague Convention, nor is it necessary to do so before an order under Rule 4(f)(3) is appropriate. *See Arista Records LLC v. Media Servs. LLC*, 2008 U.S. Dist. LEXIS 16485, at *6-*8 (S.D.N.Y. Feb. 25, 2008) (holding that "substituted service pursuant to Rule 4(f)(3) is appropriate" where

plaintiff did not attempt service under the Hague Convention); *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) (rejecting argument that "service must have been attempted under the Hague Convention before alternative service methods can be employed"); *In re LDK Solar Sec. Litig.*, No. C 07-05182 WHA, 2008 U.S. Dist. LEXIS 90702, at *4 (N.D. Cal. June 12, 2008) (granting Rule 4(f)(3) motion where "plaintiffs have not tried to serve any of the unserved defendants [under the Hague Convention] through the Chinese Central Authority, claiming that the procedure is too time-consuming, costly, and potentially fruitless").

## B. Defendants Will Receive Constitutionally Adequate Notice Under Each Proposed Method Of Service

Plaintiffs' proposed methods of service satisfy the Due Process Clause, which requires that any service of process authorized by the court under Rule 4(f)(3) be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Oneida Indian Nation of New York*, 665 F.3d at 428 (*quoting Jones v. Flowers*, 547 U.S. 220, 226 (2006)). Courts regularly find that each of Plaintiffs' proposed methods satisfy the requirements of the Due Process Clause.

### 1. Service on BAOS's Counsel Satisfies Due Process

As an initial matter, serving a company's high-level employees by serving the company is consistent with the Due Process clause. *In re LDK Solar Sec. Litig.*, 2008 U.S. Dist. LEXIS 90702, at *4 (N.D. Cal. June 12, 2008) (permitting service on six director and officer defendants via service on the corporate defendant); *In re China Educ. Alliance, Inc. Sec. Litig.*, CV-10-9239-CAS (JCx), 2011 WL 6846214, at *3 (C.D. Cal. Dec. 29, 2011) (permitting service on two directors via service on the corporate defendant). Accordingly, for the Individual Defendants still serving as a director or officer of the company, namely Yue Jin and Sheng Gong, service on

BAOS will apprise them of the pendency of the action and will afford them the opportunity to present their objections.

Courts regularly permit service by sending the summons and complaint to a defendant's attorney. *See, e.g., Prediction Co. LLC v. Rajgarhia*, 2010 U.S. Dist. LEXIS 26536, at *5 (S.D.N.Y. Mar. 22, 2010) ("Sending a copy of the summons and complaint to [Defendant's attorney] and requesting that [Defendant's attorney] forward the documents to [Defendant] is reasonably calculated to apprise [Defendant] of the pendency of the action and afford him an opportunity to present objections."); *RSM Prod. Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 58194, at *6 (S.D.N.Y. Aug. 10, 2007) (authorizing service on defendant's counsel); *LG Elec. Inc. v. Asko Appliances, Inc.*, No. 08-828 (JAP), 2009 U.S. Dist. LEXIS 53391, at *14 (D. Del. June 23, 2009) (allowing alternative service under Rule 4(f)(3) on defendant's counsel where "the regularity of contact between [counsel] and [defendant] clearly demonstrates that [defendant] is on notice of the contents of the instant action"). Here, BAOS is undoubtedly in contact with Hunter Taubman, its counsel in this action, and so service on its Hunter Taubman is reasonable and sufficient under the Due Process Clause.

### 2.    Service on BAOS's Registered Agent Satisfies Due Process

Courts also permit service on a company's registered agent for current officers and directors. *See, e.g.*, *Rose v. Deer Consumer Prods., Inc.*, 2011 U.S. Dist. LEXIS 150160, at*8 (C.D. Cal. Dec. 29, 2011) (finding that alternative service on individual executive defendants of a Chinese corporate defendant through the corporate defendant's U.S. agent of process was proper because it was not prohibited by the Hague Convention and was "reasonably calculated" to provide notice); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) (granting Rule 4(f)(3) motion to serve an individual Chinese defendants through the registered agent of their employer in the United States). Accordingly, service on BAOS's

registered agent, Puglisi and Associates, is sufficient to give the BAOS Defendants adequate notice.

### 3.    Service by Email Satisfies Due Process

Courts in this district regularly permit service by email for defendants residing in China where email is "is the means most likely to afford notice to the defendants in th[e] action." *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 380 (S.D.N.Y. 2018); *see also Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (granting motion to serve Chinese Defendant by email because it was "reasonable to expect [Defendant] to learn of the suit against it through [its] email address"); *Dama S.P.A. v. Doe*, 2015 U.S. Dist. LEXIS 178076, at *6 (S.D.N.Y. June 12, 2015) ("Plaintiff has demonstrated that completing service of process on these email addresses will provide adequate notice to the Defendants pursuant to Federal Rule of Civil Procedure 4.").

Defendants have discovered email addresses for Yanjun Hu and two of the Director Defendants, Zuohao Hu and Yu Zhong, from reliable, publicly available sources, and it is it is reasonably certain that the these defendants will receive notice if it is sent to those email addresses. Yanjun Hu is the legal representative, controlling shareholder, chairman of board of EJAM GROUP CO., Ltd. ("EJAM"), a Chinese public company, and EJAM's 2022 annual report lists his email address as gs@ejamad.com. (Blodger Decl. ¶ 6.) The inclusion of this email address in his company's annual report suggest that Mr. Hu monitors this email address and is reasonably certain to see any email that is sent to it. Zuohao Hu is a professor at Tsinghua University, and his publicly available faculty page lists his email as huzh@sem.tsinghua.edu.cn. (Blodger Decl. Ex. 3.) It is reasonably certain that Mr. Hu monitors his work email address because it is publicly listed as a way to contact him. Yu Zhong is a lawyer at the Kangda Law Firm, and her publicly available biography lists her email address as

yu.zhong@kangdalawyers.com. (Blodger Decl.  Ex. 2.)  It is reasonably certain that Ms. Zhong

monitors her work email address because it is publicly listed as a way to contact her.

Each of these Defendants is reasonably certain learn of the suit against them by sending

an email to email address publicly associated with them. Accordingly, an order permitting

service by email under Rule 4(f)(3) is appropriate for these Defendants.

## V.    PLAINTIFFS SHOULD BE GRANTED EXPEDITED DISCOVERY TO ATTEMPT TO ASCERTAIN THE REMAINING DIRECTOR DEFENDANTS' CONTACT INFORMATION

For the Director Defendants for whom Plaintiffs were unable to locate an email address,

Plaintiffs seek expedited discovery to learn the contact information that will enable them to serve

those defendants. Specifically, Plaintiffs seek an order authorizing them to serve interrogatories

on BAOS regarding the contact information for Wenxiu Zhong and Adam (Xin) He.

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from

any source before the parties have conferred as required by Rule 26(f), except . . . by court

order." Fed. R. Civ. P. 26(d)(1). This means that "[a]s a general rule, discovery proceedings take

place only after the defendant has been served." *Hey, Inc. v. Twitter, Inc.*, No. 22-MC-80034-

DMR, 2023 U.S. Dist. LEXIS 98590, at *4 (N.D. Cal. June 6, 2023). However, this general rule

has an exception for targeted early discovery "to learn the identifying facts necessary to

permit service on the defendant." *Id.* (*quoting Columbia Ins. Co. v. seescandy.com*, 185 F.R.D.

573, 577 (N.D. Cal. 1999)).

When considering a motion for early discovery, Second Circuit courts apply a "flexible

standard of reasonableness and good cause." *Next Phase Distribution, Inc. v. John Does 1-27*,

284 F.R.D. 165, 171 (S.D.N.Y. 2012); *accord* 8A Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2011) ("Although [Rule 26(d)] does not

say so, it is implicit that some showing of good cause should be made to justify such an order,

and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). Second Circuit courts routinely grant expedited discovery under Rule 26(d) to determine defendants' contact information. *See Off-White LLC v. 9988Ltd-Us KavoUSA Zhuomei-USA*, No. 24 CV 00973, 2024 U.S. Dist. LEXIS 34133, at *17-18 (S.D.N.Y. Feb. 9, 2024) (authorizing expedited discovery to determine "contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses)"); *Cengage Learning v. Xuhong Wang*, 2017 U.S. Dist. LEXIS 233195, at *5 (S.D.N.Y. Sep. 14, 2017) (granting motion for leave to take expedited discovery in order to identify the defendants "current and permanent addresses, email addresses, and any other contact information that can help identify and locate Defendants").

Plaintiffs have good cause for expedited discovery as they have exhausted reasonable efforts to determine the contact information of Wenxiu Zhongand Adam (Xin) He. *See supra* Section III. Where "Plaintiffs have used a variety of methods in an attempt to locate these defendants to no avail," it is "appropriate . . . to grant Plaintiffs limited discovery to attempt to ascertain the locations of all the Unserved Defendants [because n]ot granting Plaintiffs such limited discovery will delay [the] litigation and may ultimately allow some defendants to escape liability." *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. CV 11-2768 PSG (SSx), 2012 U.S. Dist. LEXIS 19389, at *7 (C.D. Cal. Feb. 14, 2012).

## <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court grant leave to:

(1) serve defendant Yue Jin by serving either Hunter Taubman Fischer & Li or Puglisi and Associates;

(2) serve defendant Sheng Gong by serving either Hunter Taubman Fischer & Li or Puglisi and Associates;

(3) serve defendant Yanjun Hu by email at gs@ejmad.com;

(4) serve defendant Yu Zhong by email at yu.zhong@kangdalawyers.com;

(5) serve defendant Zuohao Hu by email at huzh@sem.tsinghua.edu.cn; and

(6) serve interrogatories on BAOS to determine the contact information for defendants Wenxiu Zhong and Adam (Xin) He.

Dated:  April 9, 2024

DORSEY & WHITNEY LLP

By */s/ Ian Blodger*
    Daniel Goldberger
    goldberger.dan@dorsey.com
    51 West 52nd Street
    New York, NY 10019
    Telephone:  (212) 415-9200
    Facsimile:  (212) 953-7201

    Thomas P. Swigert (*NY#* 5858840)
    swigert.tom@dorsey.com
    Michael Rowe (*pro hac vice)*
    rowe.michael@dorsey.com
    Ian Blodger (*pro hac vice*)
    blodger.ian@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Plaintiffs Orient Plus International Limited, Union Hi-Tech Development Limited, and Golden Genius International Limited*