UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORIENT PLUS INTERNATIONAL LIMITED et al., <br><br>　　　　　　　　　　　Plaintiffs, <br><br>　　　　-against- <br><br>BAOSHENG MEDIA GROUP HOLDINGS LIMITED et al., <br><br>　　　　　　　　　　　Defendants. | Case No. 1:24-cv-00744 (JLR) <br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

　　Plaintiffs have sued thirteen corporate and individual defendants alleging violations of federal securities laws. *See* ECF No. 82 (the "Second Amended Complaint" or "SAC") ¶ 1. Plaintiffs successfully served the corporate defendants – Baosheng Media Group Holdings Limited ("BAOS"), Univest Securities, LLC, The Benchmark Company, LLC, WestPark Capital, Inc., Marcum LLP, and Friedman LLP – all of whom have appeared. Plaintiffs now move for leave to serve Sheng Gong, Yu Zhong, Zuohao Hu, Yue Jin, and Yanjun Hu (together with Adam (Xin) He and Wenxiu Zhong, the "Individual Defendants") by alternative means pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3). ECF No. 71 ("Br.") at 1; ECF No. 83 ("Reply"). BAOS opposes the motion. ECF No. 73 ("Opp."). For the reasons stated below, the motion is GRANTED.[1]

---

[1] Plaintiffs argue, as a threshold matter, that BAOS lacks standing to oppose Plaintiffs' motion to serve other defendants. Reply at 1-2. While maintaining that it has standing to challenge this motion, BAOS alternatively requests that the Court consider it an amicus curiae. Opp. at 2-3. In the absence of any other adversarial briefing, the Court has considered BAOS's opposition. *See In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig.*, No. 22-cv-01014 (JHR), 2023 WL 5466333, at *1 n.1 (S.D.N.Y. Aug. 24, 2023) (considering corporate defendant's opposition to motion for alternative service on individual defendants); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (considering corporate defendant an *amicus curiae* and accepting its opposition to motion for alternative service); *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, 11-cv-06746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) ("District courts have broad discretion to permit or deny an

1

## BACKGROUND

On February 1, 2024, Plaintiffs filed their initial complaint, asserting claims under Sections 11, 12, and 15 of the Securities Act of 1933.  ECF No. 1.  In the operative Second Amended Complaint, Plaintiffs allege, among other things, that BAOS failed to disclose in its registration statement that BAOS was under investigation by the Chinese government in the months before its IPO; that this investigation caused the company to "essentially shut down" operations in the months leading up to the IPO; and that the investigation would likely result (and did result) in a large fine and the loss of BAOS's most significant client.  SAC ¶¶ 51-54.

Although BAOS is registered as a corporation in the Cayman Islands, its current and former directors and officers are all based in China.  *Id.* ¶¶ 5, 11-12, 15-18.  Of the seven Individual Defendants, two are current BAOS employees or directors: Yue Jin serves as BAOS's Chief Financial Officer and Sheng Gong serves as a director on BAOS's board (together, the "BAOS Defendants").  *Id.* ¶¶ 12, 18.  Four of the Individual Defendants are former directors of BAOS: Yu Zhong, Zuohao Hu, Adam (Xin) He, and Wenxiu Zhong (together, the "Director Defendants").  *Id.* ¶¶ 11, 15-17.  The remaining Individual Defendant, Yanjun Hu, is a BAOS shareholder.  *Id.* ¶ 19.[2]

On March 1, 2024, Plaintiffs served BAOS through its registered agent in the United States.  ECF No. 69 ("Blodger Decl.") ¶ 2.  The process server also attempted to serve the Individual Defendants through the same registered agent, which refused to accept service on their behalf.  *Id.*  On March 18, 2024, Plaintiffs asked BAOS's then-counsel if he would

---

appearance as amicus curiae in a case.").

[2] The Second Amended Complaint alludes to two other defendants, Kun Zhang and Weitao Liang.  SAC ¶¶ 13-14.  But Plaintiffs do not include them in their list of defendants, *see id.* at 1, allege any counts against them, *see id.* at 16-23, or seek to serve them by alternative means, *see generally* Br.

2

accept service on behalf of the Individual Defendants. *Id.* ¶ 3.[3] BAOS's counsel declined. *Id.*; *see* ECF No. 69-1 at 1-3 (email exchange). The next day, Plaintiffs asked BAOS's counsel to provide the addresses of the Individual Defendants, but BAOS's counsel did not respond until a month later – after Plaintiffs filed the instant motion for alternate service. Blodger Decl. ¶ 4; ECF No. 74 ¶¶ 2-3. On March 20, 2024, Plaintiffs searched publicly available records – using Google, Baidu, and the PRC Ministry of Public Security's database – for the Individual Defendants' contact information. Blodger Decl. ¶ 5. Through these efforts, Plaintiffs found work email addresses for Yu Zhong, Zuohao Hu, and Yanjun Hu. *See id.* ¶ 7. However, they did not find email addresses for the other Individual Defendants, or residential addresses for anyone. *Id.* ¶¶ 6-7.

On March 28, 2024, BAOS filed a Form 6-K with the Securities and Exchange Commission, in which BAOS disclosed its receipt of the complaint in this case, described the claims asserted and stated that it "intends to defend the matter vigorously." ECF No. 84-1 ("Form 6-K") at 3.

Plaintiffs moved for alternate service on April 9, 2024. Br. The motion is fully briefed. Opp.; Reply.[4]

## DISCUSSION

Plaintiffs request permission to serve the Individual Defendants, believed to live in

---

[3] At the time, BAOS was represented by Mark Hunter, a lawyer at Hunter Taubman Fischer & Li. *See* Blodger Decl. ¶ 3. BAOS has since replaced its counsel with Warren Gluck, a lawyer at Holland & Knight LLP. ECF No. 90.

[4] Plaintiffs requested oral argument via a notation on their reply brief. The Court declines this request because the parties' briefing was sufficient and oral argument would not materially assist the Court. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").

China, by alternate methods pursuant to Rule 4(f)(3), and for expedited discovery. Br. at 1. Specifically, Plaintiffs seek authorization for: (1) alternate service for the BAOS Defendants through BAOS's counsel or registered agent; (2) alternate service through email for Yu Zhong, Zuohao Hu, and Yanjun Hu; and (3) expedited discovery to determine the email addresses for Wenxiu Zhong and Adam (Xin) He, the two Director Defendants for whom Plaintiffs lack contact information. *Id.*

Rule 4(f) provides three methods of service of an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) "a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). Under the third method, Rule 4(f)(3), "a court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted); *accord United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023). In evaluating whether alternative service is appropriate, courts in this Circuit generally consider whether (1) the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) the circumstances are such that the court's intervention is necessary. *See Mrvic*, 652 F. Supp. 3d at 412. With this framework in mind, the Court turns to Plaintiffs' proposed service for each of the Individual Defendants.

## I. The Proposed Means of Service Are Not Prohibited By International Agreement

China is a signatory to the Hague Convention. *See Smart Study Co. v. Acuteye-US*,

620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022).  Thus, to be permissible under Rule 4(f)(3), Plaintiffs' proposed alternative service must not be prohibited by the Hague Convention.  *See id.*

First, Plaintiffs propose serving the BAOS Defendants through BAOS's U.S.-based counsel or its registered agent.  *See* Br. at 1; Reply at 2-6.  BAOS argues that Plaintiffs must serve the BAOS Defendants (and the other Individual Defendants) through the Hague Convention.  *See* Opp. at 6.  But the Hague Convention does not apply where service is made on a foreign citizen's agent within the United States.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).  "Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague] Convention has no further implications."  *Id.*  "The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service."  *Id.*  Because no judicial document is transmitted for service abroad by serving BAOS's domestic agents, the Hague Convention does not apply, "even though it was obvious that the domestic agent would ultimately transmit the service documents to the defendant in the foreign country."  *GLG*, 287 F.R.D. at 266 n.7; *see Schlunk*, 486 U.S. at 707 ("Whatever internal, private communications take place between the agent and a foreign principal are beyond the concerns of this case.").

BAOS further argues that, because it recently provided Plaintiffs with the residential addresses of the BAOS Defendants, Plaintiffs must attempt to serve them through the Hague Convention.  Opp. at 6, 8.  However, "nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service" under an international agreement "before granting an order permitting alternative service under Rule 4(f)(3)."  *GLG*, 287 F.R.D. at 266.  "There is no hierarchy among the subsections in Rule 4(f), and a plaintiff is not required to attempt service through the other provisions

5

of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Doe v. Hyassat*, 342 F.R.D. 53, 58 (S.D.N.Y. 2022) (brackets, quotation marks, and citations omitted). Therefore, BAOS's belated response to Plaintiffs' request for addresses, issued weeks after Plaintiffs filed the instant motion, does not "moot" Plaintiffs' request for alternative service on the BAOS Defendants. Opp. at 9; *see GLG*, 287 F.R.D. at 267 (permitting service on individuals through the company's counsel where "the attorneys for the corporation for which [the unserved defendant] is the Chief Executive Officer withheld his service address from plaintiffs for many months, releasing what purports to be his address . . . only after plaintiffs had gone through the expense of filing the instant motion" (citation omitted)).

Second, Plaintiffs propose serving by email Yu Zhong, Zuohao Hu, and Yanjun Hu, former directors and a shareholder, respectively. Br. at 1. BAOS argues that the Hague Convention prohibits service by email on litigants located in China. Opp. at 11-13. While BAOS are correct on this point of law, *see Smart Study*, 620 F. Supp. 3d at 1393, the Hague Convention does not apply where, as here, "the address of the person to be served with the document is not known," *id.* at 1390 (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-cv-01112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). An address is not known if the plaintiff "exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Shen*, 2018 WL 4757939, at *4. Here, Plaintiffs exercised such diligence in trying, and failing, to locate home addresses for Yu Zhong, Zuohao Hu, and Yanjun Hu. As noted above, Plaintiffs asked BAOS's counsel for this information and searched publicly available records using Google, Baidu, and the PRC Ministry of Public Security's database. Blodger Decl. ¶¶ 4-5. Therefore, the home addresses of these Individual Defendants are unknown, and the Hague Convention's prohibition on service via email on litigants in China does not apply to them.

6

BAOS argues that Plaintiffs should have done more to discover the Individual Defendants' home addresses.  *See* Opp. at 10-11 (citing *Shen*, 2018 WL 4757939, at *4; and *Microsoft Corp v. Does 1-2*, No. 20-cv-01217 (LDH) (RER), 2021 WL 4755518 (E.D.N.Y. May 28, 2021), *report and recommendation adopted*, 2021 WL 4260665 (E.D.N.Y. Sept. 20, 2021)).  Yet the cases cited for this point presented situations where the unserved defendants were operating online businesses.  Many of the steps taken to uncover the defendants' physical addresses in that context – such as researching websites associated with the defendants, "complet[ing] multiple Internet-based searches, call[ing] known phone numbers, and conduct[ing] in-person visits," *Shen*, 2018 WL 4757939, at *4, or issuing "subpoenas to the relevant domain registrars and email providers," *Microsoft*, 2021 WL 4755518, at *3 – are inapplicable here.  Moreover, those cases held only that the plaintiffs' investigations were sufficiently diligent; they did not set a floor for what constitutes reasonable diligence.  In any event, Plaintiffs took some of the steps that Defendants recommend: they reviewed BAOS's filings for identifying information on the defendants, then used that information to tailor their multiple online searches.  Blodger Decl. ¶ 5.  In sum, Plaintiff conducted a reasonably diligent investigation here.

Therefore, the Court holds that the Hague Convention does not prohibit either of Plaintiffs' proposed means of service on the Individual Defendants.

## II. The Proposed Means of Service Comport With Due Process

"In absence of any international agreement to the contrary, the issue is, then, whether service would comport with constitutional due process."  *Mrvic*, 652 F. Supp. 3d at 412 (ellipsis and citation omitted).  "A court must determine that the proposed method of service is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate

opportunity to be heard." *Id.* (ellipsis omitted) (quoting *Hyassat*, 342 F.R.D. at 58); *accord GLG*, 287 F.R.D. at 267.

### A. Service on BAOS's Domestic Agents

Serving the BAOS Defendants through BAOS's counsel or its registered agent comports with due process. BAOS argues that Plaintiffs have not shown adequate communication between the BAOS Defendants and BAOS's counsel such that service on the latter is reasonably likely to put the former on notice of this action. Opp. at 4-5. But "[c]ourts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013); *see, e.g.*, *GLG*, 287 F.R.D. at 267 ("[I]t is impossible to imagine that a corporation's attorney would not advise the corporation's Chairman and Chief Executive Officer of the fact that service destined for that officer had been made upon its attorney. . . . The same is true for service on [the corporation] itself: obviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him."). "Even if the [BAOS Defendants] are not actively involved in directing the litigation, their close connection to [BAOS] makes it all but certain that when [they] are served through [Holland & Knight], they will receive notice of the suit." *In re New Oriental*, 2023 WL 5466333, at *3 (citation omitted); *see id.* at *3 n.6 (concluding that a CFO, like a CEO or Board Chairman, would also receive notice of a suit when served through the company); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) (unserved officers and directors will receive notice of the suit when served through the company's

8

counsel or its agent).[5]

Even if such a presumption did not exist, the suggestion that the BAOS Defendants do not have actual notice of the lawsuit against them makes little sense in light of BAOS's Form 6-K. *See* Opp. at 2. Given that the Form 6-K describes the instant action as a "Material Legal Proceeding," BAOS's CEO, who signed the Form 6-K, would almost certainly have informed BAOS's directors and officers, including the BAOS Defendants, of the lawsuit. Form 6-K at 3-4 (emphasis omitted); *see In re Graña y Montero S.A.A. Sec. Litig.*, No. 17-c-01105 (JMA) (ARL), 2019 WL 259778, at *5 (E.D.N.Y. Jan. 9, 2019) ("In those cases [permitting service on domestic counsel], courts typically focus on whether the defendant had actual notice of the law suit and concluded that such notice would satisfy any due process concerns." (citation omitted)), *report and recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019).

### B. Email Service

Serving Yu Zhong, Zuohao Hu, and Yanjun Hu by email similarly comports with due process because it is reasonably certain that these defendants will receive notice of the lawsuit if Plaintiffs send it to the email addresses that they discovered. "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Agrana Fruit US, Inc. v. Ingredientrade Inc.*, No. 23-cv-10147 (ALC) (GS), 2024 WL 773643, at *4 (S.D.N.Y. Feb. 26, 2024) (citation omitted). "As a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the

---

[5] Similarly, service on the employer's registered domestic agent is presumed sufficient to put a high-level officer of that company on notice of the pending lawsuit. *See GLG*, 287 F.R.D. at 268 (permitting service of CEO by serving the company's counsel and its registered domestic agent); *Stream SICAV*, 989 F. Supp. 2d at 281 (granting motion for alternative service on corporate employer's registered domestic agent and its counsel of record).

summons and complaint at the given email address." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (quotation marks and citations omitted).

Here, Plaintiffs have made a sufficient showing that Yu Zhong, Zuohao Hu, and Yanjun Hu would be likely to receive the Second Amended Complaint and summons at the proposed e-mail addresses. Yu Zhong is a lawyer at the Kangda Law Firm, which lists her work email as part of her biography on the law firm's public website. Blodger Decl. ¶ 7. Zuohao Hu is a professor at Tsinghua University, which lists his work email on his public faculty page. *Id.* Yanjun Hu is chairman of a Chinese public company that listed his email address in its 2022 annual report. *Id.* That these email addresses are listed publicly as a way to contact the defendants suggests that they continue to use these email addresses today and would see any email sent to them, including notice of the instant action. *See, e.g.*, *In re Coudert Bros. LLP*, No. 16-cv-08248 et al. (KMK), 2020 WL 373838, at *2 (S.D.N.Y. Jan. 23, 2020) (allowing service by email where the plaintiff obtained the defendant's email address from his professional biography on his employer's website).

### III. Service By the Proposed Means Is Warranted Here

Because service through the proposed means would not violate an international agreement and would comport with due process, Rule 4(f)(3) allows it. The final question, then, is whether the Court should exercise its discretion to order it. Courts in this Circuit generally require a plaintiff first to reasonably attempt service and then to show that the court's intervention is necessary to achieve it, *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012), but the issue is left to the individual court's broad discretion, and "each case must be judged on its facts," *GLG*, 287 F.R.D. at 266.

Here, Plaintiffs have taken reasonable steps to effect service on the Individual Defendants. As described above, Plaintiffs hired a process server that attempted,

unsuccessfully, to serve the Individual Defendants through BAOS's registered agent. Blodger Decl. ¶ 2. Plaintiffs also asked BAOS's counsel if he would accept service on behalf of the Individual Defendants. *Id.* ¶ 3. This attempt failed, too. *Id.* Plaintiffs have also articulated good reasons why they need the Court's intervention to serve the Individual Defendants. To serve a defendant in China, a plaintiff must provide the defendant's address and the translated complaint to the Chinese Ministry of Justice. *See* Br. at 2-3. "Service by the Ministry of Justice may or may not be successful; when successful, it has been said to take anywhere from four to six months, six to eight months, or six to 18 months." *Stream SICAV*, 989 F. Supp. 2d at 280 (citations omitted). Since the filing of their initial complaint on February 1, 2024, Plaintiffs have already amended their complaint twice. *See* ECF No. 26; SAC. Were Plaintiffs to pursue service through the Chinese Ministry of Justice and then further amend their complaint, the need to re-serve amended pleadings would require that Plaintiffs begin anew in attempting service. *See Stream SICAV*, 989 F. Supp. 2d at 280.

Given these circumstances, the Court concludes that Plaintiffs have demonstrated that this Court's intervention is necessary and that alternative service is warranted. *See GLG,* 287 F.R.D. at 266 ("Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)."). The Court sees no reason to slow the progress of this case by ordering service through the Convention when Plaintiffs' proposed means of service will be just as reliable, if not more so.

## IV. Expedited Discovery

Finally, the Court turns to Plaintiffs' request for expedited discovery to assist in effectuating service on former directors Wenxiu Zhong and Adam (Xin) He. The Private Securities Litigation Reform Act (the "PSLRA") provides that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of

11

any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The purpose of the discovery stay is to minimize plaintiffs' incentives to bring frivolous securities class actions in the hopes that defendants will settle those actions rather than bear the high cost of discovery, or that discovery will reveal some sustainable claim not known or alleged in the original complaint. *See Vacold LLC v. Cerami*, No. 00-cv-4024 (AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001). Although the Second Circuit has not yet interpreted the PSLRA's discovery-stay provision, some courts in this District have lifted the statute's discovery stay where the failure to permit discovery might "unfairly insulate defendants from liability for securities fraud as alleged by plaintiffs in the Complaint." *Id.* at *7; *see Glob. Intellicom, Inc. v. Thomson Kernaghan & Co.*, No. 99-cv-00342 (DLC), 1999 WL 223158, at *2 (S.D.N.Y. Apr. 16, 1999) (plaintiff had "made a showing of undue prejudice to justify taking particularized discovery," without which plaintiff might have been prevented from seeking redress for the alleged violations).

Here, Plaintiffs seek to lift the discovery stay for the limited purpose of obtaining the contact information of Wenxiu Zhong and Adam (Xin) He so that they may be served. *See* Reply at 9. This limited discovery would not contravene the purpose of the PSLRA's discovery stay because Plaintiffs could not use the information retrieved to coerce an early settlement or to discover support for some unalleged claim. *See Vacold*, 2001 WL 167704, at *6. Rather, the undue prejudice in this case is "a substantial delay in this lawsuit that might ultimately result in a defendant escaping liability notwithstanding plaintiffs' ability to state a claim against each defendant even without the discovery." *In re China Educ. All., Inc. Sec. Litig.*, No. 10-cv-09239, 2011 WL 3715969, at *4 (C.D. Cal. Aug. 22, 2011) (brackets and citation omitted). Plaintiffs have "used a variety of methods in an attempt to locate these

defendants to no avail," such that the failure to allow discovery on the limited issue of Wenxiu Zhong's and Adam (Xin) He's contact information may unfairly insulate them from liability. *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. 11-cv-2768, 2012 WL 538267, at *3 (C.D. Cal. Feb. 14, 2012) (granting "limited discovery to attempt to ascertain the locations of all the Unserved Defendants" because "[n]ot granting Plaintiffs such limited discovery will delay this litigation and may ultimately allow some defendants to escape liability"); *China Educ. All.*, 2011 WL 3715969, at *4 (same). Moreover, BAOS will face little to no burden in complying with this discovery request. Therefore, the Court lifts the discovery stay in this case for the limited purpose of serving interrogatories on BAOS to ascertain the contact information of former directors Wenxiu Zhong and Adam (Xin) He.

## CONCLUSION

As explained, the Court GRANTS Plaintiffs' motion for alternative service and expedited discovery. The Court grants Plaintiffs leave to:

(1) serve defendants Yue Jin and Sheng Gong by serving either BAOS's U.S. counsel or its registered agent;

(2) serve defendants Yanjun Hu, Yu Zhong, and Zuohao Hu by email; and

(3) serve interrogatories on BAOS to determine the contact information for defendants Wenxiu Zhong and Adam (Xin) He.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67.

Dated: May 22, 2024
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge