**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited, <br><br> Plaintiffs, <br><br> vs. <br><br> Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP, <br><br> Defendants. | Civil Action No. 1:24-cv-00744-JLR |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS**</u>
<u>**WENXIU ZHONG, SHENG GONG, YU ZHONG, ZUOHAO HU,**</u>
<u>**ADAM (XIN) HE, YUE JIN, AND YANJUN HU'S**</u>
<u>**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

# TABLE OF CONTENTS

I.      **INTRODUCTION**.....................................................................................................1

II.    **STATEMENT OF FACTS**......................................................................................2

III.   **STANDARD OF REVIEW** ....................................................................................3

IV.   **ARGUMENT** ............................................................................................................4

    A.    **The Court Does Not Have Personal Jurisdiction Over Yu Zhong, Zuohao Hu, Adam (Xin) He (The Independent Directors) or Yanjun Hu** ............................4

    B.    **Plaintiffs' Claims Against the Individual Defendants are Time-Barred** ..........7

    C.    **The SAC Does Not Plausibly Allege that the Investigation was Material** ........9

    D.    **The SAC Should be Dismissed as There is No Duty to Disclose Government Investigations** ....................................................................................................11

    E.    **The SAC Should be Dismissed as the Risks Underlying the SAC's Allegations Were Disclosed** ...............................................................................................13

    F.    **Plaintiffs' Own Allegations Negate Causation** ...............................................14

    G.    **Plaintiffs' Section 15 Claims Must Be Dismissed for Failure to Plead Control Person Liability** ...............................................................................................16

         a.    *Plaintiffs' Have Not Sufficiently Alleged a Primary Violation under Sections 11 or 12 Against Any of the Individual Defendants* ................16

         b.    *Plaintiffs' Have Not Sufficiently Alleged Control Person Liability as to Defendants Yu Zhong, Zuohao Hu, Adam (Xin) He (the Independent Directors), and Yanjun Hu* ................................................16

    H.    **Plaintiffs Fail to Satisfy Rule 8(a) or 9(b)'s Pleading Standard** ....................21

         a.    *Plaintiffs Fail to Satisfy Rule 8(a)'s Pleading Standard* ........................21

         b.    *Plaintiffs Fail to Satisfy Rule 9(b)'s Pleading Standard* ........................22

III.   **Conclusion** ............................................................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.I. Trade Fin., Inc. v. Petra Bank*,
989 F.2d 76 (2d Cir. 1993)....................................................................................5

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
529 F. Supp. 3d 111 (S.D.N.Y. 2021)................................................................6, 7

*In re Alibaba Grp. Holding Ltd. Sec. Litig.*,
No. 20 CIV 9568, 2023 WL 2601472 (S.D.N.Y. Mar. 22, 2023) ...........................6

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
671 F.3d 140 (2d Cir. 2011)..................................................................................4

*Asay v. Pinduoduo Inc.*,
18-cv-7625, 2020 WL 1530745 (S.D.N.Y. Mar. 30, 2020), *aff'd*, 2021 WL
3871269 (2d Cir. Aug. 31, 2021)..........................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................3, 21

*In re Banco Bradesco S.A. Sec. Litig.*,
277 F. Supp. 3d 600 (S.D.N.Y. 2017)..................................................................12

*Banerjee v. Zhangmen Educ. Inc.*,
No. 21-cv-9634 (JPO), 2023 WL 2711279 (S.D.N.Y. Mar. 30, 2023) ..................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................3

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
No. 12 CIV. 9258 ALC MHD, 2014 WL 1331046 (S.D.N.Y. Mar. 31, 2014)....................5, 6

*In re BioScrip, Inc. Sec. Litig.*,
95 F. Supp. 3d 711 (S.D.N.Y. 2015)................................................................17, 20

*In re Braskem S.A. Sec. Litig.*,
246 F. Supp. 3d 731 (S.D.N.Y. 2017)....................................................................6

*Chen v. X Fin.*,
No. 19-cv-6908, 2021 WL 7449851 (E.D.N.Y. Dec. 9, 2021)................................9

*Chloe v. Queen Bee of Beverly Hills, LLC*,
616 F.3d 158 (2d Cir. 2010)..................................................................................5

iii

*City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
450 F. Supp. 3d 379 (S.D.N.Y. 2020)...................................................................18

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
928 F. Supp. 2d 705 (S.D.N.Y. 2013).................................................................17, 18, 20

*Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*,
433 F. Supp. 3d 515 (S.D.N.Y. 2020)...................................................................11

*Cross v. 21st Century Holding Co.*,
00-cv-4333, 2001 WL 34808272 (S.D.N.Y. Aug. 6, 2001) .......................................9

*Davidoff v. Farina*,
2005 WL 2030501 (S.D.N.Y. Aug. 22, 2005).......................................................13

*In re Deutsche Telekom AG Sec. Litig.*,
00-civ-9475, 2002 WL 244597 (S.D.N.Y. Feb. 20, 2002) .....................................19

*Dodds v. Cigna Sec., Inc.*,
12 F.3d 346 (2d Cir. 1993)..................................................................................7

*ECA & Local 134 Ibew Joint Pension Trust v. JP Morgan Chase Co.*,
553 F.3d 187 (2d Cir. 2009)................................................................................10

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
308 F. Supp. 2d 249 (S.D.N.Y. 2004)...................................................................10

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
352 F. Supp. 2d 429 (S.D.N.Y. 2005)...................................................................19

*In re Fuwei Films Sec. Litig.*,
634 F. Supp. 2d 419 (S.D.N.Y. 2009)...................................................................22

*Gilbert v. Indeed, Inc.*,
513 F. Supp. 3d 374 (S.D.N.Y. 2021)...................................................................3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
No. 02 CIV. 910 (GEL), 2005 WL 2990646 (S.D.N.Y. Nov. 7, 2005)...................20

*Ho v. Duoyuan Glob. Water, Inc.*,
887 F. Supp. 2d 547 (S.D.N.Y. 2012)...................................................................7, 18

*Jiajia Luo v. Sogou, Inc.*,
465 F. Supp. 3d 393 (S.D.N.Y. 2020)...................................................................14, 23

*In re Jumei Int'l Holding Ltd. Sec. Litig.*,
No. 14-cv-9826, 2017 WL 95176 (S.D.N.Y. Jan. 10, 2017) .................................22

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
  650 F.3d 167 (2d Cir. 2011)............................................................................16, 17

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012)....................................................................................5

*In re Lions Gate Ent. Corp. Sec. Litig.*,
  165 F. Supp. 3d 1 (S.D.N.Y. 2016) ....................................................................11

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000)..................................................................................4

*In re Marsh & Mclennan Companies, Inc. Sec. Litig.*,
  501 F. Supp. 2d 452 (S.D.N.Y. 2006)..................................................................12

*In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*,
  272 F. Supp. 2d 243 (S.D.N.Y. 2003)..............................................................12, 13

*In re MINISO Grp. Holding Ltd. Sec. Litig.*,
  No. 22-cv-9864, 2024 WL 759246 (S.D.N.Y. Feb. 23, 2024) .................................15

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010)..................................................................................9

*Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*,
  538 F. Supp. 2d 662 (S.D.N.Y. 2008)..................................................................11

*Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*,
  No. 14-civ-9443, 2017 WL 1192888 (S.D.N.Y. Mar. 29, 2017)....................................11, 21

*In re Refco, Inc. Sec. Litig.*,
  503 F. Supp. 2d 611 (S.D.N.Y. 2007)..................................................................23

*Richman v. Goldman Sachs Grp., Inc.*,
  868 F. Supp. 2d 261 (S.D.N.Y. 2012)..................................................................12

*Rombach v. Chang*,
  355 F.3d 164 (2d Cir. 2004)..............................................................................22, 23

*In re Satyam Computer Servs. Ltd. Sec. Litig.*,
  915 F. Supp. 2d 450 (S.D.N.Y. 2013)..................................................................17

*SEC v. First Jersey Sec., Inc.*,
  101 F.3d 1450 (2d Cir. 1996)................................................................................17

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
  774 F. Supp. 2d 584 (S.D.N.Y. 2011)..................................................................15

*Steadman v. Citigroup Glob. Markets Holdings Inc.*,
   592 F. Supp. 3d 230 (S.D.N.Y. 2022) ...................................................................................9

*Tamam v. Fransabank Sal*,
   677 F. Supp. 2d 720 (S.D.N.Y. 2010) ...................................................................................4

*Thomas v. Citigroup Glob. Markets Holdings Inc.*,
   No. 21-cv-3673, 2022 WL 1051158 (S.D.N.Y. Mar. 1, 2022), *report and*
   *recommendation adopted as modified,* No. 21-cv-3673, 2022 WL 951112
   (S.D.N.Y. Mar. 30, 2022) ......................................................................................................8

*In re TVIX Sec Litig.*,
   25 F. Supp. 3d 444 (S.D.N.Y. 2014) ....................................................................................11

*Yukos Cap. S.A.R.L. v. Feldman*,
   No. 15-cv-4964, 2016 WL 209491 (S.D.N.Y. Jan. 13, 2016) ...............................................4

Defendants Wenxiu Zhong, Sheng Gong, Yu Zhong, Zuohao Hu, Adam (Xin) He, Yue Jin, and Yanjun Hu (the "**Individual Defendants**")[1] submit this Memorandum of Law in support of their Motion to Dismiss, pursuant to Federal Rules of Civil Procedure ("**Rule**") 12(b)(1), 12(b)(2), and 12(b)(6) to dismiss the Second Amended Complaint ("**SAC**;" ECF 82) filed by Plaintiffs Orient Plus International Limited, Union Hi-Tech Development Limited, and Golden Genius International Limited ("**Plaintiffs**").

## I.      INTRODUCTION

The SAC should be dismissed with prejudice because Plaintiffs do not plead facts sufficient to state claims against the Individual Defendants under Sections 11 or 15 of the Securities Act of 1933 ("**Securities Act**").

Plaintiffs' allegations center around a mysterious Chinese Government investigation that was allegedly omitted from the Baosheng Media Group Holdings Limited ("**Baosheng**") Registration Statement which became effective over three years ago on February 5, 2021 (the "**Registration Statement**;" ECF 98-2), as well as Baosheng's February 9, 2021 Prospectus (the "**Prospectus**;" ECF 102-1) for its initial public offering ("**IPO**"). This unknown investigation allegedly caused the loss of Baosheng's main customer *after Plaintiffs purchased shares in Baosheng in 2021*.

Somehow, the Individual Defendants — including Yu Zhong, Zuohao Hu, Adam (Xin) He (the "**Independent Directors**") who did not personally sign the Registration Statement, and Yanjun Hu who did not sign the Registration Statement and was not a Baosheng director or officer

---

[1] Wenxiu Zhong was the then CEO and Chairman of the Board. Sheng Gong served as a Director of the Board of Directors. Yu Zhong, Zuohao Hu, and Adam (Xin) He served as Independent Directors. Yue Jin was the CFO in the relevant time period. Yanjun Hu never served as a director or officer of Baosheng.

— directed that material information be withheld from the Registration Statement to induce Plaintiffs to buy shares in Baosheng. Excluding the fact that the alleged Chinese Government investigation that was omitted did not need to be disclosed in SEC filings and that Baosheng did not suffer damages by losing its top customer until after the Registration Statement and Prospectus were filed, any and all risks related to Baosheng potentially losing its top customer *were disclosed*. Moreover, Plaintiffs have admitted in a litigation in the Cayman Islands that the losses were not due to an investigation, but rather due to Baosheng losing a customer after the customer did not renew its contract.

Aside from Plaintiffs' facts being so vague as to not put the Individual Defendants on actual notice of their alleged wrongdoing, these claims that allegedly arose in 2021 are barred by the statute of limitations. Further, this Court does not have personal jurisdiction over the Independent Directors and Yanjun Hu as they did not direct any actions into the State of New York.

## II.     STATEMENT OF FACTS

For the sake of brevity, and as the Court is already well versed in the facts of this dispute, Defendants rely on the Facts stated in Defendant Baosheng Media Group Holdings Limited's Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint ("**Baosheng MTD**;" ECF 99). *See* Baosheng MTD at 3-8. The Baosheng MTD arguments are adopted where appropriate and equally applicable to the Individual Defendants.

The Independent Directors did not become independent directors until the week of the Registration Statement becoming effective. *See* ECF 102 at 120. The Independent Directors did not personally sign the Registration Statement, and Yanjun Hu did not sign any SEC filings as he was not a Baosheng director or officer. *See* ECF 98-2 at 4; *see also* SAC at ¶¶ 15-19, 25-26. The pleadings seemingly admit that none of the directors are domiciled in New York. *See* SAC at ¶¶ 15-

19. Indeed, all but one of the Independent Directors and Yanjun Hu are citizens of and reside in China. *See* SAC at ¶¶ 15-19; *See* Declaration of Adam (Xin) He filed herewith ("**He Decl.**") at ¶ 3; *see* Declaration of Zuohao Hu ("**Zuohao Hu Decl.**") at ¶ 3; *see* Declaration of Yanjun Hu ("**Yanjun Hu Decl**.") filed herewith at ¶ 2. Adam (Xin) He resides in Chicago. *See* He Decl. at ¶ 3. None of the Independent Directors or Yanjun Hu have any contact with the State of New York with the exception of visiting New York for reasons unrelated to Baosheng. *See* He Decl. at ¶ 2; Zuohao Hu. Decl. at ¶ 3; Yanjun Hu Decl. at ¶ 2.[2]

## III.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

It is not enough for plaintiffs to allege facts that are consistent with liability; the complaint must "nudge[] their claims across the line from conceivable to plausible" and the "allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007); *see also Ashcroft,* 556 U.S. at 678 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.").

Under Rule 12(b)(2) the Court "must dismiss the action against any defendant over whom it lacks personal jurisdiction." *Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 391 (S.D.N.Y. 2021) (citations omitted). "'[C]onclusory non-fact-specific jurisdictional allegations' or a 'legal

---

[2] Yu Zhong resides in China and has no contacts with New York. Her declaration was not received by the date of filing.  To the extent the Court requires it, we will submit a declaration on her behalf.

conclusion couched as a factual allegation' will not establish a *prima facie* showing of jurisdiction." *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (citation omitted).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The burden is on the plaintiff to establish standing, and the plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (citations omitted).

## IV.    ARGUMENT

The Court should dismiss the SAC pursuant to Rule 12(b)(1), 12(b)(2), and 12(b)(6) as (i) the Court does not have personal jurisdiction over the Independent Directors and Yanjun Hu; (ii) the claims are time barred by the applicable statute of limitations; (iii) Plaintiffs' allegations fail to plead how the alleged Chinese Government's investigation was material; (iv) there is no requirement that the alleged Chinese investigation be disclosed in SEC filings; (v) the risks allegedly omitted were disclosed in multiple SEC filings; (vi) Plaintiffs' own allegations in a parallel proceeding negate causation; (vii) Plaintiffs fail to plead an underlying violation or control person liability under Section 15; and (viii) Plaintiffs' claims fail to satisfy either Rule 8(a)'s or 9(b)'s pleading standards.

### A.  The Court Does Not Have Personal Jurisdiction Over Yu Zhong, Zuohao Hu, Adam (Xin) He (The Independent Directors) or Yanjun Hu

At the motion to dismiss stage, "the plaintiff bears the burden of showing jurisdiction." *Yukos Cap. S.A.R.L. v. Feldman*, No. 15-cv-4964, 2016 WL 209491, at *1 (S.D.N.Y. Jan. 13, 2016). The analysis regarding whether to exercise jurisdiction over an out of state defendant "has

two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). While courts must construe the jurisdictional allegations "in the light most favorable to the plaintiff[,]" *see A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir. 1993), the Court need not accept legal conclusions as true, nor will it draw "argumentative inferences" in either party's favor. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (internal quotation omitted).

Neither the Independent Directors nor Yanjun Hu personally signed the Registration Statement, performed any acts in New York, or directed any acts into New York. Minimum contacts are addressed by Plaintiffs as a legal conclusion with no related allegations (SAC at ¶¶ 25-26) and is rebutted by Plaintiffs' own allegations that all of the Independent Directors and Yanjun Hu are citizens of and reside in China. *Id*. at ¶ 15-19. As is clear from the pleadings and attached declarations, the Independent Directors and Yanjun Hu do not have sufficient contacts with New York and did not direct any actions into New York that would grant New York courts' jurisdiction over them. *See* He Decl. at ¶ 2; Zuohao Hu. Decl. at ¶ 3; Yanjun Hu Decl. at ¶ 2; *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 CIV. 9258 ALC MHD, 2014 WL 1331046, at *2 (S.D.N.Y. Mar. 31, 2014) ("On a motion to dismiss for lack of personal jurisdiction, the Court may consider affidavits submitted by the parties.") (citing cases). Forcing the Independent Directors and Yanjun Hu to litigate in New York when they have no minimum contacts with New York is unreasonable and unduly burdensome.

All of the allegations of jurisdiction regarding the Independent Directors and Yanjun Hu are vague and generalized. The only allegations against Yanjun Hu regarding jurisdiction confusingly state that he had some unknown form of control over Baosheng when the Registration Statement became effective (which somehow overlapped with the other Individual Defendants'

control). *See* SAC at ¶¶ 26, 49. Likewise, the allegations against the Independent Directors state with a lack of particularity that they had control over the contents of the filings and directed the filings towards United States' investors. *Id*. at 25. These "sweeping allegations regarding [defendant's] control over [the company] are insufficient to establish personal jurisdiction . . . [and] are a 'far cry' from concrete factual pleadings which allege 'specific facts making the foreign defendant accountable for an issuer's allegedly actionable corporate statements.'" *In re Alibaba Grp. Holding Ltd. Sec. Litig.*, No. 20 CIV. 9568, 2023 WL 2601472, at *7 (S.D.N.Y. Mar. 22, 2023) (internal citations omitted).

There are no specific allegations as to what the Independent Directors or Yanjun Hu actually did in relation to the Registration Statement or Prospectus, and "group pleading [to allege personal jurisdiction over a defendant] is not permitted." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("the plaintiff is required to establish personal jurisdiction separately over each defendant" for each claim asserted.) (citation omitted); *In re Alibaba Grp. Holding Ltd. Sec. Litig.*, 2023 WL 2601472, at *7 (it is "well-established that a person's status as a board member is not alone sufficient to establish jurisdiction.") (citations and quotations omitted). Reiterating general legal conclusions of control is insufficient. *See In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 766-771 (S.D.N.Y. 2017) (dismissing securities claims where defendant exercised control over the company through a majority of voting share capital, veto power over corporate actions, the ability to appoint officers and Board members, and power to approve the business plan but the pleadings did "not allege, concretely," that the defendant had "any role in making, proposing, editing or approving" the company's public filings with the SEC).

Accordingly, Plaintiffs have not satisfied their burden of proof that the Independent Directors or Yanjun Hu are subject to this Court's jurisdiction. *See In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d at 140-43 (defendants' status of control as board members was not sufficient to establish personal jurisdiction as they "did not sign any statement that is alleged to contain false information").

### B. Plaintiffs' Claims Against the Individual Defendants are Time-Barred

The Individual Defendants adopt the Arguments made in the Baosheng MTD regarding the applicable statute of limitations. *See* Baosheng MTD at 9-10.

Plaintiffs' claims under Sections 11 and 15 (based both on Section 11 and Section 12(a)(2)) are time barred by Section 13 of the Securities Act's one-year limitations period from the date that the Plaintiffs discovered or should have discovered the "facts constituting the alleged fraud." *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 349-50, n.1 (2d Cir. 1993) ("Since Section 15 merely creates a derivative liability for violations of Sections 11 and 12, Section 13 applies to it as well.").

Inquiry notice arises "when 'a reasonably diligent plaintiff would have discover[ed] the facts constituting the violation.'" *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 564 (S.D.N.Y. 2012) (citation omitted). Moreover, "when the circumstances would suggest to an investor of ordinary intelligence the probability that she has been defrauded, a duty of inquiry arises, and knowledge will be imputed to the investor who does not make such an inquiry." *Dodds*, 12 F.3d at 350 (affirming dismissal as disclosed risks put plaintiff on inquiry notice) (citation omitted).

Plaintiffs allege that the Registration Statement containing the alleged fraud became effective on February 5, 2021, the Prospectus was filed on February 9, 2021, and Baosheng's IPO was completed on February 10, 2021. *See* SAC at ¶¶ 30-32. While the Registration Statement was

7

filed and became effective years ago, Plaintiffs allegedly learned "approximately seven months before filing the initial Complaint" from a shareholder that there was an unnamed investigation that resulted in Chinese authorities imposing a multi-million RMB fine on Baosheng in the second half of 2021. *Id.* at ¶¶ 51, 81-82. This mysterious investigation allegedly resulted in Baosheng losing its largest unnamed client. *Id.* at ¶ 52.

While not specifically identified, Plaintiffs are likely referring to Beijing Sogou Information Services Co., Ltd. ("**Sogou**"). However, Baosheng disclosed in the Registration Statement and Prospectus all risks related to Sogou. *See infra* at § IV(E).  Further, Baosheng disclosed in September of 2021 that it reported decreases in revenue due to its contract with Sougou ending in March of 2021. ECF 98-10, Sept. 30, 2021 Press Release Baosheng Media Group Holdings Limited Reports Financial Results for the First Half of 2021 at 3. Baosheng again noted in its May 2022 annual report that its agency agreement with Sogou, its "top publisher," expired in March of 2021 and caused a "decrease of $6.0 million in revenue." See ECF 98-11, May 17, 2022 Form 20-F at 88. In short, it is unclear what investigation Plaintiffs are referring to, and to the extent that Plaintiffs infer that they were damaged due to Baosheng's loss of revenue from its contact ending with Sogou, those negative effects on Baosheng's business were disclosed in 2021-2022.

It goes without saying that Plaintiffs, as sophisticated shareholders, were on inquiry notice of Baosheng's negative financial and business developments in the years prior to filing the lawsuit.[3] *Thomas v. Citigroup Glob. Markets Holdings Inc.*, No. 21-cv-3673, 2022 WL 1051158,

---

[3] While Plaintiffs state that they learned of the "investigation" from a significant shareholder of [Baosheng]," (SAC at ¶ 82) Plaintiffs avoid the fact that they are significant shareholders of Baosheng. Plaintiffs of course had every right to seek additional information from Baosheng when its contract with Sogou ended in 2021 and Baosheng began to suffer reported losses.

at *12 (S.D.N.Y. Mar. 1, 2022), *report and recommendation adopted as modified,* No. 21-cv-3673, 2022 WL 951112 (S.D.N.Y. Mar. 30, 2022) (dismissing claim as plaintiff was on inquiry notice over one year before the complaint was filed at the time that "he would have been notified of his monetary losses, caused by the alleged fraud"); *see also Steadman v. Citigroup Glob. Markets Holdings Inc.*, 592 F. Supp. 3d 230, 249-50 (S.D.N.Y. 2022) (dismissing claim as statements became untrue after they were made).

Accordingly, for the above reasons and those set out in the Baosheng MTD, all of Plaintiffs' claims against the Independent Directors are time barred under the applicable statute of limitations. *See* Baosheng MTD at 9-10; *Cross v. 21st Century Holding Co.*, 00-cv-4333, 2001 WL 34808272, at *6 (S.D.N.Y. Aug. 6, 2001) ("Because the Court has dismissed plaintiffs' section 11 claim as untimely, plaintiffs' section 15 claim necessarily fails."); *see also Chen v. X Fin.*, No. 19-cv-6908, 2021 WL 7449851, at *9-10 (E.D.N.Y. Dec. 9, 2021), *report and recommendation adopted,* 19-cv-6908, 2022 WL 765417 (E.D.N.Y. Mar. 13, 2022) (same) (dismissing Section 11, Section 12(a)(2), and Section 15 claims as untimely).

## C. The SAC Does Not Plausibly Allege that the Investigation was Material

The Individual Defendants adopt the Arguments made in the Baosheng MTD regarding the materiality of the investigation. *See* Baosheng MTD at 17-19.

To prevail on a Section 11 and 12(a)(2) claim, Plaintiffs must allege facts sufficient to show that the Registration Statement (Section 11) and Prospectus (Section 12(a)(2)) contained either: (i) a material misrepresentation; (ii) a material omission in contravention of an affirmative duty to disclose the omitted information; or (iii) a material omission of information that is necessary to prevent an existing statement from being misleading. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 360 (2d Cir. 2010) (affirming dismissal of Section 11 and 12 claims). A statement

or omission is material if "there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act." *ECA & Local 134 Ibew Joint Pension Trust v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) (internal quotations and citations omitted).

Plaintiffs' claims hinge on the notion that the Individual Defendants allegedly omitted in the Registration Statement that Baosheng "was under investigation by Chinese authorities" and its related effects. SAC at ¶¶ 36-54.[4] However, Plaintiffs did not state that this alleged investigation would have been so material as to stop Baosheng from trading shares or that Plaintiffs would not have bought shares. Baosheng's Prospectus contained clear statements that there was a possibility that Baosheng could lose and not replace potential advertisers and media (including Sogou), as well the possibility of facing government investigations and criminal penalties for various reasons including the unlawful actions of its clients or third parties. *See* Prospectus at 15-16, 18, 21-22, 26, 29. Plaintiffs were on notice and knew of these risks. Notably the SAC does not state that the claimed investigation would have stopped trading or stopped share purchases by Plaintiffs.

Further, the materiality of the omission must be determined when the omission was made, not at some undisclosed time after the alleged omission. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 254 (S.D.N.Y. 2004) ("The truth of a statement made in the prospectus is adjudged by the facts as they existed when the registration statement became effective.").

---

[4] Plaintiffs make the absurd claim that "the investigation had caused [Baosheng]'s operations to essentially shut down" while providing no evidence of what "shut down" actually refers to or how it was possible that Baosheng went public while it was "shut down." *See* SAC at ¶ 53. In any event, Plaintiffs have not alleged how this supposed shut down resulted in any damages, when it occurred, or why it would have been so material as to require it to be included in an SEC filing. Plaintiffs seemingly recognize the inadequacy of their allegations by not relying on them in their Section 11, Section 12(a)(2), or Section 15 claims. *See id.* at ¶¶ 88, 110, 116-19 (only relying on allegations of the supposed investigation).

Baosheng and the Individual Defendants could not have known and disclosed a future fine or loss of a customer before it occurred. SAC at ¶ 51 ("This investigation concluded in the second half of 2021 (after the IPO) and resulted in Chinese authorities imposing a multi-million RMB fine on [Baosheng]"). Even if there was some unspecified investigation that resulted in a fine (which Baosheng disputes; *see* Baosheng MTD at 5), Baosheng and the Individual Defendants could not have predicted it prior to the fine actually occurring. *See Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 538 (S.D.N.Y. 2020) ("An increase in a risk does not mean the risk has already come to pass"); *In re TVIX Sec Litig.*, 25 F. Supp. 3d 444, 450 (S.D.N.Y. 2014) (rejecting "hindsight" or "backward-looking assessment"); *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 672 (S.D.N.Y. 2008) ("An earlier statement is not somehow made misleading simply because it failed to foretell a ... problem which later materialized.").

Accordingly, for the reasons mentioned here and in the Baosheng MTD, the claims against the Individual Defendants must be dismissed as there is no allegation that the alleged omissions were material. *See* Baosheng MTD at 17-19; *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, No. 14-civ-9443, 2017 WL 1192888, at *9 (S.D.N.Y. Mar. 29, 2017) ("Because the Company's registration statements and prospectuses from 2009 to 2013 could not be false or misleading as to conduct that did not even begin to take place until 2015, Plaintiff's claims under Sections 11 and 12(a)(2) must be dismissed."); *In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 12 (S.D.N.Y. 2016) ("the securities laws do not impose an obligation on a company to predict the outcome of investigations.") (citing cases).

### D. The SAC Should be Dismissed as There is No Duty to Disclose Government Investigations

The Individual Defendants adopt the Arguments made in the Baosheng MTD that it did not have to disclose the alleged Chinese Government investigation. *See* Baosheng MTD at 19-21.

11

Plaintiffs' allegations of misconduct against the Individual Defendants hinge on an unspecified Chinese Government investigation that was not disclosed in the Registration Statement and Prospectus. *See* SAC at ¶ 48 ("The investigation itself had a material detrimental effect on [Baosheng's] operations in the months leading up to the IPO."). However, "the existence of 'a government investigation, *without more*, does not trigger a generalized duty to disclose[.]'" *Banerjee v. Zhangmen Educ. Inc.*, No. 21-cv-9634 (JPO), 2023 WL 2711279, at *11 (S.D.N.Y. Mar. 30, 2023) (citing cases); *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 272 F. Supp. 2d 243, 248 (S.D.N.Y. 2003) ("To state a claim under Sections 11 and 12(a)(2), a plaintiff must allege that the defendants had a legal obligation to disclose the allegedly omitted information.").

Plaintiffs' claim that Form 20-F Part I, Item 8(7) imposes a duty to disclose investigations misstates the law. *See* SAC at ¶ 88 (alleging that an investigation would fall under Form 20-F Part I, Item 8(7)); *see also In re Marsh & Mclennan Companies, Inc. Sec. Litig.*, 501 F. Supp. 2d 452, 469 (S.D.N.Y. 2006) ("the securities laws do not impose a duty to disclose uncharged criminal conduct"); *see also In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 650 (S.D.N.Y. 2017) (there is "no affirmative duty to speculate or disclose uncharged, unadjudicated wrongdoing or mismanagement") (citation omitted). Form 20-F Part I, Item 8(7) only requires the disclosure of government proceedings, not potential government investigations. *See* SEC Form 20-F Part I, Item 8(7); *Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 272 (S.D.N.Y. 2012) ("An investigation on its own is not a 'pending legal proceeding' until it reaches a stage when the agency or prosecutorial authority makes known that it is contemplating filing suit or bringing charges.") (citation omitted).

Accordingly, for the reasons mentioned here and in the Baosheng MTD, the claims against the Individual Defendants must be dismissed as there was no duty to disclose any alleged

investigation (to the extent there was an investigation) before it was completed. *See* Baosheng MTD at 19-21; *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 272 F. Supp. 2d at 248-53 (dismissing claims as the "Plaintiff [] failed to plead any material omissions that the Defendants had a duty to disclose.").

### E. The SAC Should be Dismissed as the Risks Underlying the SAC's Allegations Were Disclosed

The Individual Defendants adopt the Arguments made in the Baosheng MTD regarding disclosure of the facts in the underlying claims. *See* Baosheng MTD at 21-23.

Courts routinely dismiss complaints predicated on IPO statements where the risks and facts underlying the statement have been disclosed. *See Davidoff v. Farina*, 2005 WL 2030501, at *10 (S.D.N.Y. Aug. 22, 2005). The SAC does not detail the "investigation" it is referring to. Plaintiffs have alleged only slightly more detail in a separate complaint in the Cayman Islands. *See* ECF 98-12 (Cayman Petition). They alleged there that the customer was Sogou and that Baosheng was questioned regarding an alleged criminal investigation of Sogou. *Id.* at ¶ 44 (Baosheng's management was allegedly taken in for questioning "in relation to an ongoing criminal investigation of Sogou and its relationship with Suncity Group."). Plaintiffs alleged that this resulted in a fine of RMB 10 million[5] against Baosheng in the second half of 2021 (months after the Registration Statement became effective) and a fine of RMB 1.4 billion against Sogou. *Id.* at ¶ 44.

This risk related to Sogou was disclosed in the Prospectus. Baosheng informed investors that it was exposed to liability and could face "civil and criminal penalties" and material "business interruptions" for their media and advisor partners non-compliance with Advertising Laws.

---

[5] Baosheng disputes that this fine ever occurred. *See* Baosheng MTD at 5.

Prospectus at 21, 22, 26 ("We are subject to, and may expend significant resources in defending against, government actions and civil claims in connection with false, fraudulent, misleading or otherwise illegal marketing content for which we provide agency services.").

The Prospectus also specifically disclosed that any failure to renew its agency agreement with Sogou could have a material impact on Baosheng's operations. *See* Prospectus at 15-16, 18 (Sogou was Baosheng's top customer and "[*c*]*ertain customers [including Sogou] contributed to a significant percentage of our total revenue during the six months ended June 30, 2020 and the fiscal years 2019 and 2018, and losing one or more of them could result in a material adverse impact on our financial performance and business prospects.*"). As a matter of fact, Sogou was mentioned in the Prospectus a total of 27 times. *See generally* Prospectus.

In light of the alleged investigation not being concluded until months after the Registration Statement became effective, there was no "further disclosure [that] would have significantly altered the total mix of information available to a reasonable investor or disclosed a trend not otherwise explained in the offering documents." *Asay v. Pinduoduo Inc.*, 18-cv-7625, 2020 WL 1530745, at \*10 (S.D.N.Y. Mar. 30, 2020), *aff'd*, 2021 WL 3871269 (2d Cir. Aug. 31, 2021).

Accordingly, the SAC should be dismissed as the underlying risks were extensively disclosed. *See* Baosheng's MTD at 21-23; *Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 411 (S.D.N.Y. 2020) (dismissing claim where the prospectus "warned investors of exactly the risk the plaintiffs claim was not disclosed.") (citing *Olkey v. Hyperion 1999 Term Trust, Inc.,* 98 F.3d 2, 5 (2d Cir. 1996)).

## F. Plaintiffs' Own Allegations Negate Causation

The Individual Defendants adopt the Arguments regarding negative causation made in the Baosheng MTD. *See* Baosheng MTD at 23.

Claims under Sections 11 and 12(a)(2) of the Securities Act are subject to an affirmative defense of "negative causation," which precludes recovery for price declines that are not the result of an alleged misrepresentation. *See* 15 U.S.C. §§ 77k(e) (Section 11 affirmative defense), 77l(b) (Section 12(a)(2) affirmative defense); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 774 F. Supp. 2d 584, 595-96 (S.D.N.Y. 2011) (granting motion to dismiss where alleged loss was not connected to alleged misrepresentation).

Plaintiffs admitted in the Cayman Proceeding that Baosheng's "decline in revenue from 2021 onwards" was due to the loss of Sogou as client after Baosheng's and Sogou's "existing authorised agency agreement expired and [Baosheng] was unsuccessful in re-negotiating any new agency agreement." ECF 98-12 (Cayman Petition) ¶¶ 49, 54. The loss of Sogou as a client occurred in March of 2021 (ECF 98-11 at 88), after the Registration Statement became effective. This is in direct opposition to Plaintiffs' claims that the "investigation itself had a material detrimental effect on BAOS's operations in the months leading up to the IPO." SAC at ¶ 48.

As Plaintiffs' allegations are connected to the loss of Sogou *after the Registration Statement became effective*, the alleged damages are not connected to any alleged misrepresentation that could have been included in the Registration Statement and the claims against the Individual Defendants must be dismissed. *See* Baosheng MTD at 23; *In re MINISO Grp. Holding Ltd. Sec. Litig.*, No. 22-cv-9864, 2024 WL 759246, at *19 (S.D.N.Y. Feb. 23, 2024) (granting motion to dismiss where alleged loss was not the result of alleged false and misleading statements).

**G. Plaintiffs' Section 15 Claim Must Be Dismissed for Failure to Plead Control Person Liability**

Plaintiffs' Section 15 claim must be dismissed as it fails to sufficiently plead a primary Section 11 or Section 12 violation by Baosheng, as well as that the Independent Directors and Yanjun Hu had sufficient control over the Registration Statement.

*a. Plaintiffs' Have Not Sufficiently Alleged a Primary Violation under Sections 11 or 12 Against Any of the Individual Defendants*

Control personal liability only attaches upon a showing of both (i) a primary violation of Section 11, and (ii) control of the primary violator by defendants. *See, e.g.*, *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 185 (2d Cir. 2011). As explained *supra* under Sections II(B)-(F) Plaintiffs have failed to sufficiently plead a primary violation under Section 11 or Section 12(a)(2)[6], and as a result, no control person liability attaches to any of the Individual Defendants pursuant to Section 15.

*b. Plaintiffs' Have Not Sufficiently Alleged Control Person Liability as to Defendants Yu Zhong, Zuohao Hu, Adam (Xin) He (the Independent Directors), and Yanjun Hu*

Plaintiffs' Section 15 claim must be dismissed against the Independent Directors and Yanjun Hu because Plaintiffs have failed to establish that they had actual control over Baosheng during the relevant time period.

The Second Circuit has adopted the same definition of "control" for Section 15 claims of the Securities Act as applied in the context of Section 20(a) of the Securities Exchange Act of 1934

---

[6] Plaintiffs have not specifically alleged what the underlying claims are against the Individual Defendants pursuant to Section 15. To the extent that the claims encompass Plaintiffs' Section 12(a)(2) claims against Baosheng, Defendants incorporate Baosheng's MTD regarding Section 12(a)(2), including that Plaintiffs do not have standing to bring a Section 12(a)(2) claim. *See generally* Baosheng MTD. The Individual Defendants further rely on their arguments as to why the Section 12(a)(2) claims fail. *See e.g. supra* at 7-15. To the extent that the Section 12(a)(2) claims are dismissed against Baosheng, the underlying Section 15 claim based on Section 12(a)(2) must in turn be dismissed against the Individual Defendants.

("**1934 Act**").  *See In re Lehman Bros.*, 650 F.3d at 185 (finding the control person provisions under Section 15 of the Securities Act and Section 20(a) of the 1934 Act "roughly parallel" and adopting the definition of "control" applied in Section 20(a) cases) (quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472–73 (2d Cir. 1996)); *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 746 (S.D.N.Y. 2015) ("Section 15 is a parallel provision to § 20(a) and their 'terms are interpreted in the same manner.'") (internal quotations omitted).  Accordingly, "control" refers to "the power to direct or cause the direction of the management and policies of [the primary violators], whether through the ownership of voting securities, by contract, or otherwise."  *See First Jersey Sec., Inc.*, 101 F.3d at 1473 (internal quotation marks omitted).

i.      <em>The Independent Directors</em>

The Independent Directors (Yu Zhong, Zuohao Hu, and Adam (Xin) He) were not appointed until the week of Baosheng's Registration Statement becoming effective, and thus would not have sufficient control over the Registration Statement or Prospectus for Section 15 liability to attach.  *See In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 482 (S.D.N.Y. 2013) ("Neither director status nor mere membership on an audit committee, standing alone, is sufficient to demonstrate actual control over a company or an allegedly fraudulent transaction.").

The SAC does not allege that they personally signed the Registration Statement.  *See generally* SAC; *see City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, 928 F. Supp. 2d 705, 721 (S.D.N.Y. 2013) (no presumption of control by someone whose signature does not appear on registration statements or other SEC filings for purposes of establishing control personal liability).  Further, the SAC is devoid of any specific allegations pertaining to the Independent Directors, including their specific roles, whether they served as a member on any committee of Baosheng, or

17

their involvement in the IPO process or the preparation of the Registration Statement or Prospectus. In fact, the name of each Independent Director only appears three times throughout the SAC (excluding the references in the case caption and the introductory paragraph). *See* SAC ¶¶ 15, 16, 17, 39. The only fact relied on by Plaintiffs to allege control is that these three individuals served as directors when the Registration Statement became effective. *See id.* at ¶ 39 (the only reference to the Independent Directors in Plaintiffs' "Facts" section).

Moreover, this Court recognizes an important distinction "between outside directors and high-ranking officers," with the latter "usually [] presumed to possess the ability to control the actions of their employees." *See MetLife*, 928 F. Supp. 2d at 721. As independent directors, the three Independent Directors did not possess the requisite level of control over the management or operation of Baosheng, nor does the SAC so allege. That the Independent Directors served as independent directors when the Registration Statement became effective is not sufficient to establish actual control. *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 429 (S.D.N.Y. 2020) (dismissing Section 15 claims against defendants where the complaint "rest[s] on a conclusory, generalized allegation that the 'Executive Defendants possessed and exercised their power and authority to control the contents of the Company's SEC filings,'" and where "Plaintiffs do not allege that their positions provided them control over the transactions at issue"); *see also Ho*, 887 F. Supp. 2d at 578 (granting motion to dismiss by Director Defendants where the complaint only contained "conclusory allegations that these Director Defendants exercised control over [the company]").

### ii.    Defendant Yanjun Hu

Plaintiffs have likewise failed to plead control person status of Yanjun Hu. The SAC conclusively alleges that Yanjun Hu had control because he had "actual control of a significant

18

percentage of [Baosheng]'s stock, and had actual control over [Baosheng] in the months leading up to its IPO."  *See* SAC ¶ 19.  These bare allegations serve no purpose other than restating the legal standard for control person liability.  *See In re Deutsche Telekom AG Sec. Litig.*, 00-civ-9475, 2002 WL 244597, at *7 (S.D.N.Y. Feb. 20, 2002) (plaintiffs failed to establish a prima facie case pursuant to Section 15 where the allegations "fail[ed] to allege facts supporting an inference of actual control but rather, simply restate the legal standard for control person liability").

The SAC is bereft of any specific allegations concerning Yanjun Hu's percentage ownership of Baosheng stock. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 457 (S.D.N.Y. 2005) (ownership of 30 percent of voting shares and ability to appoint three of nine board members did not constitute control).  For avoidance of doubt, Yanjun Hu did not hold a "significant percentage of [Baosheng's] stock" (SAC at ¶ 19) in the relevant time period. *See* Prospectus at 125 (not listing Yanjun Hu as a holder of 5% or more of Baosheng's stock as of February 8, 2021).

The SAC further fails to plead what position Yanjun Hu held at Baosheng or whether and how he was able to exert actual control over Baosheng's management and policies.  *See In re Deutsche Telekom AG*, 2002 WL 244597, at *6 (finding 22% stock ownership, "participation in [the company's] operations" and "decision-making . . . including the content and dissemination of the public statements that plaintiffs contend are false and misleading" insufficient to constitute control).  Plaintiffs do not allege that Yanjun Hu signed the Registration Statement, instead the SAC conclusively states he "had actual control over [Baosheng] in the months preceding [Baosheng's] IPO, and accordingly controlled the statements included within [Baosheng's] Registration Statement and Prospectus."  *See* SAC ¶¶ 26, 49.

Plaintiffs alleged that Yanjun Hu somehow had control because the other Individual Defendants did not have control, while at the same time alleging that the other Individual Defendants did have control. These speculative and confusing allegations are so inadequate that it is clearly "implausible" that Plaintiffs "could develop some set of facts that would pass muster" to survive a motion to dismiss. *See In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02 CIV. 910 (GEL), 2005 WL 2990646, at *8 (S.D.N.Y. Nov. 7, 2005) (recognizing a category of cases "in which it is 'implausible' or mere 'unlikely speculation' that plaintiffs can develop a record that would support a finding of control . . . especially given the 'decidedly fact-based' nature of the control inquiry") (internal quotations omitted); *see also MetLife*, 928 F. Supp. 2d at 721-22 (finding allegations insufficient to show actual control by director defendant who "is alleged only to have served as a director, not to have signed any financial or registration statements").

Moreover, the SAC is completely devoid of any timeline reflecting when Yanjun Hu allegedly "took actual control of [Baosheng]." *See* SAC at ¶¶ 19, 49. Nor does it explain Yanjun Hu's involvement in the preparation, signing, or filing of the Registration Statement or the Prospectus. Plaintiffs' discussions of a nonexistent investigation and Yanjun Hu's mysterious relationship with or involvement in Baosheng's business affairs decidedly fails to establish Yanjun Hu's control person status and therefore, Plaintiffs' Section 15 claim against Yanjun Hu must be dismissed. *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d at 740-41 (dismissing Section 20(a) claim against shareholder who had the "ability to appoint a quarter of [the company's] board and own[ed] about a quarter of the company's common stock" as these powers and rights did not constitute control for purposes of Section 20(a)) (citing cases).

### H. Plaintiffs Fail to Satisfy Rule 8(a) or 9(b)'s Pleading Standard

Plaintiffs' claims against the Individual Defendants must be dismissed as they are impermissibly vague and fail to put the Individual Defendants or the Court on notice of the alleged improper conduct. The Court should not grant Plaintiffs the opportunity to amend their claims again to provide additional specificity as they have already amended twice. *Pehlivanian*, 2017 WL 1192888, at *10 ("[W]here a plaintiff is on notice of deficiencies in an initial pleading and has had the opportunity to cure them by a first amendment, 'dismissal with prejudice is proper when a complaint previously has been amended.") (citation omitted)

#### a. *Plaintiffs Fail to Satisfy Rule 8(a)'s Pleading Standard*

Rule 8(a) requires more than "naked assertions devoid of further factual enhancement." *Ashcroft,* 556 U.S. at 678 (internal citations and quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotations and citations omitted).

Plaintiffs have not pled facts that put the Individual Defendants, let alone the Court, on notice of the Individual Defendants alleged wrongful acts. Plaintiffs have somehow alleged that all of the Individual Defendants "had control over the contents of [Baosheng's] public filings, knew those documents would be filed in the United States with the SEC, and directed those filings toward United States investors," while at the same time argue that none of the other Individual Defendants had control and that only Mr. Yanjun Hu had "actual control over [Baosheng] in the months preceding [Baosheng's] IPO, and accordingly controlled the" Registration Statement and Prospectus.  SAC at ¶¶ 19, 25-26, 49-50. The timeline for this control is unclear and it is further unclear how Baosheng could be "shut down" while Yanjun Hu allegedly had control. *See* SAC at ¶ 53.

21

Plaintiffs moreover have not stated what the "investigation" was that was conducted by the Chinese Government, what agency conducted it, why it was conducted, when it started, what the alleged crimes were, what should have been included in the Registration Statement, why Baosheng was allegedly fined, how much the "multi-million RMB fine[7]" totaled, or who Baosheng's alleged biggest client was who "made up a significant portion of its revenue" was. SAC at ¶¶ 51-53. The Individual Defendants have been forced to scour public sources and Plaintiffs' other bad faith lawsuits to piece together these allegations to defend themselves. These alleged "facts" do not rise to Rule 8(a)'s pleading standard and must be dismissed.

       *b.  Plaintiffs Fail to Satisfy Rule 9(b)'s Pleading Standard*

The Individual Defendants adopt the Arguments regarding Rule 9(b) made in the Baosheng MTD. *See* Baosheng MTD at 23-25.

While Plaintiffs claim that their allegations are not based in fraud (*see* SAC at ¶¶ 86, 103), the Court "should look to the allegations of the Complaint to determine whether plaintiffs' Securities Act claims sound in fraud." *In re Jumei Int'l Holding Ltd. Sec. Litig.*, No. 14-cv-9826, 2017 WL 95176, at *3 (S.D.N.Y. Jan. 10, 2017) (citation and quotation omitted); *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 436 (S.D.N.Y. 2009) ("[C]ourts have repeatedly noted that the insertion of a simple disclaimer of fraud is insufficient to avoid Rule 9(b) standards when Securities Act claims sound in fraud.") (citation and quotation omitted).

Statements such as "inaccurate and misleading" and "untrue statements of material facts" are "classically associated with fraud." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004). Plaintiffs' claims are replete with these statements. *See generally* SAC. Further, Plaintiffs have

---

[7] One million RMB is currently equal to $137,000. Accordingly, the alleged fine may have been as small as $274,000. *See* https://wise.com/us/currency-converter/cny-to-usd-rate?amount=1000000 (last visited July 3, 2024).

alleged that the Individual Defendants omitted statements from the Registration Statement and Prospectus to make them "misleading" and contain "untrue statements of material fact" that they allegedly "knew" would be material. *Id.* at ¶¶ 51-54, 87. The SAC is clearly subject to Rule 9(b)'s heightened pleading standards. *See Jiajia Luo*, 465 F. Supp. 3d at 408, n.7 (where a complaint alleges that defendants "knew" and "were aware" of adverse, undisclosed facts and hid them, the complaint is "replete with explicit claims of fraud").

Rule 9(b) requires that Plaintiffs: "(1) specify the statements that the plaintiff[s] contend[] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach,* 355 F.3d at 170 (citation omitted). Plaintiffs have only referenced an unnamed investigation, which upon information and belief never occurred, as well as Baosheng being "shut down" for an undisclosed duration of time while still being in operation and going public. SAC at ¶¶ 47-53. These allegations do not put the Individual Defendants on notice of what information they allegedly omitted from the Registration Statement. *See In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 641 (S.D.N.Y. 2007) ("[W]hen fraud is alleged against multiple defendants, a plaintiff must set forth separately the acts complained of by each defendant. A complaint may not simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b).") (citation omitted).

Accordingly, based on the above as well as the arguments in Baosheng's MTD, the Plaintiffs' claims must be dismissed as they do not establish the required degree of particularity under rule 9(b). *See* Baosheng MTD at 23-25.

## III.   Conclusion

The Individual Defendants respectfully request that the Court grant their motion to dismiss pursuant to Rules 12(b)(1) (as to Plaintiffs' Section 12(a)(2) claim that underlies their Section 15

claim), 12(b)(2) (as to the Independent Directors and Yanjun Hu), and 12(b)(6) (as to all Individual

Defendants) in full and dismiss Plaintiffs' claims with prejudice.

Date:         July 3, 2024
              New York, NY

                              */s/ Andrew Sklar*
                              Andrew Sklar
                              M.M. Utterback (*pro hac* motion to be filed)
                              **KING & WOOD MALLESONS LLP**
                              500 Fifth Avenue, 50th Floor
                              New York, NY 10110
                              Telephone: (212) 319-4755
                              andrew.sklar@us.kwm.com
                              meg.utterback@us.kwm.com
                              *Counsel for Defendants Wenxiu Zhong, Sheng*
                              *Gong, Yu Zhong, Zuohao Hu, Adam (Xin) He,*
                              *Yue Jin, and Yanjun Hu*

24