

**MICHAEL ROWE**
**(612) 492-6724**
**rowe.michael@dorsey.com**

July 16, 2024

> Given that no Defendant has filed a response to this request to stay briefing on the pending motions to dismiss and because addressing the motion to amend prior to addressing motions to dismiss a complaint that may be superseded by amendment is the more efficient method of adjudication, the Court hereby dismisses the motions to dismiss filed at ECF Nos. 100, 103, and 113 without prejudice to refiling within 30 days of the decision on the motion to amend. Defendants' time to respond to the complaint is extended until this date. **SO ORDERED.**
>
> Dated: July 23, 2024
>         New York, New York
>
> *[signature: Jennifer Rochon]*
> **JENNIFER L. ROCHON**
> **United States District Judge**

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Room 1920
New York, NY 10007-1312

Re:   *Orient Plus Int'l Ltd., et al. v. Baosheng Media Grp. Holdings Ltd., et al.,* 1:24-cv-00744-JLR
      Plaintiffs' Letter Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Plaintiffs' Motion to Amend

Dear Judge Rochon:

I write in accordance with Rule 1(F) of Your Honor's Individual Rules of Practice to respectfully request the Court stay the briefing schedule on Defendants' currently pending motions to dismiss until after it decides Plaintiffs' contemporaneously filed motion to amend the current complaint.

Between May 22 and July 3, 2024, the thirteen Defendants in this case filed four motions to dismiss. ECF Nos. 97, 100, 103, 113. After reviewing and considering those motions, Plaintiffs Orient Plus International Limited ("Orient"), Union Hi-Tech Development Limited ("Union"), and Golden Genius International Limited ("Golden") (collectively "Plaintiffs") intend to seek leave to file an amended complaint. Some Defendants have consented to the amendment and others have not, necessitating Plaintiffs' contemporaneously filed motion to amend. To conserve the parties' and this Court's resources, Plaintiffs proposed that the parties stay the current briefing schedule for the motions to dismiss while the Court considered Plaintiffs' motion to amend. The non-consenting Defendants refused such a stay, which now necessitates this letter motion.

**PROCEDURAL BACKGROUND**

Plaintiffs initiated this action on February 1, 2024. ECF No. 1. On March 5, Plaintiffs filed the First Amended Complaint under Rule 15(a)(1) solely to add Defendant Friedman, LLP. ECF No. 26. On April 24, Plaintiffs, with the consent of all the then-served Defendants, filed a Second Amended Complaint solely to revise one allegation in the complaint. ECF No. 82; *see also* ECF No. 77-1, ¶ 78. On the heels of the four motions to dismiss, Plaintiffs now seek leave to file their first substantive amended complaint.

On July 9, Plaintiffs provided to all Defendants a redline comparison showing the proposed revisions to the Second Amended Complaint, and then sought Defendants' consent



on the filing of the amended complaint. Defendants Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP consented to the amendment, while the remaining Defendants (consisting solely of BAOS and its directors, officers, and control people) indicated they would consent, but only if Orient and Union dismissed their Section 12 and Section 15 claims with prejudice. Plaintiffs declined because Rules 15 and 41 do not require such a dismissal. Plaintiffs then sought the non-consenting Defendants' agreement to stay the briefing on the pending motions to dismiss. Again, the non-consenting Defendants refused.

## ARGUMENT

To promote an efficient use of the Court's resources and to avoid a potential decision on claims no longer in dispute, the Court should grant Plaintiffs' motion to stay the briefing schedule on Defendants' motions to dismiss.

Requiring the parties to fully brief motions applicable to a prior version of the complaint is inefficient. Courts in this District routinely deny a defendant's pending motion to dismiss as moot where the plaintiff has properly amended its complaint. *Chaney v. Loc. 32BJ SEIU*, No. 23-CV-3652, 2023 WL 4744285 at *2 (S.D.N.Y. July 25, 2023). Because of this, courts regularly stay briefing in motions to dismiss while a motion to amend is pending. *See Brown v. County of Nassau*, No. 16-CV-54, 2016 WL 4995283 at *7 (E.D.N.Y. Sept. 19, 2016) (noting a decision to stay briefing pending a motion to amend, "reasonably recognizes that Defendants should move to dismiss with respect to an actually operative complaint, rather than one that might be replaced by amendment"). This Court's Individual Rules of Practice further supports this conclusion, noting when an amended complaint is filed it moots the motion to dismiss. *See* Judge Jennifer L. Rochon, Individual Rules of Practice in Civil Cases R. 3(B).

Here, after considering the various motions to dismiss, Plaintiff's Third Amended Complaint will supplement factual allegations, add a cause of action against BAOS, and will not include Orient and Union's claims based on Section 12 and Section 15. Without a stay, Plaintiffs and Defendants will be left to argue about claims no longer at issue or address arguments that are obsolete in light of the additional factual allegations. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."). Granting Plaintiffs' motion for a stay resolves this concern and will allow the parties to efficiently brief the issues actually in dispute.

## REQUESTED RELIEF

Plaintiffs respectfully request the Court stay briefing on Defendants' motions to dismiss until the parties have fully briefed and the Court has ruled on Plaintiffs' motion to amend. If the Court grants Plaintiffs' motion for leave to amend, Plaintiffs request that Defendants have 28 days to answer or otherwise respond. Should the Court deny leave to amend, Plaintiffs respectfully request 30 days to file responses to the pending motions to dismiss.

Thank you,

*/s/ Michael Rowe*

Michael Rowe