# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Warren E. Gluck
+1 212-513-3396
Warren.Gluck@hklaw.com

July 30, 2024

*Via ECF*

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

Re:  *Orient Plus Int'l Ltd., et al. v. Baosheng Media Grp. Holdings Ltd., et al.*,
 1:24-cv-00744-JLR

Dear Judge Rochon:

We represent Defendant Baosheng Media Group Holdings Limited ("Baosheng") in the above-referenced matter. Baosheng submits this letter in response to Plaintiffs Orient Plus International Limited ("Orient"), Union Hi-Tech Development Limited ("Union"), and Golden Genius International Limited's ("Golden") (collectively, "Plaintiffs") Motion for Leave to Amend the Second Amended Complaint (the "Motion"). *See* ECF Nos. 118-120. Baosheng respectfully requests that the Court exercise its discretion to stay Plaintiffs' Motion in favor of limited discovery on "Exhibit A," an alleged recording and transcript that Plaintiffs failed to submit along with the Motion. Baosheng also respectfully requests that the Court find that Plaintiffs Orient and Union have no plausible Section 12 claim against Baosheng as a matter of law.

**I.   Background**

On Monday, July 8, 2024, Plaintiffs contacted Defendants to request their consent to file a third amended complaint (the "Proposed Third Amended Complaint"). Plaintiffs explained that the amendments would include three revisions, as follows:

(1)   Union and Orient would not seek Section 12 or Section 15 relief against any Defendant;

(2)   Union and Orient would bring a breach of contract claim against Baosheng; and

(3)   Plaintiffs would add allegations (but no other new claims) regarding the misstatements and omissions in the public filings at issue.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Upon requests for the proposed amendments, Plaintiffs circulated a redlined draft of the Proposed Third Amended Complaint. Plaintiffs also shared a copy of an "Exhibit A," referenced in Paragraph 45 of the draft.

Baosheng provided its consent for Plaintiffs to file their Proposed Third Amended Complaint on the single condition that their already-planned dismissal of Orient and Union's Section 12 claim against Baosheng be with prejudice. Plaintiffs declined this reasonable proposal despite knowing that Plaintiffs' claims are deficient as a matter of law. By refusing to stipulate to the voluntary dismissal with prejudice of the Section 12 claim against Baosheng, which Plaintiffs already and voluntarily sought to forego, they are wasting this Court's time and resources and causing unnecessary delay in this matter.

## II. Baosheng Respectfully Requests a Declaratory Judgment on Orient and Union's Dropped Section 12 Claim

Baosheng spent significant time and resources to respond to the Second Amended Complaint. It is telling that Plaintiffs waited until after Baosheng filed its motion to dismiss to abandon Orient and Union's Section 12 claim against the company. Orient and Union have effectively – and correctly – conceded that the operative complaint does not come close to stating a Section 12 claim as the new Proposed Third Amended Complaint will not seek to pursue such a claim for securities fraud. Plaintiffs should not be allowed to avoid an adverse ruling on Orient and Union's Section 12 claim, while simultaneously holding over Baosheng the threat of reasserting that claim in yet another future amended complaint. Surely now that these Plaintiffs have not been able to state a Section 12 claim in what will now be three pleading attempts, they should not be permitted a fourth try. Baosheng therefore respectfully requests an order that Orient and Union's Section 12 claim against Baosheng is dismissed with prejudice. This does not unfairly prejudice Orient and Union, as they are not actually losing a claim they otherwise have or presently can or even intend to plead.

## III. The Court Should Stay Plaintiffs' Motion in Favor of Limited Discovery on the Alleged Recording

Plaintiffs contend that they should be allowed to amend the Second Amended Complaint based on additional facts from an alleged call that took place, and was recorded, in June 2023. It is odd that Plaintiffs chose to exclude the transcript from their original Complaint and Second Amended Complaint, especially when both pleadings (and the Third Amended Complaint) are clearly premised on a June 2023 conversation, which is purportedly how Plaintiffs discovered the material misstatements and omissions and, presumably, evidence they were in possession of all along. *See* ECF No. 120-1 ("Proposed Third Amended Complaint"), ¶¶ 43-45, 127-130; ECF No. 82 ("Second Amended Complaint"), ¶¶ 81-82; ECF No. 1 ("Complaint"), ¶ 72. Notably, Plaintiffs offer no explanation for why they waited until Baosheng filed its motion to dismiss to seek leave to amend their complaint and introduce this transcript as an exhibit.

In support of Plaintiffs' securities law claims, Plaintiffs' only proposed amendments to their allegations relate to the contents of this alleged call. *See* ECF No. 120-2 ("Redline Comparing Second Amended Complaint With Proposed Third Amended Complaint"), ¶¶ 43-80. However,

Yanjun Hu, the alleged speaker on the recorded call, has submitted an affidavit in the parallel Cayman Islands Proceeding contending that the transcript "is false and is a fabrication." A true and correct copy of Yanjun Hu's affidavit is annexed hereto as **Exhibit 1**. Thus, limited discovery relating to this alleged recorded call is essential to determining whether Plaintiffs' Proposed Third Amended Complaint as to Plaintiffs' Section 11 claim against Baosheng would be futile.

To conserve the parties' and this Court's resources, and to avoid unnecessary further motion practice, Baosheng respectfully requests that the Court stay briefing on Plaintiffs' Motion and direct limited discovery relating to the alleged recording referenced in Plaintiffs' Proposed Third Amended Complaint.

### IV.   Conclusion

Accordingly, Baosheng respectfully requests an order dismissing Orient and Union's Section 12 claim against Baosheng with prejudice and an order staying Plaintiffs' Motion so the parties may conduct expedited limited discovery on the alleged recorded call.

Thank you for your consideration.

Respectfully Submitted,

*/s/ Warren E. Gluck*
Warren E. Gluck, Esq.