**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited, <br><br> Plaintiffs, <br><br> -v- <br><br> Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP, <br><br> Defendants. | Case File No. 1:24-cv-744-JLR |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT**

## INTRODUCTION

Defendant Baosheng Media Group Holdings Limited ("BAOS") and the seven Individual Defendants[1] filed "Responses" to Plaintiffs' Motion to Amend, but their submissions do not oppose the narrow relief Plaintiffs seek—the filing of a Third Amended Complaint ("TAC"). Meanwhile, the remaining five Defendants did not file anything.[2] With no actual opposition to Plaintiffs' motion, the Court should grant Plaintiffs' leave to file the Third Amended Complaint.

Instead of opposing the motion and in the guise of "responding" to it, the Responding Defendants wrote letters[3] containing a wish list of other requested relief. Without citing to *any* authority, the Responding Defendants demand (1) a declaratory judgment that Orient's and Union's Sections 12 and 15 claims against them are dismissed with prejudice; and (2) limited discovery into a recording of Defendant Yanjun Hu. Both demands are procedurally improper and substantively meritless.

## ARGUMENT

### I. THE RESPONDING DEFENDANTS WAIVED ANY CONCEIVABLE OPPOSITION TO PLAINTIFFS' MOTION TO AMEND

As the Responding Defendants must know, "court[s] should freely give leave" to amend, Fed. R. Civ. P. 15(a)(2), unless the opposing party can prove futility of amendment, "undue

---

[1] This brief shall refer to BAOS, Wenxiu Zhong, Sheng Gong, Yu Zhong, Zuohao Hu, Adam (Xin) He, Yue Jin, and Yanjun Hu as the "Responding Defendants."

[2] Defendants Friedman LLP and Marcum LLP (the "Auditors") unconditionally consented to Plaintiffs' filing the TAC. Univest Securities, LLC, The Benchmark Company, LLC, and WestPark Capital, Inc. (the "Underwriters") conditioned their consent on Plaintiffs dismissing certain claims without prejudice pursuant to Rule 41. Though Plaintiffs did not accept that condition (because Plaintiffs are proceeding under Rule 15), the Underwriters did not file any response to Plaintiffs' motion.

[3] Without explanation, BAOS and the Individual Defendants filed letter responses to Plaintiffs' motion rather than briefs as required by Local Rules 7.1 and 11.1.

delay, bad faith or dilatory motive on the part of the movant," *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Responding Defendants do *not* argue that any of these standards apply. In the absence of an opposition to Plaintiff's Motion, the Court should grant Plaintiffs' request to file the proposed TAC. *See Scalia v. Top Notch Home Designs Corp.*, Civ. No. 20-cv-05087(GRB)(JMW), 2021 WL 2453941, at *1 (E.D.N.Y. June 16, 2021) (granting motion for leave to amend because plaintiff's motion was unopposed despite defendants' prior refusal to consent to the amendment); *see also Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 38–39 (S.D.N.Y. 2015) (noting that where a party fails to oppose a particular argument, it is deemed waived).

## II.  THE RESPONDING DEFENDANTS ARE NOT ENTITLED TO DISMISSAL WITH PREJUDICE

After tacitly conceding the propriety of the amendment, the Responding Defendants then demand a declaratory judgment regarding Plaintiffs Union's and Orient's prior Section 12 and 15 claims against them. Such a request is procedurally and substantively improper.

*First*, Local Rule 7.1(b) provides that when a party opposing a motion "seeks relief that goes beyond the denial of the motion," the opposing party must comply with Local Rule 7.1(a)(1) and bring a notice of motion that "specifies the rules or statutes under which the motion is brought and the relief sought." Plainly, the Responding Defendants' request for a declaratory judgment goes well beyond denial of Plaintiffs' motion for leave to amend. Their failure to comply with this Court's rules necessitates denying their requested relief. *See Azkour v. Haouzi*, 11 Civ. 5780 (RJS)(KNF), 2012 WL 4832811, at *6 (S.D.N.Y. Sept. 28, 2012) (denying relief requested in responsive brief because defendants failed to comply with Local Civil Rule 7.1(b)).

*Second*, even if their request was procedurally sound, the Responding Defendants offer no authority for their extraordinary request. In the absence of a motion to dismiss under Rule 12

or 41, federal courts do not possess the authority to dismiss claims with prejudice on a motion for leave to amend under Rule 15. *See Peter Tran v. Bigo Tech. PTE. Ltd..*, Civil Action No. 3:22-CV-00554-GNS-CHL, 2024 WL 386199, at *1, 3 (W.D. Ky. Jan. 31, 2024) (granting motion to amend without conditions). Moreover, a declaratory judgment presupposes an "actual controversy" between the parties. *See* 28 U.S.C. § 2201(a). Here, however, Plaintiffs Union and Orient dropped their Section 12 and 15 claims against the Responding Defendants in the proposed TAC, meaning there is no actual controversy on which the Court can rule. *See Peter Tran*, 2024 WL 386199, at *4 (denying so-called motion for "judgment on the pleadings to dismiss with prejudice Plaintiffs' dropped claims," because once a complaint is amended, it becomes a legal nullity).

### III. THE RESPONDING DEFENDANTS ARE NOT ENTITLED TO LIMITED DISCOVERY

In a bizarre, last-ditch effort to prevent Plaintiffs from filing the TAC, the Responding Defendants demand limited discovery into a transcript and recording of Defendant Yanjun Hu in which he admitted that in the months preceding BAOS's IPO, Chinese law enforcement detained ten BAOS executives and managers, while its CEO, Defendant Wenxiu Zhong, went into hiding. Although their understandable concern about the importance of Defendant Hu's admission is justified, their request for discovery is not a reason to deny or stay Plaintiffs' motion.

*First*, the Responding Defendants claim this discovery is "essential" to determining whether Plaintiffs' Section 11 claim in the Third Amended Complaint would be futile. ECF No. 123 at 3.[4] The Responding Defendants apparently misunderstand the futility analysis, which

---

[4] Like their request for a declaratory judgment, the Responding Defendants' demand for limited discovery is improperly made because they seek relief far beyond the denial of Plaintiffs' motion. Local Rule 7.1(b). On this basis alone, the Court should deny their request. *See Azkour*, 2012 WL 4832811, at *6.

provides that an amendment to a pleading is futile only when "a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Futility is judged by the same standard as a Rule 12(b)(6) motion—that is, "without resort to any outside evidence . . . [while] accept[ing] all facts pleaded as true." *AP-Fonden v. Goldman Sachs Grp., Inc.*, 18-CV-12084 (VSB) (KHP), 2023 WL 4865617, at *7 (S.D.N.Y. July 31, 2023) (citations omitted). It is, therefore, inappropriate to stay Plaintiffs' motion while the Responding Defendants conduct limited discovery into evidence they cannot present in a Rule 12(b)(6) motion.

*Second*, the Responding Defendants also ignore the current discovery stay provided by the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S.C. § 77z-1(b). Nevertheless, if the Responding Defendants wish to begin discovery during the pendency of their (presumably) forthcoming motions to dismiss the TAC, Plaintiffs welcome it so long as the Court lifts the stay completely as required by the PSLRA. *See Gardner v. Major Auto. Cos.*, No. 11–CV–1664 (FB), 2012 WL 1230135, at *4–5 (E.D.N.Y. Apr. 12, 2012) (explaining that the PSLRA discovery stay applies to discovery in the entire action, not just some discovery on some claims). The Responding Defendants do not get to pick and choose when and for what topics discovery proceeds.

## **CONCLUSION**

Plaintiffs respectfully request the Court grant leave for Plaintiffs to file their Third Amended Complaint.

Dated: August 6, 2024                                     DORSEY & WHITNEY LLP


By */s/ Ian Blodger*_____
 Daniel Goldberger
 goldberger.dan@dorsey.com
 51 West 52nd Street
 New York, NY 10019
 Telephone: (212) 415-9200
 Facsimile: (212) 953-7201


 Thomas P. Swigert (NY# 5858840)
 swigert.tom@dorsey.com
 Michael Rowe (*pro hac vice)*
 rowe.michael@dorsey.com
 Ian Blodger (*pro hac vice*)
 blodger.ian@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiffs Orient Plus International Limited, Union Hi-Tech Development Limited, and Golden Genius International Limited*