UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORIENT PLUS INTERNATIONAL LIMITED
et al.,

                              Plaintiffs,

            -against-

BAOSHENG MEDIA GROUP HOLDINGS
LIMITED et al.,

                              Defendants.

Case No. 1:24-cv-00744 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Orient Plus International Limited ("Orient"), Union Hi-Tech Development Limited ("Union"), and Golden Genius International Limited (collectively, "Plaintiffs") bring this federal securities law action against Baosheng Media Group Holdings Limited ("BAOS") and twelve related corporate and individual defendants. Plaintiffs' claims are related to allegedly false statements and omissions made in BAOS's public filings with the United States Securities Exchange Commission ("SEC") in advance of its February 2021 initial public offering ("IPO"), and in a Stock Purchase Agreement between BAOS on the one hand and Union and Orient on the other. Dkt. 120-1 ("Third Amended Complaint" or "TAC") ¶ 1. Defendants include four groups: (1) BAOS; (2) Friedman LLP ("Friedman") and Marcum LLP ("Marcum") (together with Friedman, the "Auditors"); (3) Univest Securities, LLC ("Univest"), the Benchmark Company, LLC ("Benchmark"), and WestPark Capital, Inc. (together with Univest and Benchmark, the "Underwriters"); and (4) seven individual defendants associated with BAOS (including directors, executives, and control persons (together, the "Individual Defendants")). TAC ¶¶ 5-17. Each group of Defendants filed a motion to dismiss in this action. Dkts. 97, 100, 103, 113.

In response, Plaintiffs moved for leave to amend their second amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2).  Dkts. 118-119.  Plaintiffs' motion to amend is now before the Court.  For the reasons set forth below, Plaintiffs' motion for leave to file a Third Amended Complaint is GRANTED.

## BACKGROUND

On February 1, 2024, Plaintiffs filed the initial complaint in this matter, asserting claims under Sections 11, 12, and 15 of the Securities Act of 1993.  Dkt. 1.  On March 5, 2024, Plaintiffs filed an amended complaint under Rule 15(a)(1) to add Friedman – BAOS's auditors at the time of the IPO – as a Defendant.  Dkt. 26 ¶¶ 63-73.

On April 22, 2024, Plaintiffs sought leave, with the consent of counsel for the defendants served at that time, to file a second amended complaint for the sole purpose of clarifying one factual allegation in Paragraph 78 of the amended complaint.  Dkt. 77.  This Court granted Plaintiffs' motion the following day.  Dkt. 78.  On May 22, 2024, BAOS, the Underwriters, and the Auditors moved to dismiss the second amended complaint.  Dkts. 97, 100, 103.  The Individual Defendants moved to dismiss the second amended complaint on July 3, 2024.  Dkt. 113.

On July 16, 2024, Plaintiffs sought leave to file a Third Amended Complaint.  Dkts. 118, 119 ("Mot.").  The Court subsequently denied Defendants' pending motions to dismiss without prejudice to renew within 30 days of the decision on the motion to amend, finding that "addressing the motion to amend prior to addressing motions to dismiss a complaint that may be superseded by amendment is the more efficient method of adjudication."  Dkts. 122, 126.

The proposed Third Amended Complaint includes, among other things: (1) additional factual allegations regarding Defendants' misrepresentations and omissions; (2) an additional

breach of contract claim against BAOS on behalf of Orient and Union; and (3) the dismissal without prejudice of Orient's and Union's Section 12 claim against BAOS and Univest and Section 15 claim against Individual Defendants.  Mot. at 3.  With respect to the first category, the Third Amended Complaint adds factual allegations pertaining to a telephone conversation between a principal of Plaintiff Orient and Defendant Yanjun Hu, during which Hu allegedly disclosed that, in the months preceding BAOS's IPO, Chinese law enforcement detained ten BAOS executive and managers; BAOS suspended its operations; and Hu took control of the company.  TAC ¶¶ 43-44.[1]  According to Plaintiffs, during that call, Hu further disclosed that the investigation resulted in BAOS terminating its relationship with Sogou, a large internet search engine and BAOS's largest customer.  *Id.* ¶¶ 47, 50.  Plaintiffs have also bolstered their allegations with respect to BAOS's misstatements and omissions in its registration statement and prospectus.  *Id.* ¶¶ 56-98.

With respect to the second category of amendments, Plaintiffs add a claim asserting breach of the Stock Purchase Agreement ("SPA") entered between BAOS on the one hand and Orient and Union on the other.  *Id.* ¶¶ 167-172.  Specifically, Orient and Union assert that BAOS falsely warranted that there had been no development that could reasonably be expected to have a material adverse effect on BAOS; that BAOS was not under investigation; that BAOS was not in violation of any laws of the jurisdictions in which it operated; and that its public disclosures contained no material misstatements or omissions.  *Id*. ¶¶ 170-172.

Finally, Orient and Union withdraw their Section 12 claim against BAOS and Univest and their Section 15 claim against the Individual Defendants without prejudice.  Mot. at 3.

---

[1] Plaintiffs appear to have inadvertently omitted their proposed Exhibit A, the certified transcript of the telephone conversation.  Plaintiffs shall therefore file an updated Third Amended Complaint properly appending Exhibit A.

Plaintiffs represent that the "Auditor Defendants unconditionally consented to the filing of the proposed Third Amended Complaint," and that the "Underwriters consented so long as Union and Orient dismissed the Section 12 claim against Univest 'without prejudice.'" Mot. at 1. However, Plaintiffs represent that BAOS and the Individual Defendants consented to the amendments on the condition that Plaintiffs dismiss their Section 12 and Section 15 claims *with prejudice*, which Plaintiffs declined to do. Mot. at 1. On July 30, 2024, BAOS filed a letter in response to Plaintiffs' Motion. Dkt. 123 ("BAOS Br."). The same day, the Individual Defendants submitted a letter in response to Plaintiffs' Motion. Dkt. 124. On August 6, 2024, Plaintiffs filed a reply memorandum in further support of their motion for leave to amend. Dkt. 125 ("Reply").

In response to Plaintiffs' motion to amend, BAOS and the Individual Defendants ask the Court to (1) dismiss *with prejudice* Orient's and Union's Section 12 claim against BAOS and their Section 15 claim against the Individual Defendants; and (2) stay Plaintiffs' motion to amend in favor of limited discovery on the alleged recording of the call between the principal of Orient and Defendant Yanjun Hu. Dkt. 123 at 1; Dkt. 124. Defendants raise no other objections to Plaintiffs' motion to amend.

## LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2)'s "permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam) (quoting *New York v. Green*, 430 F.3d 99, 104 (2d Cir. 2005)). However, "it is within the sound discretion of the district court" to deny leave to amend "for good reason, including futility, bad faith, undue delay,

or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436,

447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 844 F.3d 98, 105 (2d Cir. 2018)).

When a plaintiff proposes an amendment in response to a motion to dismiss, "the

preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss,

rather than granting the motion to dismiss and rendering moot the motion for leave." *Pecou v.*

*Bessemer Tr. Co.*, No.22-cv-01019 (MKV), 2022 WL 3646210, at *2 (S.D.N.Y. Aug. 24, 2022)

(citation omitted).  Indeed, that is the preferred practice of this Court, as set forth in the Court's

Individual Rules of Practice, and of courts in this District.  *See* Rochon Indiv. R. of Prac. 3.B; *see*

*also Hughes v. Nat'l Football League*, No. 22-cv-10743 (JLR), 2023 WL 8039262, at *4

(S.D.N.Y. Nov. 20, 2023) (dismissing as moot defendant's motion to dismiss the first amended

complaint and granting motion for leave to file the second amended complaint); *Iglesias v. HRA*

*Pharma Am., Inc.*, 22-cv-08398 (JHR), 2023 WL 5277424, at *2 (S.D.N.Y. Aug. 16, 2023)

(denying defendant's pending motion to dismiss the operative complaint as moot and granting

leave for plaintiff to file an amended complaint); *Thompson v. City of New York*, No. 21-cv-

08202 (MKV), 2022 WL 562358, at *2 (S.D.N.Y. Feb. 24, 2022) (denying defendants' motions

to dismiss as moot and without prejudice to refile upon service of the amended complaint).

## DISCUSSION

## I.    Dismissal of Section 12 Claim against BAOS and Section 15 Claim Against Individual Defendants

BAOS and the Individual Defendants request an order that Plaintiffs' voluntary

withdrawal of the Section 12 claim against BAOS and Section 15 claim against Individual

Defendants be treated as dismissals *with* prejudice.  BAOS Br. at 2; Dkt. 124.  BAOS argues that

Plaintiffs "should not be permitted a fourth try" to assert their claims against BAOS when they

have "not been able to state a Section 12 claim in what will now be three pleading attempts."  *Id.*

"The Second Circuit has not resolved the issue of whether the proper vehicle for a plaintiff's voluntary dismissal of some claims, instead of the entire action, is Rule 15 or Rule 41(a); however, the Circuit has stated that the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Thorpe v. City of New York*, No. 19-cv-05995 (CM), 2022 WL 3112125, at *1 (S.D.N.Y. Aug. 4, 2022) (citations and quotation marks omitted); *see Wakefield v. N. Telecom, Inc*., 769 F.2d 109, 114 n.4 (2d Cir. 1985) ("[I]t is clear that a district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." (citation omitted)); *G-I Holdings, Inc. v. Baron & Budd*, No. 01-cv-00216 (RWS), 2004 WL 374453, at *1 (S.D.N.Y. Feb. 27, 2004) ("The same considerations are relevant to dropping a claim regardless of wh[ether] 41(a) or 15(a) is invoked.") (citation, brackets, and quotation marks omitted).

Whether the motion to withdraw a claim is fashioned as a motion to amend under Rule 15 or a voluntary dismissal under Rule 41, the court has "considerable discretion in deciding whether to allow withdrawal of a claim without prejudice." *Wakefield*, 762 F.2d at 114. "In general, the court may allow such a dismissal if the defendant will not be prejudiced thereby." *Id.* "There is a general presumption that motions to dismiss claims without prejudice should be granted." *Benitez v. Hitachi Metals Am., Ltd*., No. 11-cv-06816 (NRB), 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012).

"The Second Circuit has identified two lines of authority to guide district courts" when considering contested motions to withdraw a claim without prejudice. *S.E.C. v. Compania Internacional Financiera S.A.*, No. 11-cv-04094 (JPO), 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) (citing *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)); *Jose Luis Pelaez, Inc. v.*

6

*McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-cv-05393 (KMW), 2018 WL 1115517, at *2 (S.D.N.Y. Feb. 26, 2018).  Under one test, Courts weigh five factors, which the Court will refer to as the *Zagano* factors: (1) the plaintiffs' diligence in bringing the motion; (2) any "undue vexatiousness" on plaintiffs' part; (3) the stage of the litigation, including whether defendant has expended effort and expense to prepare for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiffs' explanation for the need to dismiss.  *See Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)); *see also Probiv v. PayCargo LLC*, No. 22-cv-02907 (HG), 2023 WL 159788, at *3 (E.D.N.Y. Jan. 11, 2023) (applying *Zagano* factors to plaintiff's request to file amended complaint to withdraw claim without prejudice); *cf. Enzo Biochem, Inc. v. Harbert Discovery Fund, LP*, No. 20-cv-09992 (PAC), 2022 WL 17361942, at *2-4 (S.D.N.Y. Dec. 1, 2022) (applying *Zagano* factors to plaintiff's request to dismiss claims without prejudice).  Other courts permit withdrawal of claims without prejudice unless "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Compania Internacional*, 2012 WL 1856491, at *2 (citation and quotation marks omitted).  Here, the Court finds that dismissal without prejudice is warranted under the *Zagano* factors as well as under the related test of assessing legal prejudice.

The *Zagano* factors weigh in favor of allowing Plaintiffs to withdraw their claims without prejudice.  First, Plaintiffs were not dilatory in bringing their motion.  To the contrary, Plaintiffs promptly moved to amend their complaint just two weeks after the Individual Defendants filed their motion to dismiss.  Dkt. 113 (motion to dismiss filed July 3, 2024); Dkt. 118 (instant motion filed July 16, 2024); *see Joint Stock Co. v. Infomir LLC*, No. 16-cv-01318 (GBD), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (no undue delay where plaintiffs "filed the motion twenty-four days after [defendant] filed its motion to dismiss and before any [d]efendant

answered the Complaint"); *Hughes*, 2023 WL 8039262, at *2 (no undue delay where "four months elapsed from the time the motion to dismiss was fully briefed" and the motion to amend was filed).

Second, there is no evidence that the motion was made with any improper purpose. *See Compania Internacional*, 2012 WL 1856491, at *5 ("Courts define undue vexatiousness to mean that the plaintiff acted with ill motive in bringing or maintaining its claims." (citation and quotation marks omitted)). There is no basis to find that Plaintiffs either pled or withdrew either their Section 12 claim against BAOS or their Section 15 claim against Individual Defendants in bad faith or for an improper purpose; instead, Plaintiffs appear to have reviewed the motions to dismiss and moved to withdraw the claims based on the arguments raised therein. *See, e.g.*, *Probiv*, 2023 WL 159788, at *3 (granting dismissal of plaintiff's claim without prejudice where plaintiff "diligently withdrew his . . . claim promptly upon reviewing [d]efendants' motion"). Courts routinely grant motions to amend even after defendants have spent "time and resources" to file motions to dismiss. *See, e.g.*, *Hughes*, 2023 WL 8039262, at *2-4 (denying as moot defendant's pending motion to dismiss and granting plaintiff's motion for leave to file a second amended complaint).

This case is in an early procedural posture for purposes of the third and fourth factors. "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cnty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No 12-cv-02237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). Here, no Defendant has answered, no discovery deadlines have been established, and no trial date has been set. *See, e.g.*, *Pelaez*, 2018 WL 1115517, at *4 (granting

8

dismissal of claims without prejudice notwithstanding that case had been pending for almost twenty months and summary judgment motions were fully briefed); *Compania Internacional*, 2012 WL 1856491, at *4 (finding no significant prejudice where there had been no discovery, summary judgment briefing, or trial preparation).  Even the previously filed motions to dismiss have not been adjudicated yet, and if Plaintiffs attempt to assert these claims in another lawsuit, "[d]efendants will not suffer significant duplication of their efforts because they have already researched and prepared a motion to dismiss [those] claim[s]."  *Probiv,* 2023 WL 159788, at *3.

The final *Zagano* factor – the adequacy of the Plaintiffs' explanation – also appears to weigh in favor of Plaintiffs.  Plaintiffs indicate that they brought this motion to "engage in good-faith with Defendants' motion-to-dismiss arguments, with the ultimate goal of facilitating a proper decision on the merits of Plaintiffs' case.  Mot. at 5-6.  The Court deems this a sufficient justification, but in any event, this final *Zagano* factor "is alone not dispositive and any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors." *Am. Fed'n of State, Cnty. and Mun. Emps*., 2013 WL 2391713, at *5 (citing *Benitez*, 2012 WL 3249417, at *2).

Finally, the Court acknowledges that Plaintiffs have amended their complaint twice before, Dkts. 26, 82, but notes that those prior motions were made on consent and targeted narrow issues in the then-operative complaints.  The Court therefore finds that the *Zagano* factors collectively favor dismissal without prejudice of Union's and Orient's Section 12 claim against BAOS and Section 15 claim against Individual Defendants.  *See Stevens v. Goord*, No. 99-cv-11669 (LMM), 2002 WL 987293, at *1-2) (S.D.N.Y. May 10, 2002) (granting motion to amend complaint to, among other things, "manifest . . . voluntarily dismissal of claims without prejudice" and "further specify the nature of claims asserted").

9

Defendant BAOS argues that it would be prejudiced if Orient and Union's Section 12 claim is dropped without prejudice because it "spent significant time and resources to respond to the Second Amended Complaint," and Orient and Union should not be allowed to now evade an adverse ruling only to later reassert their claims.  Dkt. 123 at 2.  "As the non-movants, Defendants bear the burden of demonstrating that substantial prejudice would result were the proposed amendments to be granted." *Compania Internacional*, 2012 WL 1856491, at *2 (citation and quotation marks omitted).  They have not met their burden here.  As discussed previously, this case is at a relatively early stage.  Moreover, the prospect that Plaintiff will start "an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw." *Pelaez*, 2018 WL 1115517, at *3 (citation and quotation marks omitted).

BAOS separately raises the prospect of Plaintiffs attempting to resurrect the dismissed claims in *this* litigation, arguing that Plaintiffs should not be allowed to "hol[d] over Baosheng the threat of reasserting [the Section 12] claim in yet another future amended complaint."  BAOS Br. at 2.  Plaintiffs, however, may no longer amend as of right and therefore any such unlikely amendment would need the Court's approval.  The Court would evaluate any such request in the context of Plaintiffs' previous amendments and the procedural posture of this case.  Defendants' speculation about a potential future request to amend is not sufficient to justify a finding of prejudice.

## II.    BAOS's Request for a Stay of Discovery

Defendants separately seek a stay of Plaintiffs' Motion in favor of "limited discovery" into "Exhibit A" to the Amended Complaint, the transcript of the call between the principal of Plaintiff Orient and Defendant Yanjun Hu.  According to Defendants, Hu has submitted an

affidavit in parallel proceedings contending that the transcript is "false and is a fabrication." BAOS Br. at 3. BAOS therefore maintains that discovery is "essential to determining whether Plaintiffs' Proposed Third Amended Complaint as to Plaintiffs' Section 11 claim against Baosheng would be futile." BAOS Br. at 3.

Defendants misconstrue the futility standard. An amendment is futile when a "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002), *abrogated on other grounds*, *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Therefore, "[d]eterminations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss." *Nettis v. Levitt*, 241 F.3d 186, 194, n.4 (2d Cir. 2001), *overruled on other grounds*, *Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006). That is, such determinations should be made "without resort to any outside evidence," *DiPace v. Goord*, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004), and "accepting all factual allegations as true." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivey Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). "The question before this Court is whether the proposed amended complaint contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Aviles v. S&P Global, Inc.*, No. 17-cv-02987 (JPO), 2022 WL 1467589 (S.D.N.Y. Feb. 25, 2022), *report and recommendation adopted sub. nom.*, *In re Lifetrade Litig.*, 2022 WL 1448431 (S.D.N.Y. May 9, 2022).

The presence of a potential factual dispute as to the authenticity or truthfulness of the call transcript therefore does not render the motion to amend "futile," because the court may not "resort to any outside evidence" in assessing futility. *DiPace*, 308 F. Supp. at 278. Factual disputes are not properly resolved on a motion to dismiss, and therefore are not appropriate subjects on a motion to amend. In any event, "the Court may decline to engage in a detailed

11

futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Envtl. Sols. Assocs. Grp., LLC v. Conopoco Inc.*, No. 20-cv-10699 (MKV), 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021). For these reasons, the Court declines to stay a determination of Plaintiff's' Motion to allow for discovery as to Exhibit A to the Third Amended Complaint.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file the Third Amended Complaint is GRANTED. The requests by BAOS and the Individual Defendants for dismissal with prejudice of the Section 12 claim against BAOS and the Section 15 claim against Individual Defendants, as well as for a stay of Plaintiffs' Motion for limited discovery as to Exhibit A to the Third Amended Complaint, are DENIED. The Clerk of Court is respectfully directed to terminate Dkt. 118.

Dated: October 31, 2024
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

---

[2] BAOS further criticizes that it is "odd" that Plaintiffs did not include Exhibit A to the TAC in their earlier versions of their complaint. BAOS Br. at 2. However, Plaintiffs' additional factual allegations arising from the phone conversation memorialized at Exhibit A relate to "conduct that already was at issue in this case" and of which Defendants therefore had notice. *Aviles*, 2022 WL 1467589, at *6. Plaintiffs' amendments therefore do not "significantly increase the scope of discovery or significantly change the focus of the litigation." *Goord*, 2002 WL 987293, at *2.