IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited,<br><br>    Plaintiffs,<br><br>vs.<br><br>Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP,<br><br>    Defendants. | Civil Action No. 1:24-cv-00744-JLR |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
WENXIU ZHONG, SHENG GONG, YUE JIN, AND YANJUN HU'S
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

i

TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................................1

II.   LEGAL STANDARD............................................................................................................2

III.  ARGUMENT .........................................................................................................................2

      A.   The Court Lacks Personal Jurisdiction over Mr. Hu ...............................................2

      B.   Golden's Claims Are Time-Barred ..........................................................................3

      C.   The Alleged Investigation Was Not Material ..........................................................5

      D.   Baosheng Had No Duty to Disclose the Investigation.............................................6

      E.   Golden Fails to Plead an Actionable Omission .......................................................8

      F.   Baosheng Disclosed the Risks .................................................................................9

      G.   Golden's Own Allegations Negate Causation .........................................................9

      H.   Golden Fails to Plead Control Person Liability .....................................................10

III.  Conclusion ...........................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
   529 F. Supp. 3d 111 (S.D.N.Y. 2021) ....................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..............................................................................................................2

*In re Banco Bradesco S.A. Sec. Litig.*,
   277 F. Supp. 3d 600 (S.D.N.Y. 2017) ....................................................................................3

*Banerjee v. Zhangmen Educ. Inc.*,
   2023 WL 2711279 (S.D.N.Y. Mar. 30, 2023) ........................................................................6

*In re Braskem S.A. Sec. Litig.*,
   246 F. Supp. 3d 731 (S.D.N.Y. 2017) ....................................................................................3

*Caterpillar, Inc. v. Scott*,
   2005 WL 8162859 (D.S.C. July 7, 2005) ..............................................................................4

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*,
   850 F.3d 58 (2d Cir. 2017) ....................................................................................................2

*City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
   450 F. Supp. 3d 379 (S.D.N.Y. 2020) ..................................................................................11

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
   928 F. Supp. 2d 705 (S.D.N.Y. 2013) ....................................................................................7

*Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*,
   433 F. Supp. 3d 515 (S.D.N.Y. 2020) ....................................................................................6

*Danjanovich v. Robbins*,
   2006 U.S. Dist. LEXIS 52508 (D. Utah July 28, 2006) (ECF 155-5) ....................................6

*De Figueroa v. New York*,
   403 F. Supp. 3d 133 (E.D.N.Y. 2019) ...................................................................................2

*Dodds v. Cigna Sec., Inc.*,
   12 F.3d 346 (2d Cir. 1993) ....................................................................................................4

*ECA & Local 134 Ibew Joint Pension Trust v. JP Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009) ..................................................................................................5

*Fed. Hous. Fin. Agency v. Nomura Holdings Am., Inc.*,
   873 F.3d 85 (2d Cir. 2017)......................................................................................4, 5

*Flynn v. Sientra, Inc.*,
   2016 WL 3360676 (C.D. Cal. June 9, 2016) .............................................................6

*Freudenberg v. E*Trade Fin. Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010).........................................................................9

*In re Fuwei Films Sec. Litig.*,
   634 F. Supp. 2d 419 (S.D.N.Y. 2009).........................................................................8

*Ho v. Duoyuan Glob. Water, Inc.*,
   887 F. Supp. 2d 547 (S.D.N.Y. 2012).......................................................................11

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
   936 F.2d 759 (2d Cir. 1991).......................................................................................5

*Indiana Public Retirement System v. SAIC, Inc.*,
   818 F.3d 85 (2d Cir. 2016).........................................................................................7

*Jiajia Luo v. Sogou, Inc.*,
   465 F. Supp. 3d 393 (S.D.N.Y. 2020).........................................................................8

*JP Morgan Chase Bank v. Winnick*,
   350 F. Supp. 2d 393 (S.D.N.Y. 2004).........................................................................4

*Kline v. First Western Government Securities*,
   24 F.3d 480 (3d Cir. 1994).........................................................................................8

*Landry v. Price Waterhouse Chartered Accts.*,
   715 F. Supp. 98 (S.D.N.Y. 1989)................................................................................3

*Lematta v. Casper Sleep, Inc.*,
   2022 WL 4637795 ......................................................................................................6

*Lewis v. YRC Worldwide Inc.*,
   2020 WL 1493915 (N.D.N.Y. Mar. 27, 2020) ...........................................................7

*In re Lions Gate Ent. Corp. Sec. Litig.*,
   165 F. Supp. 3d 1 (S.D.N.Y. 2016).........................................................................5, 7

*In re Livent, Inc. Noteholders Sec. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001).........................................................................2

*Meyer v. Jinkosolar Holdings Co.*,
   761 F.3d 245 (2d Cir. 2014)....................................................................................6, 9

*In re MINISO Grp. Holding Ltd. Sec. Litig.*,
  2024 WL 759246 (S.D.N.Y. Feb. 23, 2024) ................................................................9

*In re Morgan Stanley Info. Fund Sec. Litig.*,
  592 F.3d 347 (2d Cir. 2010) ........................................................................................8

*Oklahoma L. Enf't Ret. Sys. v. Papa John's Int'l, Inc.*,
  444 F. Supp. 3d 550 (S.D.N.Y. 2020) .........................................................................7

*Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*,
  714 F. Supp. 2d 475 (S.D.N.Y. 2010) .........................................................................3

*S.E.C. v. Poirier*,
  140 F. Supp. 2d 1033 (D. Ariz. 2001) .........................................................................6

*Smith v. Am. Eagle Airlines, Inc.*,
  2008 WL 2600857 (E.D.N.Y. July 1, 2008) ...............................................................2

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
  774 F. Supp. 2d 584 (S.D.N.Y. 2011) .........................................................................9

*Steadman v. Citigroup Glob. Markets Holdings Inc.*,
  592 F. Supp. 3d 230 (S.D.N.Y. 2022) .........................................................................7

*Strougo v. Barclays PLC*,
  317 F. Supp. 3d 815 (S.D.N.Y. 2018) .......................................................................11

*Strougo v. Barclays PLC*,
  334 F. Supp. 3d 591 (S.D.N.Y. 2018) .......................................................................11

*Thomas v. Citigroup Glob. Markets Holdings Inc.*,
  2022 WL 1051158 (S.D.N.Y. Mar. 1, 2022) ...............................................................4

*In re TVIX Sec Litig.*,
  25 F. Supp. 3d 444 (S.D.N.Y. 2014) ...........................................................................6

*U.S. Sec. & Exch. Comm'n v. Nielson*,
  2020 WL 9439395 (D.D.C. Feb. 13, 2020) ................................................................6

*Winter v. Stronghold Digital Mining, Inc.*,
  686 F. Supp. 3d 295 (S.D.N.Y. 2023) .......................................................................10

*Yi Xiang v. Inovalon Holdings, Inc.*,
  254 F. Supp. 3d 635 (S.D.N.Y. 2017) .......................................................................10

*In re Zenith Lab'ys Sec. Litig.*,
  1993 WL 260683 (D.N.J. Feb. 11, 1993) ..................................................................10

*Zuckerman v. Smart Choice Auto. Grp., Inc.*,
    2000 WL 33996254 (M.D. Fla. Aug. 29, 2000) ........................................................................6

vi

Defendants Wenxiu Zhong, Sheng Gong, Yue Jin, and Yanjun Hu submit this Memorandum of Law in support of their motion ("**Motion**" ECF 138) to dismiss the TAC[1] and in Reply to Plaintiffs' opposition ("**Opposition**" ECF 154).

I.   INTRODUCTION

Plaintiffs' Opposition fails to raise a material misrepresentation or omission. Relying on cherry-picked statements from the unauthenticated and unsworn Transcript, Golden states that Mr. Hu "must have been involved with preparing" the Registration Statement filed *nearly three years before Golden filed its initial complaint*, and that Baosheng foresaw it would lose its top customer *after the Registration Statement was filed*. *See* Opposition at 38, n. 20, 46. Golden alleges that Baosheng's senior management were arrested a month or two before the IPO (TAC ¶¶ 48-49) but ignores that Baosheng denied that the Investigation took place, that if it did take place then Baosheng was not the subject of the Investigation, that Baosheng personnel were not arrested but rather "called in to cooperate with the [I]nvestigation," and that while Golden alleges Mr. Hu had control during the IPO—the Transcripts make clear that he did not "handle" anything until after the IPO. Motion at 1-5, n.2.

Golden also ignores that the risks underlying the TAC were disclosed, that Golden's own claimed damages were not linked to the Registration Statement, and that Baosheng had no duty to disclose the alleged Investigation. Golden unreasonably argues that Baosheng engaged in misrepresentation by failing to disclose in the Registration Statement events that occurred *after the Registration Statement was filed*. Golden's time-barred legal conclusions couched as factual allegations need not be given deference.

---

[1] Undefined capitalized terms shall have the meanings prescribed to them in the Motion.

## II. LEGAL STANDARD

On a motion to dismiss, courts need not accept as true legal conclusions disguised as factual allegations (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), or credit conclusory statements without factual support, or legal conclusions presented as factual allegations. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001).

A court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *De Figueroa v. New York*, 403 F. Supp. 3d 133, 149 (E.D.N.Y. 2019) (citation omitted); *Smith v. Am. Eagle Airlines, Inc.*, 2008 WL 2600857, at *2 (E.D.N.Y. July 1, 2008) (if documents relied upon in framing a complaint contradict allegations therein, the documents control, the court need not accept the allegations as true).[2]

## III. ARGUMENT

### A. The Court Lacks Personal Jurisdiction over Mr. Hu

The Court cannot exercise personal jurisdiction over Mr. Hu, a Chinese citizen who is not employed by Baosheng and who did not sign the Registration Statement, as he did not direct or take "actions that had a foreseeable effect[] in the United States[.]" Opposition at 21; Motion at 8-10.

---

[2] *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) does not indicate that any "ambiguity" or inconsistency should be in plaintiff's favor, or address our case in which the pleadings are conflicting, incoherent, and should not be accepted as fact. Opposition at n. 13.

2

The TAC fails to allege that Mr. Hu "approved" any statement by Baosheng or that he had knowledge of the Registration Statement generally.[3] Indeed, The TAC does not allege control over the Registration Statement or IPO, and any control would have occurred after Baosheng's IPO.[4] *See* Motion at 10, n.8. Golden's claims are unsupported legal conclusions that this Court need not accept as true. *See supra* at 2.

Golden's conclusory allegations are a "far cry" from specific facts necessary to establish personal jurisdiction. *See* Motion at 8-10; *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 140-43 (S.D.N.Y. 2021) (no jurisdiction where defendants "did not sign any statement that is alleged to contain false information"); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 766-771 (S.D.N.Y. 2017) (dismissing claims absent specific allegations regarding defendant's "role in making, proposing, editing or approving" company's public filings).

### B. Golden's Claims Are Time-Barred

Golden's claims brought in February 2024, based on the Registration Statement filed three years prior, are time-barred. Motion at 11-13. The statute of limitations for these claims is one year.

The statute begins to run upon "discovery of the untrue statement or the omission, or after such discovery should have been made with reasonable diligence. *Pub. Employees' Ret. Sys. of*

---

[3] Golden's caselaw does not involve "similarly situated defendants." Opposition at 21; *compare In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 644 (S.D.N.Y. 2017) (defendant "signed off on" press release while "participating in the bribery scheme . . . with knowledge that it would be filed with the SEC"); *compare Landry v. Price Waterhouse Chartered Accts.*, 715 F. Supp. 98, 102 (S.D.N.Y. 1989) (defendant, a director and party to the underlying transaction, signed financial statements containing misrepresentations).

[4] Plaintiffs' interpretation of the Transcript defies logic. *See* Opposition at 28-31 (distorting "bother companies that are not listed" to mean "impose fines on companies" and "handled this matter . . . after the listing" to mean "to fully resolve the investigation"). The Court need not accept interpretations that would render a claim incoherent or are contradicted by documentary evidence. *See supra* at 2.

*Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 479 (S.D.N.Y. 2010) (citation omitted).

A reasonable investor would have been on inquiry notice as early as 2021 when Baosheng disclosed all risks regarding the loss of Sogou—this is apparent from the facts underlying the Cayman Proceeding filed by Orient, with Golden's and Union's support. *See* Motion at 11-12;[5] *infra* at 8-9; *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993) (dismissing claim as time barred where prospectus contained "risk factors" that caused damages); *Thomas v. Citigroup Glob. Markets Holdings Inc.*, 2022 WL 1051158, at *12 (S.D.N.Y. Mar. 1, 2022) (plaintiff was on inquiry notice when "he would have been notified of his monetary losses" caused by the fraud). Golden pled no damages from the purported arrests or Mr. Hu's alleged control. Opposition at 25. Golden's damages only relate to an alleged fine and the loss of Sogou as a customer. *See, e.g.*, TAC at ¶ 52(e)-(f).

Golden's argument that the Cayman Proceeding began after the initial complaint was filed (Opposition at 26) misses the point. It is not the Winding Up Petition that put Golden on notice, but the facts disclosed in public filings from 2021 and 2022 which formed the basis for the Petition. In Plaintiffs' own words, those facts put them on notice of having "significant concerns regarding the veracity of the information provided as part of Baosheng's IPO process and in its more recent public filings." ECF 98-12 at ¶¶ 12, 56; Motion at 12. Golden, as a sophisticated investor and shareholder, concedes that it was on notice of its claims.

---

[5] Plaintiffs' caselaw is inapposite. Opposition at 24-25; *compare Caterpillar, Inc. v. Scott*, 2005 WL 8162859, at *3-4 (D.S.C. July 7, 2005) (defendant controlled financial records, maintained two sets of books, and reassured plaintiff regarding the accuracy of the books post-closing); *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 409-10 (S.D.N.Y. 2004) (report did not generate doubt as to company's cash flow); *Fed. Hous. Fin. Agency v. Nomura Holdings Am., Inc.*, 873 F.3d 85, 120-21 (2d Cir. 2017) (generalized industry knowledge of subpar underwriting practices and credit downgrades did not trigger inquiry notice).

### C. The Alleged Investigation Was Not Material

Golden has not alleged a material statement or omission that Baosheng would need to disclose, or that was so material that a shareholder would have considered it when purchasing shares. *See* Motion 13-16.

A statement or omission is material if "there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act." *ECA & Local 134 Ibew Joint Pension Trust v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) (quotations and citations omitted). Disclosures are "not a 'rite of confession or exercise of common law pleading. What is required is the disclosure of material objective factual matters.'" *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 761 (2d Cir. 1991). (citation omitted).

Golden argues that the Investigation required disclosure as a "material pending legal proceeding[]" under Item 103. TAC at ¶ 97. The Investigation, which allegedly resulted in a fine totaling approximately 2% of Baosheng's total assets, would not satisfy Item 103's "distinct materiality test" requiring an alleged claim to exceed 10% of consolidated assets. *See* Motion at 14-15; *In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 18-19 (S.D.N.Y. 2016) (dismissing claim as a government investigation, prior to bringing charges, is not a "pending legal proceeding," and the civil penalty did not satisfy the distinct materiality test).

Golden now asserts that the Investigation became material because Baosheng lost Sogou *after the Registration Statement was filed*. Opposition at 38, n. 20.[6] Golden has not shown that Baosheng's executives were aware of any formal charges or of the Investigation's potential impact.

---

[6] Golden's caselaw is not on point. *Id.* (*citing TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (entities did not have to guess as to the outcome of investigations; discussing the "standard of materiality that [the court] think[s] best comports with the policies of Rule 14a-9" rather than Section 11, 12, or 15)).

5

Motion at 4. "An increase in a risk does not mean the risk has already come to pass." *Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 538 (S.D.N.Y. 2020); *In re TVIX Sec Litig.*, 25 F. Supp. 3d 444, 450 (S.D.N.Y. 2014) (rejecting "hindsight" or "backward-looking assessment").

Golden's bare assertions that certain unnamed Baosheng executives were cooperating in an investigation into a third party and that Mr. Hu allegedly handled the Investigation does not impose a duty on Baosheng to disclose.[7] Golden's cases are inapposite and involved misrepresentations or omissions that had already materialized.[8]

### D. Baosheng Had No Duty to Disclose the Investigation

"[T]he existence of 'a government investigation, *without more*, does not trigger a generalized duty to disclose[.]'" *Banerjee v. Zhangmen Educ. Inc.*, 2023 WL 2711279, at *11 (S.D.N.Y. Mar. 30, 2023) (citation omitted). Similarly, Form 20-F Part I[9], Item 8(7), and Item 103

---

[7] *See* Opposition at 38; *compare, e.g., Danjanovich v. Robbins*, 2006 U.S. Dist. LEXIS 52508, at *39 (D. Utah July 28, 2006) (ECF 155-5) (misstatements did not concern management's identity but rather company's access to confidential governmental information and ownership of real estate); *S.E.C. v. Poirier*, 140 F. Supp. 2d 1033, 1043 (D. Ariz. 2001) (defendants "orchestrated the dissemination of false press releases and other publications").

[8] Opposition at 37-38; *contra, e.g.*, *U.S. Sec. & Exch. Comm'n v. Nielson*, 2020 WL 9439395, at *14 (D.D.C. Feb. 13, 2020), *report and recommendation adopted*, 2020 WL 9439363 (D.D.C. July 30, 2020) (disclosure that company had relocated was materially misleading when the company had not relocated and ceased operations); *Flynn v. Sientra, Inc.*, 2016 WL 3360676, at *11 (C.D. Cal. June 9, 2016) (investigation had materialized into a ninety-day suspension of company's license); *Zuckerman v. Smart Choice Auto. Grp., Inc.*, 2000 WL 33996254, at *5 (M.D. Fla. Aug. 29, 2000) (company had been sold and ceased operations); *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 251 (2d Cir. 2014) (pollution-compliance-measures related "comforting statements" were misleading where the company knew about "present and substantial" problems regarding its failure to comply with environmental regulations); *Lematta v. Casper Sleep, Inc.*, 2022 WL 4637795, at ** 2, 6, 10 (E.D.N.Y. Sept. 30, 2022) (distribution changes already cost corporation 130 basis points of gross margin in first quarter).

[9] Form 20-F does not require the disclosure of an "investigation conducted by a government agency," and Golden provides no factual basis that a government proceeding was pending or known to be contemplated. Opposition at 32, n. 19. Caselaw interpreting Sections 11, 12, and 15

6

only require disclosure of pending legal proceedings. Item 303 only requires disclosure of material known trends or uncertainties. Motion at 17.

The TAC baselessly asserts that Baosheng knew the alleged Investigation's outcome before it occurred. *See Steadman v. Citigroup Glob. Markets Holdings Inc.*, 592 F. Supp. 3d 230, 249-50 (S.D.N.Y. 2022) (dismissing claim as statements became untrue after they were made); *Oklahoma L. Enf't Ret. Sys. v. Papa John's Int'l, Inc*., 444 F. Supp. 3d 550, 564 (S.D.N.Y. 2020) (possibility that executives would be forced to leave and disrupt operations "rests on a tenuous chain of causality and falls short of a known risk"). Golden's authorities are inapposite.[10] Further, Golden does not seek to distinguish multiple cases (Motion at 19), and unsuccessfully seeks to distinguish cases which stand for the proposition that investigations are not material known trends or uncertainties and do not require disclosure absent knowledge that an eventual suit was imminent or estimable. Opposition at 35; *Lewis v. YRC Worldwide Inc.,* 2020 WL 1493915, at *9-15 (N.D.N.Y. Mar. 27, 2020); *In re Lions Gate Ent.*, 165 F. Supp. 3d at 18-19.

Golden's claims must be dismissed because the Investigation did not need to be disclosed. *See* Motion at 16-19 (citing cases).

---

hold that investigations are not legal proceedings that require disclosure. *See infra* at 7. Moreover, Sections 11 and 12 are based on misrepresentations or omissions in a registration statement, which Form 20-F is not a part of, and cannot be the basis of Golden's claims.

[10] *Compare, e.g., City of Westland Police & Fire Ret. Sys. v. MetLife, Inc*., 928 F. Supp. 2d 705, 718 (S.D.N.Y. 2013) (Metlife should have expected that investigations would cause it to comply with the states' previous pressure and for state fines); *Indiana Public Retirement System v. SAIC, Inc*., 818 F.3d 85, 95 (2d Cir. 2016) (the company "actually knew" of the fraud and that "it could be implicated in the fraud and required to repay the City").

7

### E. Golden Fails to Plead an Actionable Omission

Golden fails to allege the omission of a *then-existing fact* necessary to prevent the statement from being misleading when made. *See Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 409 (S.D.N.Y. 2020); Opposition at 35-36.

Baosheng's statements did not "trigger a generalized duty requiring [it] to disclose the entire corpus of [its] knowledge" regarding the discussed topics. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 366 (2d Cir. 2010); Opposition at 35. Golden's other authorities are distinguishable.[11] There is no duty to disclose all possible scenarios that could exist but have not yet materialized. *Supra* at 6.

This matter is similar to *Jiajia Luo*, where plaintiffs did not allege "Sogou was in violation of PRC law or regulation at the time the Registration Statement became effective" and the Court dismissed the claims based on filings "warn[ing] investors of exactly the risk the plaintiffs claim was not disclosed." *Id*. 465 F. Supp. 3d at 409-12 (company cannot "be sued for not disclosing the absence of compliance measures that it only later adopted in response to an incident that occurred after the IPO").

Golden's reliance on *Kline v. First Western Government Securities*, 24 F.3d 480 (3d Cir. 1994) is misplaced. *Kline* concerned whether "once a law firm has chosen to speak, [if] it may omit facts material" for purposes of 10(b)(5). *Id*. at 490-91. The Third Circuit found the law firm had a duty to investigate and disclose information that "would have undermined the[ir] conclusions" and it was put on notice by investors sending inquiries prior to the letter's issuance. *Id*. at 490-91. Baosheng's statements were not legal opinions issued by a law firm, and the

---

[11] *See, e.g.*, *supra* n. 8; *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 440-41 (S.D.N.Y. 2009) (registration statement "create[d] the impression" that no investigation existed while legal proceedings had allegedly already been requested and passports confiscated).

information in the Registration Statement would not have been undermined by an Investigation into a third-party. Motion at 1-5, 15.

### F. Baosheng Disclosed the Risks

The TAC must be dismissed as Baosheng disclosed the underlying risks. *See* Motion at 19-21.

Golden admits that Baosheng's Registration Statement disclosed the risks related to the loss of Sogou, but then argues that Baosheng had a duty to disclose that the risk had already materialized. Opposition at 39-40. Golden points to no fact in support of this allegation. *Supra* at 6, 8.

Plaintiffs' caselaw relies on different facts. Opposition at 40; *JinkoSolar*, 761 F.3d at 250 (company failed to disclose ongoing, serious violations known at time of offering); *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171 (S.D.N.Y. 2010) (company portrayed lending practices as conservative and failed to disclose deteriorating loan portfolio).

### G. Golden's Own Allegations Negate Causation

Multiple New York courts have dismissed Sections 11 and 12 claims based on negative causation. Golden's losses were not due to the alleged omissions or misstatements. *See* Motion at 21-22.[12]

---

[12] Golden misinterprets cited authorities. Opposition at 42; *compare In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 774 F. Supp. 2d 584, 589-96 (S.D.N.Y. 2011) (applying loss causation from cases involving public offerings of securities and not limiting the application of its decision to the context of misrepresentations made by a mutual fund); *In re MINISO Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *19-20 (S.D.N.Y. Feb. 23, 2024) (dismissing Section 11 claim because the loss was not due to the alleged fraud). Here, the alleged loss related to the loss of Sogou after the Registration Statement was filed.

Golden does not dispute that Baosheng's decline in revenue since 2021 was due to the loss of Sogou as a client. It now argues, that "[i]t does not matter precisely when [Baosheng] formally lost Sogou," because Baosheng knew it "had lost or was certain to lose its relationship with Sogou" when the Registration Statement was filed. *See* Opposition at 41-42. Baosheng did not lose its relationship with Sogou until after the Registration Statement became effective. Motion at 4-5. The Transcript does not allege Baosheng was "certain" it would lose Sogou as a client. The Court need not credit unsupported assertions. *Supra* at 2. Golden's caselaw is inapposite.[13]

### H. Golden Fails to Plead Control Person Liability

Golden has not plausibly alleged Section 15 liability as to Mr. Hu. *See* Motion at 22-26.

Golden fails to address the inherent incompatibility of its Section 15 claims, *i.e.*, there can be no control person liability against both Mr. Hu and the other defendants. *Id*. at 25. Given Golden's allegations that Mr. Hu "took over" Baosheng's operations from other directors and officers, its Section 15 claims against these two groups conflict. *Id*.

The TAC does not sufficiently plead "control." Motion at 23-26. Golden's allegations are scant, speculative, and do not state that Mr. Hu exercised actual control over Baosheng's IPO or Registration Statement through ownership, contract, or that he had any power to direct Baosheng's management and policies. *Id*. Golden's authorities do not support the imposition of control personal liability predicated on speculation. *See* Opposition at 46; *In re Zenith Lab'ys Sec. Litig.*,

---

[13] Opposition at 42-43; *compare Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 644-45 (S.D.N.Y. 2017) (defendants provided no alternative explanation for the alleged loss); *Winter v. Stronghold Digital Mining, Inc.*, 686 F. Supp. 3d 295, 310 (S.D.N.Y. 2023) (defendants' concealed information led to a 35% stock decline).

10

1993 WL 260683, at *11 (D.N.J. Feb. 11, 1993) (defendant participated in deception by signing misleading releases, and intentionally perpetuated fraud through inaction).[14]

New York courts have dismissed Section 15 claims where the pleading fails to specifically allege control over misleading statements. *See, e.g.*, *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 578 (S.D.N.Y. 2012) (dismissing "conclusory allegations" of control based on positions); *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 429 (S.D.N.Y. 2020) (plaintiffs failed to allege that executive defendants signed the registration statements and rested on a generalized allegation that they had control over the filings' contents). The TAC fails to allege control over the statements and requires dismissal. Motion at 23-26.

### III. Conclusion

Defendants Ms. Zhong, Mr. Gong, Mr. Jin, and Mr. Hu respectfully request that the Court grant their Motion in full and dismiss Golden's claims with prejudice.

Date: March 7, 2025
      New York, NY

                                              */s/ M.M. Utterback*
                                              M.M. Utterback (*pro hac vice*)
                                              Andrew Sklar
                                              **KING & WOOD MALLESONS LLP**
                                              500 Fifth Avenue, 50th Floor
                                              New York, NY 10110
                                              Telephone: (212) 319-4755
                                              meg.utterback@us.kwm.com
                                              andrew.sklar@us.kwm.com
                                              *Counsel for Defendants Wenxiu Zhong, Sheng Gong, Yue Jin, and Yanjun Hu*

---

[14] Golden relies on *Strougo v. Barclays PLC*, 317 F. Supp. 3d 815, 820 (S.D.N.Y. 2018), but fails to explain that the decision was reversed and the Court granted individual defendants' motion for summary judgment. *See Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 598 (S.D.N.Y. 2018) (defendant can prevail on a control person issue by pointing out the lack of evidence to permit a reasonable factfinder to conclude otherwise).

11

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Motion to Dismiss complies with the Court's formatting rules. The Motion to Dismiss, excluding the cover page, table of contents, table of authorities, signature block, and certificate of word count, contains 3,495 words.

Date:   March 7, 2025
        New York, NY

/s/ M.M. Utterback
M.M. Utterback (*pro hac vice*)
Andrew Sklar
**KING & WOOD MALLESONS LLP**
500 Fifth Avenue, 50th Floor
New York, NY 10110
Telephone: (212) 319-4755
meg.utterback@us.kwm.com
andrew.sklar@us.kwm.com
*Counsel for Defendants Wenxiu Zhong, Sheng Gong, Yue Jin, and Yanjun Hu*