**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited,<br><br>Golden,<br><br>vs.<br><br>Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP,<br><br>Defendants. | Civil Action No. 1:24-cv-00744-JLR |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS YU ZHONG, ZUOHAO HU, AND ADAM (XIN) HE'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................1

II. LEGAL STANDARD..........................................................................................1

III. ARGUMENT .......................................................................................................2

    A.    The Court Lacks Personal Jurisdiction over the Independent Directors...................2

    B.    Golden's Claims Are Time-Barred................................................................3

    C.    The Alleged Investigation Was Not Material ...............................................4

    D.    Baosheng Had No Duty to Disclose the Investigation..............................6

    E.    Golden Fails to Plead an Actionable Omission .......................................7

    F.    Baosheng Disclosed the Risks ..................................................................8

    G.    Golden's Own Allegations Negate Causation ............................................9

    H.    Golden Fails to Plead Control Person Liability .........................................9

IV. CONCLUSION..................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
    529 F.Supp.3d 111 (S.D.N.Y. 2021) ................................................................................. 3

*In re Alibaba Grp. Holding Ltd. Sec. Litig.*,
    No. 20 CIV. 9568, 2023 WL 2601472 ............................................................................. 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 1

*Banerjee v. Zhangmen Educ. Inc.*,
    2023 WL 2711279 (S.D.N.Y. Mar. 30, 2023) ................................................................. 6

*In re Braskem S.A. Sec. Litig.*,
    246 F. Supp. 3d 731 (S.D.N.Y. 2017) .............................................................................. 3

*Caterpillar, Inc. v. Scott*,
    2005 WL 8162859 (D.S.C. July 7, 2005) ........................................................................ 4

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*,
    850 F.3d 58 (2d Cir. 2017) .............................................................................................. 2

*City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*,
    450 F. Supp. 3d 379 (S.D.N.Y. 2020) ............................................................................ 10

*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*,
    928 F. Supp. 2d 705 (S.D.N.Y. 2013) .............................................................................. 7

*Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*,
    433 F. Supp. 3d 515 (S.D.N.Y. 2020) .............................................................................. 6

*Danjanovich v. Robbins*,
    2006 U.S. Dist. LEXIS 52508 (D. Utah July 28, 2006) (ECF 155-5) ............................. 6

*De Figueroa v. New York*,
    403 F. Supp. 3d 133 (E.D.N.Y. 2019) ............................................................................. 2

*Dodds v. Cigna Sec., Inc.*,
    12 F.3d 346 (2d Cir. 1993) .............................................................................................. 4

*Fed. Hous. Fin. Agency v. Nomura Holdings Am., Inc.*,
    873 F.3d 85 (2d Cir. 2017) .............................................................................................. 4

*Freudenberg v. E*Trade Fin. Corp.*,
    712 F. Supp. 2d 171 (S.D.N.Y. 2010) ........................................................................... 8

*In re Fuwei Films Sec. Litig.*,
    634 F. Supp. 2d 419 (S.D.N.Y. 2009) ........................................................................... 7

*In re Grab Holdings Ltd. Sec. Litig.*,
    2024 U.S. Dist. LEXIS 43193 (S.D.N.Y. Mar. 12, 2024) ........................................... 10

*Ho v. Duoyuan Glob. Water, Inc.*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012) ......................................................................... 10

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
    936 F.2d 759 (2d Cir. 1991) .......................................................................................... 5

*Indiana Public Retirement System v. SAIC, Inc.*,
    818 F.3d 85 (2d Cir. 2016) ............................................................................................ 7

*Itoba Ltd. v. LEP Group PLC*,
    930 F.Supp. 36 (D.Conn. 1996) .................................................................................... 3

*Jazini by Jazini v. Nissan Motor Co.*,
    148 F.3d 181 (2d Cir. 1998) .......................................................................................... 2

*Jiajia Luo v. Sogou, Inc.*,
    465 F. Supp. 3d 393 (S.D.N.Y. 2020) ........................................................................... 7

*JP Morgan Chase Bank v. Winnick*,
    350 F. Supp. 2d 393 (S.D.N.Y. 2004) ........................................................................... 4

*Kline v. First Western Government Securities*,
    24 F.3d 480 (3d Cir. 1994) ............................................................................................ 8

*Lewis v. YRC Worldwide Inc.*,
    2020 WL 1493915 (N.D.N.Y. Mar. 27, 2020) ......................................................... 5, 7

*In re Lions Gate Ent. Corp. Sec. Litig.*,
    165 F. Supp. 3d 1 (S.D.N.Y. 2016) ............................................................................... 5

*In re Livent, Inc. Noteholders Sec. Litig.*,
    151 F. Supp. 2d 371 (S.D.N.Y. 2001) ........................................................................... 1

*In re MINISO Grp. Holding Ltd. Sec. Litig.*,
    2024 WL 759246 (S.D.N.Y. Feb. 23, 2024) ................................................................. 9

*In re Morgan Stanley Info. Fund Sec. Litig.*,
    592 F.3d 347 (2d Cir. 2010) .......................................................................................... 7

*Oklahoma L. Enf't Ret. Sys. v. Papa John's Int'l, Inc.*,
   444 F. Supp. 3d 550 (S.D.N.Y. 2020)......................................................................................6

*Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*,
   714 F. Supp. 2d 475 (S.D.N.Y. 2010)......................................................................................3

*In re Refco, Inc. Sec. Litig.*,
   503 F.Supp. 2d 611 (S.D.N.Y. 2007)....................................................................................10

*S.E.C. v. Poirier*,
   140 F. Supp. 2d 1033 (D. Ariz. 2001) ....................................................................................6

*Smith v. Am. Eagle Airlines, Inc.*,
   2008 WL 2600857 (E.D.N.Y. July 1, 2008)...........................................................................2

*In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*,
   774 F. Supp. 2d 584 (S.D.N.Y. 2011)......................................................................................9

*Steadman v. Citigroup Glob. Markets Holdings Inc.*,
   592 F. Supp. 3d 230 (S.D.N.Y. 2022)......................................................................................6

*Thomas v. Citigroup Glob. Markets Holdings Inc.*,
   2022 WL 1051158 (S.D.N.Y. Mar. 1, 2022) ..........................................................................4

*In re TVIX Sec Litig.*,
   25 F. Supp. 3d 444 (S.D.N.Y. 2014).......................................................................................6

*Winter v. Stronghold Digital Mining, Inc.*,
   686 F. Supp. 3d 295 (S.D.N.Y. 2023)......................................................................................9

*Yi Xiang v. Inovalon Holdings, Inc.*,
   254 F. Supp. 3d 635 (S.D.N.Y. 2017)......................................................................................9

**Other Authorities**

17 C.F.R. § 230.483 ........................................................................................................................10

Defendants Yu Zhong, Zuohao Hu, And Adam (Xin) He submit this Memorandum of Law in support of their motion ("**Motion**;" ECF 146) to dismiss the TAC and in Reply to Plaintiffs' opposition ("**Opposition**," ECF 154).

## I. INTRODUCTION

Plaintiffs' Opposition fails to plausibly raise a material misrepresentation or omission. Golden effectively asks the Court to *infer* – from thoroughly conclusory allegations – that the Independent Directors must have been involved with preparing the Registration Statement filed *nearly three years before Golden filed its initial complaint*, and that Baosheng foresaw it would lose its top customer *after the Registration Statement was filed*. *See* Opposition at 38 n. 20, 46. Further, Golden alleges that Baosheng's senior management were arrested a month or two before the IPO (TAC ¶ 49) but ignores that any arrests were actually of third parties; that any ostensible Investigation wasn't into Baosheng; and that Baosheng personnel were only allegedly "called in to cooperate with the [I]nvestigation." Motion at 1-4, n.2.

Moreover, Golden ignores that the risks at issue were disclosed; that Golden's own allegations make clear that its damages were not linked to the Registration Statement; and that Baosheng had no duty to disclose the alleged Investigation. Instead, Golden impermissibly asks the Court to invent misrepresentations based on some form of unidentified knowledge of losses that had not yet materialized. Golden's time-barred contradictory legal conclusions couched as factual allegations cannot be given deference, and dismissal is thus warranted.

## II. LEGAL STANDARD

On a motion to dismiss, courts need not accept as true legal conclusions disguised as factual allegations, or credit conclusory statements without factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001).

Further, a court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *De Figueroa v. New York*, 403 F. Supp. 3d 133, 149 (E.D.N.Y. 2019); *Smith v. Am. Eagle Airlines, Inc.*, 2008 WL 2600857, at *2 (E.D.N.Y. July 1, 2008) (if documents relied upon in framing the complaint contradict allegations contained therein, the documents control and the court need not accept the allegations as true).[1]

## III. ARGUMENT

### A. The Court Lacks Personal Jurisdiction over the Independent Directors.

The Court cannot exercise personal jurisdiction over the Independent Directors, who are not executives of Baosheng and who did not sign the Registration Statement, as they did not direct or take "actions that had a foreseeable effect[] in the United States." Conclusory allegations, unsupported by allegations of specific fact, are insufficient to establish jurisdiction, just as they are insufficient to state any merits element. *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).

And here, in both their TAC and their Opposition, Plaintiffs fail to point the Court to any allegation of specific fact showing that the Independent Directors directed any wrongful action into New York (or, for that matter, the United States). Plaintiffs repeat their allegations that the Independent Directors "had control" over Baosheng's filings and directed those filings toward United States investors, and that each had the duties of the members of any audit committee, *see* Opposition at 18; but Plaintiffs fail to point the Court to any allegation of specific fact showing

---

[1] *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017) does not indicate that *any* "ambiguity" or inconsistency of the complaint should be construed in plaintiff's favor, and does not explain the standard where, such as here, the pleadings are conflicting, incoherent, and conclusory, and thus need not be accepted as fact. Opposition at n. 13.

2

that any of these Independent Directors did in fact exercise control over the Registration Statement here or in any way *failed* to fulfill those duties, or otherwise directed any wrongful act into the forum. *Compare id. with In re Aegean Marine Petroleum Network, Inc. Sec. Litig.,* 529 F.Supp.3d 111, 135 (S.D.N.Y. 2021) (plaintiff required to establish personal jurisdiction separately as to *each* defendant for *each* claim asserted); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 766-771 (S.D.N.Y. 2017) (dismissing claims absent specific factual allegations regarding defendant's actual "role in making, proposing, editing or approving" company's public filings); *In re Alibaba Grp. Holding Ltd. Sec. Litig.*, No. 20 CIV. 9568, 2023 WL 2601472, at *7 ("sweeping allegations regarding [defendant's] control over [the company] are insufficient to establish personal jurisdiction … [and] are a 'far cry' from concrete factual pleadings which allege 'specific facts making the foreign defendant accountable for an issuer's allegedly actionable corporate statements.'" *Id.* (internal citations omitted).[2]

### B. Golden's Claims Are Time-Barred

Golden's claims brought in February 2024, based on the February 8, 2021 Registration Statement filed three years prior, are time-barred. Motion at 11-13. The one-year statute begins to run upon "discovery of the untrue statement or the omission, or after such discovery should have been made with reasonable diligence. *Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 479 (S.D.N.Y. 2010).

---

[2] Notably, Plaintiffs rely entirely upon these conclusory allegations in their attempt to defend their jurisdictional pleading, and concede that the Independent Directors' denial of any assertion that they signed the Registration Statement (while true) is thus "irrelevant." Opposition, at 19 n. 12. Plaintiffs also fail to seek jurisdictional discovery on the point, and thus both waive such discovery *and* render inapposite their citation to *Itoba Ltd. v. LEP Group PLC*, 930 F.Supp. 36, 41 (D.Conn. 1996), in which such discovery was taken and specifically substantiated the allegations of approval. *See also In re Aegean Marine*, 529 F. Supp. 3d at 140-43 (no jurisdiction where defendants "did not sign any statement that is alleged to contain false information"); *infra* p. 11.

A reasonable investor would have been on inquiry notice of the claims underlying the TAC as early as 2021, when Baosheng disclosed all risks regarding the loss of Sogou and financial losses—as is apparent from the facts underlying the Cayman Proceeding filed by Orient, with Golden's and Union's support. *See* Motion at 11-12;[3] *Dodds v. Cigna Sec., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993) (dismissing claim as time barred where prospectus contained "risk factors" that caused damages); *Thomas v. Citigroup Glob. Markets Holdings Inc.*, 2022 WL 1051158, at *12 (S.D.N.Y. Mar. 1, 2022) (plaintiff was on inquiry notice when "he would have been notified of his monetary losses" caused by the fraud).

Golden's argument that the Cayman Proceeding began after the initial complaint was filed (Opposition at 26) misses the point. It is not the Winding Up Petition that put Golden on notice, but the *facts disclosed in public filings from 2021 and 2022* which *formed the basis for the Cayman petition*. In Plaintiffs' own words, those facts put them on notice of having "significant concerns regarding the veracity of the information provided as part of Baosheng's IPO process and in its more recent public filings." ECF 98-12 at ¶¶ 12, 56; Motion at 12. Golden, as a sophisticated investor and shareholder, sat on its thumbs and cannot now try to take advantage of its wait-and-see approach.

C. **The Alleged Investigation Was Not Material**

Golden has not alleged a material statement or omission that Baosheng would need to disclose, or that was so material that a shareholder would have considered it when acquiring shares.

---

[3] Plaintiffs' caselaw is inapposite. Opposition at 24-25; *compare Caterpillar, Inc. v. Scott*, 2005 WL 8162859 at *3-4 (D.S.C. July 7, 2005) (defendant controlled financial records, maintained two sets of books, and reassured plaintiff regarding the accuracy of the books post-closing); *JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 409-10 (S.D.N.Y. 2004) (report did not generate doubt as to company's cash flow); *Fed. Hous. Fin. Agency v. Nomura Holdings Am., Inc.*, 873 F.3d 85, 120-21 (2d Cir. 2017) (generalized industry knowledge of subpar underwriting practices and credit downgrades did not trigger inquiry notice).

*See* Motion 13-16. The "central inquiry" in determining materiality is "whether defendants' representations, taken together and in context, would have [misled] a reasonable investor." *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 761 (2d Cir. 1991). Disclosures in public filings are "not a rite of confession or exercise of common law pleading. What is required is the disclosure of material objective factual matters." *Id.* at 761 (citation omitted).

Golden argues that the Investigation required disclosure as a "material pending legal proceeding[]" under Item 103. TAC at ¶ 97. The Investigation, which allegedly resulted in a fine totaling approximately 2% of Baosheng's total assets, would not satisfy Item 103's "distinct materiality test" requiring an alleged claim to exceed 10% of consolidated assets. *See* Motion at 14-15; *In re Lions Gate Ent. Corp. Sec. Litig.*, 165 F. Supp. 3d 1, 18-19 (S.D.N.Y. 2016) (dismissing claim as a government investigation, prior to bringing charges, is not a "pending legal proceeding," and the final civil penalty did not satisfy the distinct materiality test).[4]

Golden now asserts that the Investigation became material because Baosheng lost Sogou's business *after the Registration Statement was filed.* Opposition at 38, n. 20. However, Golden has not alleged facts showing that Baosheng's executives were aware of any formal charges or the

---

[4] Golden argues that *Lewis v. YRC Worldwide Inc.,* 2020 WL 1493915 at *9-11 (N.D.N.Y. Mar. 27, 2020) is distinguishable because the investigation lasted nine years and there was no indication that the investigation would result in an outcome. Opposition at 35. Golden ignores that the investigation did not need to be disclosed *at any point,* and that the Defendants here, like in *Lewis*, did not have actual knowledge that "litigation was imminent or that the amount of [the government's] eventual suit was estimable." *Lewis*, 2020 WL 1493915 at *15. Similarly, Golden's attempt to distinguish *In re Lions Gate* supports *Defendants'* arguments that a government investigation "could not be characterized as a 'known trend' or 'uncertainty,'" and that the Court in *In re Lions* "determined it could not have had a material effect on defendant's business." Opposition at 35. As discussed above, Golden offers no argument as to why the instant matter is different from *In re Lions*, and offers only unsupported, conclusory allegations that Baosheng knew that the Investigation would have a material effect on Baosheng's business.

5

Investigation's potential impact. Motion at 4. "An increase in a risk does not mean the risk has already come to pass." *Constr. Laborers Pension Tr. for S. Cal. v. CBS Corp.*, 433 F. Supp. 3d 515, 538 (S.D.N.Y. 2020); *In re TVIX Sec Litig.*, 25 F. Supp. 3d 444, 450 (S.D.N.Y. 2014) (rejecting "hindsight" or "backward-looking assessment").

Golden's bare assertions that certain unnamed Baosheng executives were cooperating in an investigation into a third party, and that Defendant Mr. Hu somehow allegedly "handled" the putative investigation, do not establish a duty on Baosheng to disclose.[5] Golden's cases are inapposite and involved misrepresentations or omissions that had already materialized.

### D. Baosheng Had No Duty to Disclose the Investigation

"[T]he existence of 'a government investigation, *without more*, does not trigger a generalized duty to disclose[.]'" *Banerjee v. Zhangmen Educ. Inc.*, 2023 WL 2711279, at *11 (S.D.N.Y. Mar. 30, 2023). Similarly, Form 20-F Part I, Item 8(7) and Item 103 only require disclosure of pending legal proceedings, and Item 303 only requires disclosure of material known trends or uncertainties. *See* Motion at 17.

The TAC baselessly asserts that Baosheng knew the alleged Investigation's outcome before it occurred and need not be accepted as true. *See Steadman v. Citigroup Glob. Markets Holdings Inc.*, 592 F. Supp. 3d 230, 249-50 (S.D.N.Y. 2022) (dismissing claim as statements became untrue after they were made); *Oklahoma L. Enf't Ret. Sys. v. Papa John's Int'l, Inc.*, 444 F. Supp. 3d 550, 564 (S.D.N.Y. 2020) (possibility that executives would be forced to leave and disrupt operations

---

[5] *See* Opposition at 38; *compare, e.g., Danjanovich v. Robbins*, 2006 U.S. Dist. LEXIS 52508, at *39 (D. Utah July 28, 2006) (ECF 155-5) (misstatements did not concern management's identity but rather the company's access to confidential governmental information and ownership of real estate); *S.E.C. v. Poirier*, 140 F. Supp. 2d 1033, 1043 (D. Ariz. 2001) (defendants "orchestrated the dissemination of false press releases and other publications").

6

"rests on a tenuous chain of causality and falls short of a known risk"). Golden's authorities are inapposite.[6]

Golden's claims must be dismissed as it has not alleged damages other than those related to an alleged Investigation which required no disclosure. *See* Motion at 16-19 (citing cases).

E. **Golden Fails to Plead an Actionable Omission**

Golden fails to allege the omission of a *then-existing fact* necessary to prevent the statement from being misleading when made. *See Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 409 (S.D.N.Y. 2020); Opposition at 35-36.

Baosheng's statements did not "trigger a generalized duty requiring [it] to disclose the entire corpus of [its] knowledge" regarding the discussed topics. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 366 (2d Cir. 2010); Opposition at 35. Golden's other authorities are distinguishable.[7] There is no duty to disclose all possible scenarios that could exist but have not yet materialized. *Supra* at 6.

This matter is similar to *Jiajia Luo*, where plaintiffs did not allege "Sogou was in violation of PRC law or regulation at the time the Registration Statement became effective" and the Court dismissed the claims based on filings "warn[ing] investors of exactly the risk the plaintiffs claim was not disclosed." *Id*. 465 F. Supp. 3d at 409-12 (company cannot "be sued for not disclosing

---

[6] *Compare, e.g., City of Westland Police & Fire Ret. Sys. v. MetLife, Inc*., 928 F. Supp. 2d 705, 718 (S.D.N.Y. 2013) (Metlife should have expected that investigations would cause it to comply with the states' previous pressure and for state fines); *Indiana Public Retirement System v. SAIC, Inc*., 818 F.3d 85 (2d Cir. 2016) (the company "actually knew" of the fraud and that "it could be implicated in the fraud and required to repay the City"). Golden's attempt to distinguish *Lewis* is unsuccessful. Opposition at 35; *Lewis v. YRC Worldwide Inc.*, 2020 WL 1493915, *10, *15 (N.D.N.Y. Mar. 27, 2020) (investigation did not need to be disclosed at any time because defendants had no actual knowledge that "litigation was imminent or that the amount of [the] eventual suit was estimable").

[7] *See, e.g.*, *supra* n. 8; *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 440-41 (S.D.N.Y. 2009) (finding registration statement "create[d] the impression" that no investigation existed, while there was one).

7

the absence of compliance measures that it only later adopted in response to an incident that occurred after the IPO").

Golden's reliance on *Kline v. First Western Government Securities*, 24 F.3d 480 (3d Cir. 1994) is also misplaced. In *Kline*, the document containing material omissions was a tax opinion issued by a law firm. *Id*. at 491. The Third Circuit found the law firm had elected to speak regarding the transactions at issue and was subject to a limited duty not to omit "information that would have undermined the conclusion" in their opinion. *Id*. at 490-91. Baosheng's statements did not constitute a legal opinion, and information regarding the alleged Investigation would not have undermined Baosheng's disclosures' conclusions.

## F.    Baosheng Disclosed the Risks

The TAC must be dismissed as Baosheng disclosed the underlying risks. *See* Motion at 19-21.

Golden admits that Baosheng's Registration Statement disclosed the risks related to losing Sogou as a customer (and ignores all other disclosures that further disclosed the TAC's underlying risks), but then baselessly regurgitates the assertion that Baosheng had a duty to disclose that risks had already materialized. Opposition at 40. Plaintiffs have not alleged any facts showing that Baosheng somehow knew that risks regarding Sogou had materialized. *Supra* at 6, 8.

Plaintiffs' caselaw involves fundamentally different facts. *Compare* Opposition at 40 *with JinkoSolar*, 761 F.3d at 250 (company failed to disclose ongoing, serious violations known at the time of its offering); *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171 (S.D.N.Y. 2010) (company portrayed its lending practices as conservative and failed to disclose its deteriorating loan portfolio).

### G. Golden's Own Allegations Negate Causation

Multiple New York courts have dismissed Sections 11 and 12 claims based on negative causation—that Golden's losses were not due to the alleged omissions or misstatements. *See* Motion at 21-22.[8]

Golden does not dispute that Baosheng's decline in revenue since 2021 was due to the loss of Sogou as a client. However it now argues, baselessly, that "[i]t does not matter precisely when [Baosheng] formally lost Sogou," because Baosheng knew it "had lost or was certain to lose its relationship with Sogou" when the Registration Statement was filed. *See* Opposition at 41-42. Baosheng did not lose its relationship with Sogou until after the Registration Statement became effective. Motion at 4-5. The Transcript does not allege Baosheng was "certain" it would lose Sogou and it is stated nowhere in the Transcript. The Court need not credit unsupported bare assertions. *Supra* at 2. Golden's caselaw is inapposite.[9]

### H. Golden Fails to Plead Control Person Liability

For all the reasons previously stated, Golden has not alleged a primary violation under Sections 11 or 12. *See* ECF No. 147, at 22.

Golden also fails to resolve the inherent incompatibility of its Section 15 claims. There can be no parallel control person liability against both the Independent Directors and Mr. Hu,

---

[8] Golden misinterprets cited authorities. Opposition at 42; *compare In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 774 F. Supp. 2d 584, 589-96 (S.D.N.Y. 2011) (applying loss causation from cases involving public offerings of securities and not limiting the application of its decision to the context of misrepresentations made by a mutual fund); *In re MINISO Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *19-20 (S.D.N.Y. Feb. 23, 2024) (dismissing Section 11 claim because the loss was not the result of the alleged fraud). Here, the alleged loss related to the loss of Sogou after the Registration Statement was filed.

[9] Opposition at 42-43; *compare Yi Xiang v. Inovalon Holdings, Inc.*, 254 F. Supp. 3d 635, 644 (S.D.N.Y. 2017) (defendants did not provide an alternative explanation for the alleged loss); *Winter v. Stronghold Digital Mining, Inc.*, 686 F. Supp. 3d 295, 310 (S.D.N.Y. 2023) (defendants concealed information led to a 35% stock decline).

because Golden alleges that Mr. Hu "took over" Baosheng's operations from the other directors and officers. Its Section 15 claims against these individuals are thus incoherent and ill-pled. *Id*.

And decisively, the TAC does not sufficiently plead "control" as to the Independent Directors. ECF 147, at 23-24. Golden fails even remotely to allege specific, non-conclusory facts showing that the Independent Directors had "the power to direct or cause the direction of the management and policies of the [putative primary violators], whether through the ownership of voting securities, by contract, or otherwise." *See id*. In opposition, Golden relies entirely upon *In re Refco, Inc. Sec. Litig.*, 503 F.Supp. 2d 611 (S.D.N.Y. 2007). ECF 154, at 44. But in *Refco*, the complaint specifically alleged that the individual defendant did in fact prepare and approve the registration statement at issue, and was "deeply involved with Refco's day-to-day activities"; and moreover specifically alleged that the individual signed the statement. *Id.* at 638-39. Here, Plaintiffs have not alleged and cannot allege that the Independent Directors were deeply involved in the Company's operations or prepared and approved the Registration Statement, but instead effectively ask the Court, *sotto voce*, to draw that specific inference from their boilerplate recitations of the duties of any audit committee member. And crucially, as to the allegation that the Independent Directors signed the Registration Statement *via* an "attorney-in-fact," the allegation is belied by the record: The Registration Statement sued upon, unlike its predecessors, lacks the appended power of attorney necessary to render such putative signatures effective. *Compare* ECF 98-2 *with* 17 C.F.R. § 230.483 (requiring POA) *and In re Grab Holdings Ltd. Sec. Litig.*, 2024 U.S. Dist. LEXIS 43193, at *52 (S.D.N.Y. Mar. 12, 2024) (where general allegations are contradicted by cognizable documentary evidence, documents will control); *see also, e.g.*, *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 578 (S.D.N.Y. 2012) (dismissing "conclusory allegations" of defendants' control based on positions); *City of Omaha Police & Fire Ret. Sys. v.*

*Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 429 (S.D.N.Y. 2020) (plaintiffs failed to allege that executive defendants signed the registration statements and rested on a generalized allegation that they "possessed and exercised their power and authority to control" filings' contents). The TAC thus requires dismissal as to this claim as well.

## IV. CONCLUSION

For all the foregoing reasons, Defendants Ms. Zhong, Prof. Hu and Mr. He respectfully request that the Court grant their Motion and dismiss Plaintiffs' claims with prejudice.

Date: March 7, 2025
New York, NY

*/s/ Timothy J. McCarthy*
Timothy J. McCarthy
New York State Bar No. 3996345
Federal Bar No. TM-2118
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400 (Main Number)
(214) 698-7847 (Direct Number)
(855) 245-0197 (Facsimile)
tmccarthy@dykema.com

**ATTORNEY FOR DEFENDANTS
YU ZHONG, ADAM (XIN) HE,
and ZUOHAO HU**

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Reply in Support of Motion to Dismiss complies with the Court's formatting rules. The Reply, excluding the table of contents, table of authorities, and certificate of word count, contains 3,499 words.

Date: March 7, 2025
New York, NY

*/s/ Timothy J. McCarthy*
Timothy J. McCarthy
New York State Bar No. 3996345
Federal Bar No. TM-2118
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400 (Main Number)
(214) 698-7847 (Direct Number)
(855) 245-0197 (Facsimile)
tmccarthy@dykema.com

**ATTORNEY FOR DEFENDANTS**
Yu Zhong, Zuohao Hu and Adam (Xin) He

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE upon all counsel of record on this the 7th day of March 2025.

*/s/ Timothy J. McCarthy*
Timothy J. McCarthy

126497.000001 4900-7847-2485.9