

IAN BLODGER
Partner
(612) 492-6684
blodger.ian@dorsey.com

July 3, 2025

**VIA ELECTRONIC FILING**
The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Orient Plus International, Limited, et al., v. Baosheng Media Group Holdings, Limited, et al.*, Case No. 1:24-cv-744
           Notice of Supplemental Authority

Dear Judge Rochon,

    I represent Plaintiffs Orient Plus International Limited, Union High-Tech Development Limited, and Golden Genius International Limited ("Plaintiffs") in the above-captioned matter. I write to draw the Court's attention to the Supreme Court's recent opinion in *Fuld v. PLO*, 24-20 (June 20, 2025). A copy of this decision is attached as **Exhibit A**. *Fuld* is relevant to Defendants Yu Zhong, Zuohao Hu, Adam (Xin) He, and Yanjun Hu's argument that the Court lacks personal jurisdiction over them. *See See* Audit Committee Defs' Br. (ECF No. 147) at 9; Signatories and Yanjun Hu's Br. (ECF No. 138) at 9.

    *Fuld* addressed the constitutional standard for assessing whether a federal court's exercise of personal jurisdiction violates the due process clause of the Fifth Amendment—a question that the Court had previously expressly reserved. *See Fuld*, No. 24-20 at 7. The Court declined to apply the same framework it had previously adopted for a state's exercise of personal jurisdiction under the Fourteenth Amendment in *International Shoe Co. v. Washington*, 326 U. S. 310 (1945) and its progeny. The Fourteenth Amendment standard looks to, among other things, whether a defendant has minimum contacts with a forum. Distinguishing the Fifth Amendment in the context of the exercise of personal jurisdiction in federal court from the Fourteenth Amendment in the context of the exercise of personal jurisdiction in state court, the Court in *Fuld* stated: "[W]e decline to import the Fourteenth Amendment minimum contacts standard into the Fifth Amendment." Instead, the Court held that "the Due Process Clause of the Fifth Amendment necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Id.* Though the Court declined to determine the precise boundaries of the Fifth Amendment's Due Process Clause, it noted that the application of the jurisdictional statute at issue in the case was appropriate because it related to conduct that had a "meaningful relationship to the United States" and was reasonable considering "the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief." *Id.* at 19–20.



July 3, 2025
Page 2


     *Fuld* is relevant to this case because the Securities Act allows for "personal jurisdiction over foreigners not present in the United States to the extent that the Due Process Clause of the Fifth Amendment permits."  *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346, 398 (S.D.N.Y. 2005).  Prior to *Fuld*, many cases addressed personal jurisdiction under the Securities Act by applying the Fourteenth Amendment framework, for example assessing whether the defendants had minimum contacts with the United States.  *See, e.g.*, *In re Aegean Marine Petroleum Network, Inc.*, 529 F. Supp. 3d 111, 134 (S.D.N.Y. 2021) (citing *Int'l Shoe Co.*, 326 U.S. at 316).  Defendants also make similar arguments in their briefs based on this Fourteenth Amendment framework.  *See* Audit Committee Defs' Br. (ECF No. 147) at 9 ("[The Audit Committee Defendants] do not have sufficient contact with New York . . . ."); Signatories and Yanjun Hu's Br. (ECF No. 138) at 9 ("Mr. Hu does not have sufficient contacts with New York . . . .").

     The Supreme Court's clarification of the standards applicable to the Fifth Amendment's Due Process Clause in *Fuld* abrogates prior decisions applying the narrower Fourteenth Amendment framework to assess personal jurisdiction in the context of Securities Act cases.

                                           Thank you,

                                         /s/ Ian Blodger
                                        Ian Blodger
                                        Partner