UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP,<br><br>                              Defendants. | Case No. 1:24-cv-00744-JLR |

## BAOSHENG MEDIA GROUP HOLDINGS LIMITED'S ANSWER AND DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Baosheng Media Group Holdings Limited ("Baosheng" or "BAOS"), by and through its undersigned counsel, hereby answers the Third Amended Complaint (ECF 128) ("TAC") filed by Plaintiffs Orient Plus International Limited ("Orient"), Union Hi-Tech Development Limited ("Union") and Golden Genius International Limited ("Golden") (collectively, "Plaintiffs") in the above-captioned action. [1]

For its specific responses to the TAC, Baosheng responds as follows:

### NATURE OF THE ACTION

1.      Paragraph 1 contains Plaintiffs' characterization of their claims to which no response is required. To the extent a response is required, Baosheng admits that it conducted an IPO on or about February 8, 2021 and entered into a stock purchase agreement ("SPA") with Plaintiffs Orient and Union on or about March 17, 2021. Baosheng admits that is ordinary shares

---

[1] Capitalized terms not defined herein shall have the same meaning as in the TAC.

began trading on the Nasdaq Capital Markets on February 8, 2021 under the ticker symbol "BAOS" where it continues to trade as of the present day.

## PARTIES

2.      Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3.      Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis denies them.

4.      Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies them.

5.      Baosheng admits the allegations in Paragraph 5, except denies that it ever engaged in any wrongdoing and respectfully refers the Court to its public filings with the SEC for a true and complete description of its business.

6.      Baosheng admits that Defendant Univest served as underwriter for the IPO. Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies them.

7.      Baosheng admits that Defendant Benchmark served as underwriter for the IPO. Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and on that basis denies them.

8.      Baosheng admits that Defendant WestPark served as underwriter for the IPO. Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies them.

9.      Baosheng admits that Defendant Freidman served as independent auditor at the time of the IPO.  Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis denies them.

2

10.     To the extent the allegations in Paragraph 10 purport to characterize or quote from Baosheng's August 4, 2023 filing with the SEC, Baosheng respectfully refers the Court to such document for its complete and accurate contents. Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis denies them.

11.     Baosheng admits the allegations in Paragraph 11.

12.     Baosheng admits the allegations in Paragraph 12.

13.     Baosheng admits the allegations in Paragraph 13.

14.     Baosheng admits the allegations in Paragraph 14.

15.     Baosheng admits the allegations in Paragraph 15.

16.     Baosheng admits the allegations in Paragraph 16.

17.     Baosheng denies the allegations in Paragraph 17, except admits that Defendant Yanjun Hu indirectly owned a minority of Baosheng shares and is a Chinese citizen.

## JURISDICTION & VENUE

18.     Paragraph 18 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 18.

19.     Paragraph 19 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 19.

20.     Paragraph 20 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 20.

21.     Paragraph 21 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 21.

22.     Paragraph 22 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 22.

23.     Paragraph 23 purports to state legal conclusions to which no response is needed. To the extent a response is required, Baosheng denies the allegations in Paragraph 23, except admits that it is a foreign corporation that engaged the underwriter defendants to sell securities in the United States via the NASDAQ.

24.     To the extent the allegations in Paragraph 24 are not directed at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 24, except admits that Defendants Wenxiu Zhong, Sheng Gong, and Yue Jin signed the Registration Statement at issue in the TAC.

25.     To the extent the allegations in Paragraph 25 are not directed at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 25 regarding Defendant Yanjun Hu's control over Baosheng, including any control over Baosheng's filings with the SEC around the time of the IPO.

26.     To the extent the allegations in Paragraph 26 are not directed at Baosheng, no response is required. To the extent a response is required, Baosheng admits that Univest and Friedman assisted Baosheng in connection with certain aspects of the IPO in their respective roles as primary underwriter and independent auditor.

27.     To the extent the allegations in Paragraph 27 are not directed at Baosheng, no response is required. To the extent a response is required, Baosheng admits that Benchmark assisted Baosheng in connection with certain aspects of the IPO in its role as a secondary underwriter.

28.     To the extent the allegations in Paragraph 28 are not directed at Baosheng, no response is required. To the extent a response is required, Baosheng admits that WestPark assisted Baosheng in connection with certain aspects of the IPO in its role as a secondary underwriter.

## FACTS

**I.    BAOS'S PUBLIC FILINGS AND PLAINTIFFS' PURCHASE OF BAOS'S STOCK**

29.    Baosheng admits that it filed a registration statement on July 10, 2020 with the SEC for the IPO at issue in the TAC.

30.    Baosheng admits the allegations in Paragraph 30 and respectfully refers the Court to the Registration Statement and amendments thereto for their true and complete contents.

31.    Baosheng admits the allegations in Paragraph 31.

32.    Baosheng admits the allegations in Paragraph 32.

33.    Baosheng admits the allegations in Paragraph 33.

34.    Baosheng admits the allegations in Paragraph 34 and respectfully refers the Court to the Registration Statement for its true and complete contents regarding the audit committee's responsibilities.

35.    Baosheng admits that Univest was identified as the lead underwriter for the IPO in the Registration Statement.

36.    Baosheng admits that Benchmark and WestPark served as underwriters for the IPO.

37.    Baosheng admits that Friedman was identified as its independent auditor in the Registration Statement.

38.    Baosheng admits the allegations in Paragraph 38 and respectfully refers the Court to Baosheng's August 4, 2023 filing with the SEC for its true and complete contents.

39.    Baosheng admits the allegations in Paragraph 39 and respectfully refers the Court to the Prospectus for its true and complete contents.

40.    Baosheng admits the allegations in Paragraph 40.

41.    Baosheng lacks knowledge or information sufficient to form a belief regarding the

truth of the allegations in Paragraph 41 concerning Golden's purchase from Univest and continued holding of shares. Baosheng denies the remaining allegations in Paragraph 41.

42.     Baosheng admits the allegations in Paragraph 42 and respectfully refers the Court to the SPA and Baosheng's March 18, 2021 filing with the SEC for their true and complete contents.

## II.    CHINESE AUTHORITIES DETAIN BAOS'S MANAGEMENT TEAM, CAUSING THE COMPANY TO SUSPEND ITS OPERATIONS ALL WHILE SOLICITING INVESTMENT FROM PLAINTIFFS AND AT THE TIME BAOS'S REGISTRATION STATEMENT BECAME EFFECTIVE

43.     Baosheng lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 43 concerning the alleged telephone call between Hu Dong and Defendant Yanjun Hu, and on that basis denies the allegations in Paragraph 43.

44.     Baosheng denies the allegations in Paragraph 44.

45.     Baosheng lacks knowledge or information sufficient to form a belief as to the authenticity, accuracy, or completeness of the transcript attached as Exhibit A to the Complaint, the audio recording of the alleged telephone conversation, and the identity of the speakers. Baosheng acknowledges that Plaintiffs purport to have submitted a transcript of an allegedly recorded telephone conversation. Baosheng otherwise denies the allegations in Paragraph 45 concerning the alleged transcript and its contents.

46.     Baosheng denies that Defendant Yanjun Hu possessed authority to make statements on behalf of Baosheng and denies the contents of the alleged statements made by Defendant Hu. Baosheng further denies any inference that Defendant Hu possessed the requisite knowledge sufficient to make the alleged statements and denies any inference regarding Defendant Hu's alleged role at Baosheng other than as an indirect minority shareholder.

47.     Baosheng admits that Sogou was an internet search engine and large client of

Baosheng. Baosheng otherwise denies the remaining allegations in Paragraph 47 and specifically denies the contents of the alleged statements made by Defendant Yanjun Hu. Baosheng further states that it repeats the general denials contained in Paragraph 46 including but not limited to Defendant Hu's knowledge and authority.

48.    Baosheng repeats the general denials contained in Paragraph 46 including but not limited to Defendant Yanjun Hu's knowledge and authority.

49.    Baosheng repeats the general denials contained in Paragraph 46 including but not limited to Defendant Yanjun Hu's knowledge and authority.

50.    Baosheng denies the allegations in Paragraph 50 and respectfully refers the Court to Baosheng's May 17, 2022 filing with the SEC for its true and complete contents regarding its relationship with Sogou.

51.    Baosheng denies the allegations in Paragraph 51 concerning statements allegedly made by Defendant Yanjun Hu and denies that Defendant Yanjun Hu took control of Baosheng. Baosheng further states that it repeats the general denials contained in Paragraph 46 including but not limited to Defendant Yanjun Hu's knowledge and authority.

52.    Baosheng denies the allegations in Paragraph 52, but admits that certain employees of Baosheng, in their personal capacities, participated in interviews (询问程序) (Chinese term) in 2020 with the Yixing Police, Jiangsu Province related to a third-party and were subject to Covid quarantine at Yixing Grand Hotel in connection with that inquiry. Baosheng denies any allegations of arrests, detainment, or investigation of Baosheng itself.

53.    Baosheng denies the allegations in Paragraph 53.

54.    Baosheng denies the allegations in Paragraph 54.

55.    Paragraph 55 purports to state legal conclusions to which no response is required.

To the extent a response is required, Baosheng denies the allegations in Paragraph 55.

### III.    BAOS'S MATERIAL MISSTATEMENTS AND OMISSIONS IN ITS REGISTRATION STATEMENT AND PROSPECTUS

56.    Paragraph 56 purports to state legal conclusions to which no response is required.

To the extent a response is required, Baosheng denies the allegations in Paragraph 56.

#### A.  Statements About Legal Proceedings

57.    To the extent the allegations in Paragraph 57 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

58.    Baosheng denies the allegations in Paragraph 58. Baosheng further states that it repeats the denial contained in Paragraph 52.

#### B.  Statements About Management

59.    To the extent the allegations in Paragraph 59 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

60.    To the extent the allegations in Paragraph 60 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

61.    To the extent the allegations in Paragraph 61 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies

any characterization of the content contained therein.

62.    To the extent the allegations in Paragraph 62 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

63.    Baosheng denies the allegations in Paragraph 63.

## C.  Statements About Growth

64.    To the extent the allegations in Paragraph 64 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the contents contained therein.

65.    To the extent the allegations in Paragraph 65 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

66.    To the extent the allegations in Paragraph 66 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

67.    To the extent the allegations in Paragraph 57 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

68.     Baosheng denies the allegations in Paragraph 68.

**D.  Sogou**

69.     To the extent the allegations in Paragraph 69 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

70.     To the extent the allegations in Paragraph 70 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

71.     To the extent the allegations in Paragraph 71 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

72.     To the extent the allegations in Paragraph 72 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

73.     Baosheng denies the allegations in Paragraph 73.

**E.  Risk Factors**

74.     Baosheng denies the allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for

their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 75.

76.    To the extent the allegations in Paragraph 76 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 76.

77.    To the extent the allegations in Paragraph 77 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 77.

78.    To the extent the allegations in Paragraph 78 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 78.

79.    To the extent the allegations in Paragraph 79 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 79.

80.     To the extent the allegations in Paragraph 80 purport to characterize or quote from the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 80.

## F.  Portions Of The Registration Statement Prepared Or Certified By Friedman

81.     To the extent the allegations in Paragraph 81 and its subparts purport to characterize or quote from Friedman's audit reports contained in the Registration Statement, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

82.     To the extent the allegations in Paragraph 82 purport to characterize or quote from Friedman's consents in the Registration Statement, Baosheng respectfully refers to such documents for their complete and accurate contents, denies any allegations inconsistent with them, and denies any characterization of the content contained therein.

83.     Baosheng denies the allegations in Paragraph 83 and all of its subparts.

84.     To the extent the allegations in Paragraph 84 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 regarding professional standards applicable to auditors. To the extent the allegations in Paragraph 84 purport to characterize or quote from AS 1015, Due Professional Care in the Performance of Work, Baosheng respectfully refers the Court to such documents for their complete and accurate contents and denies any allegations inconsistent with them.

85.     To the extent the allegations in Paragraph 85 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 regarding professional standards applicable to auditors.

86.     To the extent the allegations in Paragraph 86 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 regarding professional standards applicable to auditors.  To the extent the allegations in Paragraph 86 purport to characterize or quote from PCAOB auditing standard AS 4101, Responsibilities Regarding Filings Under Federal Securities Statutes, Baosheng respectfully refers the Court to such documents for their complete and accurate contents and denies any allegations inconsistent with them.

87.     To the extent the allegations in Paragraph 87 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding professional standards applicable to auditors. To the extent the allegations in Paragraph 87 purport to characterize or quote from AS 4101, Baosheng respectfully refers the Court to such documents for their complete and accurate contents and denies any allegations inconsistent with them.

88.     To the extent the allegations in Paragraph 88 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 regarding professional standards applicable to auditors. To the extent the allegations in

Paragraph 88 purport to characterize or quote from AS 2905, Subsequent Discovery of facts Existing at the Date of the Auditor's Report, Baosheng respectfully refers the Court to such documents for their complete and accurate contents and denies any allegations inconsistent with them.

89.    To the extent the allegations in Paragraph 89 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 regarding professional standards applicable to auditors. To the extent the allegations in Paragraph 89 purport to characterize or quote from AS 2405, Illegal Acts by Clients, Baosheng respectfully refers the Court to such documents for their complete and accurate contents and denies any allegations inconsistent with them.

90.    To the extent the allegations in Paragraph 80 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 regarding professional standards applicable to auditors, and on that basis denies them. Baosheng expressly denies any allegations that its management team was detained, in hiding, or that Baosheng suspended operations as a result of an investigation by Chinese authorities around the time of the IPO.

91.    To the extent the allegations in Paragraph 91 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 regarding professional standards applicable to auditors, and on that basis denies them. Baosheng expressly denies any allegations that its management team was detained, in hiding, or

that Baosheng suspended operations as a result of an investigation by Chinese authorities around the time of the IPO.

92.    To the extent the allegations in Paragraph 92 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 regarding professional standards applicable to auditors, and on that basis denies them. Baosheng expressly denies any allegations that its management team was detained, in hiding, or that Baosheng suspended operations as a result of an investigation by Chinese authorities around the time of the IPO.

93.    To the extent the allegations in Paragraph 93 purport to characterize or quote from Baosheng's financial statements included in the Registration Statement and Prospectus, Baosheng respectfully refers to such documents for their complete and accurate contents and denies any allegations that are inconsistent therewith.

94.    Baosheng denies the allegations in Paragraph 94 and all of its subparts.

**G. Omissions Of Facts Required To Be Disclosed By SEC Regulations**

95.    Paragraph 95 purports to state legal conclusions regarding the requirements of SEC regulations to which no response is required. Baosheng respectfully refers the Court to Item 303 of Regulation S-K, 17 CFR ¶ 229.303 for its complete and accurate contents and denies any allegations regarding such contents that are inconsistent therewith.

96.    Baosheng denies the allegations in Paragraph 96.

97.    Paragraph 97 purports to state legal conclusions regarding the requirements of SEC regulations to which no response is required. Baosheng respectfully refers the Court to Item 103 of Regulation S-K, 17 CFR § 229.103 of its complete and accurate contents and denies any

allegations regarding such contents that are inconsistent therewith.

      98.    Baosheng denies the allegations in Paragraph 98.

## IV.    BAOS'S FALSE REPRESENTATIONS AND WARRANTIES IN THE SPA

      99.    Baosheng admits that that on March 17, 2021, it entered into an SPA with Orient and Union. To the extent the allegations in Paragraph 99 purport to characterize the content of the SPA, Baosheng respectfully refers to such document for its complete and accurate contents, and denies any allegations regarding such contents that are inconsistent therewith.

      100.    To the extent the allegations in Paragraph 100 and its subparts purport to characterize or quote the SPA, Baosheng respectfully refers to such document for its complete and accurate contents, and denies any allegations regarding such contents that are inconsistent therewith.

      101.    To the extent the allegations in Paragraph 101 purport to characterize or quote the SPA, Baosheng respectfully refers to such document for its complete and accurate contents, and denies any allegations regarding such contents that are inconsistent therewith.

## V.    BAOS'S UNDERWRITERS AND AUDITOR NEGLIGENTLY APPROVED ITS SECURITIES

      102.    Baosheng denies the allegations in Paragraph 102.

### A.  UNIVEST

      103.    To the extent the allegations in Paragraph 103 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that Univest served as Baosheng's lead underwriter for the IPO.

      104.    To the extent the allegations in Paragraph 104 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

104 regarding Univest's communications, and on that basis denies them.

105.    To the extent the allegations in Paragraph 103 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies them.

106.    To the extent the allegations in Paragraph 103 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 106.

107.    To the extent the allegations in Paragraph 103 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 107.

## B. BENCHMARK AND WESTPARK

108.    To the extent the allegations in Paragraph 108 are directed at Benchmark and WestPark and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that Benchmark and WestPark served as secondary underwriters for the IPO.

109.    To the extent the allegations in Paragraph 109 are directed at Benchmark and WestPark and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding Benchmark and Westpark's communications, and on that basis denies them.

110.    To the extent the allegations in Paragraph 110 are directed at Benchmark and WestPark and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 110, and on that basis denies them.

111.    To the extent the allegations in Paragraph 111 are directed at Benchmark and WestPark and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 are directed at Benchmark and WestPark and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 112.

## C.  MARCUM MERGES WITH FRIEDMAN

113.    To the extent the allegations in Paragraph 113 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that Friedman served as the certified public accountant for Baosheng in preparing its securities filings for the IPO. Baosheng otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    To the extent the allegations in Paragraph 117 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that in its filing with the SEC on August 4, 2023, it stated that "Friedman LLP was merged with Marcum LLP on September 1, 2022." Baosheng otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that in its filing with the SEC on August 4, 2023, it stated that "Friedman LLP was merged with Marcum LLP on September 1, 2022." Baosheng otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

121.

122.    To the extent the allegations in Paragraph 122 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng admits that Friedman consented to the inclusion of its audit reports on Baosheng's financial statements for 2018 and 2019 in the Registration Statement and Prospectus in connection with the IPO. Baosheng otherwise denies the allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 125.

126.    To the extent the allegations in Paragraph 126 are directed at Friedman and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 126.

## VI.    PLAINTIFFS DISCOVER THE MATERIAL MISSTATEMENT OR OMISSION

127.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 regarding when Plaintiffs allegedly discovered the alleged misstatements and omissions, and on that basis denies them.

128.    Baosheng denies the allegations in Paragraph 128.

129.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 regarding conversations between Hu Dong and Defendant Yanjun Hu, and on that basis denies them.

130.    Baosheng denies the allegations in Paragraph 130.

## VII.    DECLINE IN STOCK PRICE

131.    Baosheng denies the allegations in Paragraph 131.

132.    Baosheng admits that its stock price fluctuated since March 2021 and respectfully refers the Court to public market sources for accurate stock price information. Baosheng otherwise denies the allegations in Paragraph 132.

### COUNT 1
### (Section 11)
### By Golden against BAOS, the Director Defendants, Yue Jin; Univest, Benchmark, WestPark, Friedman, and Marcum

133.    Baosheng repeats, realleges, and incorporates its answers to each and every allegation above as if fully set forth herein.

134.    Paragraph 134 contains Golden's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 134, except admits that Golden purports to bring a claim under Section 11 of the Securities Act.

135.    Baosheng denies the allegations in Paragraph 135.

136.    Paragraph 136 purports to state legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 136 and respectfully refers the Court to SEC Form 20-F Part I, Item 8(7) for its complete and accurate contents and denies any allegations regarding such contents that are inconsistent therewith..

137.    Paragraph 137 purports to state legal conclusions to which no response is required.

To the extent a response is required, Baosheng denies the allegations in Paragraph 137, except admits that it was the registrant for the IPO.

138.    To the extent the allegations in Paragraph 138 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 142.

143.    To the extent the allegations in Paragraph 143 are directed at other defendants and not at Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 143.

144.    Paragraph 144 purports to state legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 144.

145.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 145 regarding Golden's purported purchase of BAOS shares and the traceability of such purchases, and on that basis denies them.

146.    Baosheng denies the allegations in Paragraph 146

147.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 regarding Golden's purported purchase of BAOS shares and the traceability of such purchases, and on that basis denies them.

## COUNT 2
### (Section 12(a)(2))
### By Golden Against BAOS and Univest

148.    Baosheng repeats, realleges, and incorporates its answers to each and every allegation above as if fully set forth herein.

149.    Paragraph 149 contains Golden's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 149, except admits that Golden purports to bring a claim under Section 12(a)(2) of the Securities Act.

150.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 regarding Golden's purchase of BAOS common units, and on that basis denies them.

151.    Paragraph 151 contains Golden's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 151.

152.    Paragraph 152 purports to state legal conclusion to which no response is required. To the extent a response is required, Baosheng admits that it sold Baosheng ordinary shares pursuant to the Prospectus in connection with the IPO at issue in the TAC. Baosheng otherwise

denies the allegations in Paragraph 152.

153.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 regarding Golden's purchase of shares from Univest, and on that basis denies them.

154.    Paragraph 154 purports to state legal conclusions to which no response is required. To the extent a response is required, Baosheng admits that it was the issuer of the securities. Baosheng otherwise denies the allegations in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 are directed at Univest and not Baosheng, no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 155.

156.    Baosheng denies the allegations in Paragraph 156.

157.    Paragraph 157 purports to state legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 157 and respectfully refers the Court to SEC Form 20-F Part I, Item 8(7) for its complete and accurate contents and denies any allegations regarding such contents that are inconsistent therewith.

158.    Baosheng denies the allegations in Paragraph 158.

159.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 regarding Golden's knowledge, and on that basis denies them

160.    Baosheng denies the allegations in Paragraph 160.

161.    Paragraph 161 purports to state legal conclusions to which no response is required. To the extent a response is required, Baosheng lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 regarding when Golden discovered or

could have discovered the alleged untrue statements and omissions, and on that basis denies them.

162.    Baosheng denies the allegations in Paragraph 162.

## COUNT 3
### (Section 15)
### By Golden against the Director Defendants, Yue Jin, and Yanjun Hu

163.    Baosheng repeats, realleges, and incorporates its answers to each and every allegation above as if fully set forth herein.

164.    Paragraph 164 contains Golden's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, Baosheng admits that Plaintiffs purport to assert claims under Section 15 against the Director Defendants, Yue Yin and Yanjun Hu..

165.    Paragraph 165 contains Golden's characterization of its claims and legal conclusions to which no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 165.

166.    To the extent the allegations in Paragraph 166 are directed at other defendants and not Baosheng, no response is required. To the extent a response is required, Baosheng denies the allegations in Paragraph 166.

## COUNT 4
### (Breach of Contract)
### By Plaintiffs Orient and Union against BAOS

167.    Baosheng repeats, realleges, and incorporates its answers to each and every allegation above as if fully set forth herein.

168.    Baosheng denies the allegations in Paragraph 168, except admits that it entered into an SPA with Orient and Union

169.    Baosheng lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 169 regarding Orient and Union's performance of their obligations under the SPA, and on that basis denies them.

170.    To the extent the allegations in Paragraph 170 purport to characterize or quote the SPA, Baosheng respectfully refers the Court to such document for its complete and accurate contents, denies any allegations inconsistent with it, and denies any characterization of the content contained therein. Baosheng otherwise denies the allegations in Paragraph 170.

171.    Baosheng denies the allegations in Paragraph 171.

172.    Baosheng denies the allegations in Paragraph 172.

## DEMAND FOR JURY TRIAL

173.    No response is required to Plaintiffs' demand for a jury trial.

## PRAYER FOR RELIEF

Baosheng denies the allegations in the unnumbered "WHEREFORE" paragraph, including each of its subparts, and denies that Plaintiffs are entitled to the relief requested therein or to any other relief against Baosheng.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters that it would not otherwise bear, Baosheng asserts the following affirmative and other defenses with respect to the claims Plaintiffs purport to assert in the TAC. Baosheng reserves its right to raise any additional defenses or claims not asserted herein of which it may become aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the TAC fails to state any claim against Baosheng upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent that Plaintiffs did not purchase shares in the IPO, did not purchase shares traceable to the IPO, or purchased shares not subject to a prospectus covered by the Securities Act of 1933.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Registration Statement, Prospectus, and SPA at issue in the TAC do not contain any false or misleading statements or omissions of material fact.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged misstatements and omissions are inactionable because the Registration Statement contained sufficient cautionary language and risk disclosures.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed in the Registration Statement associated with the securities in question and any alleged losses were caused by those risks coming to fruition.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Baosheng did not make, or cause to be made, any statements that were false or misleading when made.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all relevant times Baosheng had no duty to disclose the allegedly omitted information.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Baosheng acted at all times with reasonable care and due diligence and had reasonable grounds to believe, and did believe, at the time the IPO offering documents became effective, that the statements therein were true and there was no omission to state a material fact required to be stated therein or necessary or make the statements therein not misleading.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Baosheng at all times acted in good-faith conformity with applicable statutes, SEC rules and regulations (including, without limitation 17 C.F.R. § 229.103 and 17 C.F.R. § 229.303), and any other statutes, rules, regulations, orders, or laws in effect at the time of the conduct alleged in the TAC.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because if and to the extent the Registration Statement is found to have contained false or misleading statements (which Baosheng denies), the actual facts which Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources, and/or because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in Baosheng's public disclosures, in the public disclosures of third parties,

and/or in other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged depreciation in the price of Baosheng stock resulted from intervening or independent causes unrelated to the alleged misrepresentations and omissions at issue in the TAC.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged losses were not caused by the alleged misrepresentations and omissions upon which their claims are based.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any increases or decreases in the value of Baosheng stock was and is, wholly or partially, the result of market conditions or other factors, and not the result of any alleged wrongful conduct by Baosheng.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages in excess of those authorized by the Securities Act of 1933, including damages in excess of the price at which Baosheng stock was offered to the public

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs held, have disposed of, or could have disposed of their securities at a price in excess of the offering price.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot demonstrate, including to the extent that any damages asserted are speculative and impossible to

ascertain and thus not recoverable.

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part to the extent that the doctrine of laches, waiver, unclean hands, estoppel, ratification, or any other related equitable doctrines apply.

### TWENTIETH DEFENSE

Plaintiffs had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the conduct alleged in the TAC, and to the extent Plaintiffs failed to minimize or otherwise mitigate any damages they alleged to have suffered, they are barred, in whole or in part, from recovering damages.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the claims asserted in the TAC are contradicted by documentary evidence.

### TWENTY-SECOND DEFENSE

Baosheng denies that Plaintiffs are entitled to a recovery of attorneys' fees, experts' fees, or other costs and disbursements.

### TWENTY-THIRD DEFENSE

Baosheng adopts and incorporates by reference any applicable defense pleaded, or that may be pleaded, by any of the other defendants not expressly set forth herein to the extent Baosheng may share in such a defense

### TWENTY-FOURTH DEFENSE

This case is subject to dismissal or stay due to another action pending between the same parties seeking the same relief. Specifically, on information and belief, the same Plaintiffs suing herein filed an additional civil action in the Fourth Intermediate People's Court of Bejing

Municipality of the People's Republic of China (Case Number 2025 Beijing 04 Minchu No. 63) seeking virtually identical relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Baosheng demands judgment dismissing the TAC in its entirety, together with the costs and disbursement for this action, and for any expenses incurred in the defense thereof, including attorneys' fees. Baosheng further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.


Dated: New York, New York
       November 12, 2025


Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: /s/ *Warren E. Gluck*
    Warren E. Gluck
    HOLLAND & KNIGHT LLP
    787 Seventh Avenue, 31st Floor
    New York, NY 10019
    Tel.: (212) 513-3396
    Fax: (212) 385-9010
    warren.gluck@hklaw.com

*Counsel for Defendant*
*Baosheng Media Group Holdings Limited*