UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited,<br><br>      Plaintiffs,<br><br>    v.<br><br>Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Yanjun Hu; Univest Securities, LLC; The Benchmark Company, LLC; WestPark Capital, Inc.; Friedman LLP; and Marcum LLP,<br><br>      Defendants. | Case No. 1:24-cv-00744-JLR |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>HOLLAND & KNIGHT'S MOTION TO WITHDRAW AS COUNSEL</u>**

HOLLAND & KNIGHT LLP
787 Seventh Avenue
31st Floor
New York, New York 10019

Holland & Knight LLP, together with its individual attorneys Jessica B. Magee, Jasmine C. Sorrentino, and Kayla A. Joyce (collectively, "Holland & Knight"), respectfully submits this Memorandum of Law in support of its motion, pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 1.4") to withdraw as counsel of record for Defendant Baosheng Media Group Holdings Limited ("Baosheng").

## PRELIMINARY STATEMENT

Baosheng has failed to pay Holland & Knight's attorneys' fees in accordance with their engagement agreement with the firm. Despite multiple requests for payment, Baosheng has failed to come current, and multiple invoices are more than 100 days past due. A significant balance remains outstanding. *See* Declaration of Jasmine C. Sorrentino in Support of Motion to Withdraw as Counsel ("Sorrentino Decl.") ¶¶ 4-6.

In addition, Holland & Knight is concerned about its ability to carry out its representation of Baosheng effectively. For several months, communications with Baosheng have primarily occurred through intermediaries, namely individuals at Jinghan Law Firm, who do not appear to be directors or employees of Baosheng. Sorrentino Decl. ¶ 9. Although there have been copies of communications to individuals who may be employees or directors, Holland & Knight has not had direct communications with these individuals for the past several months. With the parties now entering the discovery stage and Holland & Knight requiring more active engagement from the client, Holland & Knight will face further difficulty in effectively representing Baosheng.

The client's failure to pay legal fees and difficulties in communication between client and counsel are appropriate grounds for withdrawal pursuant to Local Civil Rule 1.4 and Rules 1.16(c)(5) and (7) of the New York Rules of Professional Conduct. As such, Holland & Knight's

motion to withdraw should be granted.

## ARGUMENT

Pursuant to Local Civil Rule 1.4, "[a]n attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . and the posture of the case . . . and whether or not the attorney is asserting a retaining or charging lien[.]" In evaluating a motion to withdraw, courts in this District focus on two key factors: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *See de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020) (citation omitted).

The New York Rules of Professional Conduct, codified at 22 N.Y.C.R.R part 1200 (hereinafter, the "NYRPC"),[1] "provide guidance to courts in determining what constitutes good cause for granting a motion to withdraw as counsel." *Flannigan v. Vulcan Power Grp. LLC*, No. 09 Civ. 8473 (LAP), 2023 WL 2986870, at *2 (S.D.N.Y. Apr. 18, 2023) (internal quotation marks and citation omitted). NYRPC Rule 1.16 permits withdrawal when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," or "the client fails to cooperate in the representation, or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. Rules of Prof'l Conduct R. 1.16(c)(5), (7).

**A.    Baosheng's Failure to Pay Holland & Knight's Legal Fees Is A Compelling and Satisfactory Reason for Withdrawal**

"Courts in the Second Circuit have long recognized that a client's continued refusal to pay legal fees constitutes a satisfactory reason for withdrawal under Local Rule 1.4." *Secs. Inv.*

---

[1] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

3

*Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 390-91 (Bankr. S.D.N.Y. 2024) (internal quotation marks and citation omitted); *see also de Jesus Rosario* 491 F. Supp. 3d at 11 ("[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4.") (internal quotation marks and citation omitted); *Murphy v. LaJaunie*, No. 13-CV-6503 (RJS), 2016 WL 11951738, at *7 (S.D.N.Y. Aug. 10, 2016) (counsel "demonstrated a satisfactory reason to withdraw" under Local Civil Rule 1.4 where client owed more than $100,000 for work undertaken by counsel); *Taub v. Arrayit Corp.*, No. 15-CV-1366 (ALC) (JLC), 2016 WL 4146675, at *1 (S.D.N.Y. Aug. 4, 2016) (noting that failure to pay legal fees is enough to permit withdrawal of counsel); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) ("[A] significant period of nonpayment of a substantial fee may justify withdrawal[.]").  This principle reflects the fundamental fairness of permitting counsel to withdraw when a client fails to honor the law firm's rights to collect fees. As one court aptly noted, "[a]ttorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw." *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463 (CM) (GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009).

      The circumstances here present a compelling case for withdrawal.  Pursuant to Holland & Knight's engagement letter with Baosheng, invoices are due when rendered.  Sorrentino Decl. ¶ 4. Baosheng has failed to timely remit payment for Holland & Knight's invoices, accumulating a unpaid balance. *Id.* ¶ 6. Today, Baosheng is in significant arrears, with numerous invoices more than 100 days past due. *Id*. Baosheng's repeated failures to pay legal fees is satisfactory grounds for withdrawal.

### B. The Difficulties in Communications Between Baosheng and Holland & Knight Further Warrants Withdrawal

Courts have also recognized that issues in communications between client and counsel constitutes a satisfactory reason for withdrawal under Local Civil Rule 1.4. *See, e.g.*, *Crescit Mortg. Cap., LLC v. Emerald Bay Apartments, LLC*, No. 22-CV-10263 (DEH), 2024 WL 5710647, at *1 (S.D.N.Y. Apr. 25, 2024) ("Satisfactory reasons [to withdraw] include failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client.") (citation omitted); *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 1:19-CV-09649-MKV, 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021) (noting that "a breakdown in communication between attorney and client" is "sufficient" ground for withdrawal); *Rana v. Islam*, No. 14-CV-1993 (SHS), 2016 WL 859859, at *3-4 (S.D.N.Y. Mar. 01, 2016) (granting motion to withdraw where clients' failure to communicate with counsel for extended period and failure to comply with Court discovery orders "rendered it unreasonably difficult for [counsel] to carry out their duties, and the failure to cooperate justifies withdrawal") (internal quotation marks and citation omitted); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (finding counsel's inability to communicate with client and client's nonpayment of legal fees sufficient grounds for withdrawal).

In the beginning of the engagement, Holland & Knight had direct communications with an advisor to Baosheng's board of directors. However, in recent months, communications between Holland & Knight and Baosheng have been routed through intermediaries at a Chinese law firm, JingHan Law Firm. Sorrentino Decl. ¶ 9. The intermediaries through which Holland & Knight has communicated do not appear to be directors or employees of Baosheng. *Id.* Although individuals who may be employees or directors of Baosheng have been copied on

communications, Holland & Knight has not directly communicated with these individuals. *Id.*

Compounding this issue, the Holland & Knight attorney who previously served as Baosheng's lead counsel and maintained the most direct contact with the client has moved to another law firm and is unable to assume representation of Baosheng in this action. *Id.* ¶ 10. *See Krick v. Raytheon Co.*, No. 23-CV-8093, 2024 WL 4441029, at *2 (E.D.N.Y. Oct. 8, 2024), *appeal denied*, 757 F. Supp. 3d 342 (E.D.N.Y. 2024) (granting motion to withdraw where, among other factors, Plaintiffs' lead counsel "moved to a new law firm unable to assume representation"). This personnel change has further contributed to the communication hurdles that have made it difficult for Holland & Knight to carry out its representation of Baosheng effectively and, as such, withdrawal should be permitted.

### C.  Holland & Knight's Withdrawal Will Not Prejudice Baosheng or Disrupt the Proceedings

The timing of Holland & Knight's withdrawal request further supports granting this motion. Indeed, courts in this District "routinely permit withdrawal where discovery has not concluded and where the case is not on the 'verge of trial.'" *Portkey Techs. Pte Ltd v. Venkateswaran*, No. 23-CV-5074 (JPO), 2024 WL 4404127, at *2 (S.D.N.Y. Oct. 4, 2024) (quoting *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999)); *see also Farmer v. Hyde*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (granting counsel's motion to withdraw despite the discovery period being nearly over because no trial date had yet been set).

This case remains in the earliest stages of what will be a lengthy discovery process. Sorrentino Decl. ¶ 12. At the Initial Pre-Trial Conference on December 11, 2025, the Court adopted a two-year discovery schedule with fact discovery to be completed by December 4, 2027. *See* ECF No. 195. This extended timeline provides ample opportunity for new counsel to familiarize themselves with the case and participate in discovery without disrupting the

proceedings.

The Court has set only three immediate deadlines: (1) by December 23, 2025, Baosheng must inform the Court whether it is amenable to appearing before Magistrate Judge Willis for a mediation conference; (2) by the same date, the parties must submit a revised proposed case management plan with an updated expert discovery schedule; and (3) by January 25, 2026, the parties are to exchange initial discovery requests. *See* ECF Nos. 195-196; Sorrentino Decl. ¶ 13. On behalf of Baosheng, Holland & Knight is submitting a letter to the Court regarding Baosheng's position on mediation and negotiated deadlines for expert discovery with other parties' counsel. *See* Sorrentino Decl. ¶ 14. The only near-term obligation that Baosheng must meet is to serve its discovery requests.

To ensure a smooth transition that protects Baosheng's interests, Holland & Knight requests a modest 60-day extension of the deadline for parties to serve discovery requests, with all other deadlines remaining the same. Courts in this District routinely grant such extensions when counsel withdraws due to non-payment of fees. *See, e.g.*, *Portkey Techs.*, 2024 WL 4404127, at *2 (granting motion to withdraw based on client's failure to pay where discovery was "still in its early stages" and had "barely begun," and granting a 45-day stay to permit defendant "to retain more affordable counsel, or to prepare to defend the action *pro se*"); *Police Officers For A Proper Promotional Process v. Port Auth. of N.Y. and N.J.*, No. 11 Civ. 7478 (LTS) (JCF), 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012) (granting motion to withdraw based on client's failure to pay and granting a 60-day stay to allow client to retain new counsel). This brief extension will provide Baosheng sufficient time to secure replacement counsel who can address the upcoming deadlines while ensuring an orderly transition that protects Baosheng's interests in this litigation. The extension will not prejudice the other parties, as other deadlines

7

will remain and the litigation will continue without any delay.

Given the extended discovery timeline and the early stage of proceedings, Holland & Knight's withdrawal now, rather than later in the case, would minimize any potential disruption to the litigation schedule. This factor supports Holland & Knight's withdrawal as counsel.

## **CONCLUSION**

For the foregoing reasons, Holland & Knight respectfully requests that the Court enter an Order (i) granting the motion to withdraw as counsel of record for Baosheng, (ii) granting leave to serve this Motion via email to Baosheng's authorized representatives and individuals at JingHan Law Firm, and (iii) granting a 60-day extension of the deadline for parties to exchange discovery requests to allow Baosheng to retain new counsel.

Dated: New York, New York
       December 23, 2025

    Respectfully submitted,

    **HOLLAND & KNIGHT LLP**

    By: _/s/ Jasmine C. Sorrentino_

    Jasmine C. Sorrentino, Esq.
    Kayla A. Joyce, Esq.
    787 Seventh Avenue, 31st Floor
    New York, NY 10019
    Tel.: (212) 513-3200
    Email: jasmine.sorrentino@hklaw.com
           kayla.joyce@hklaw.com

    Jessica B. Magee (admitted *pro hac vice*)
    One Arts Plaza
    1722 Routh Street, Suite 1500
    Dallas, Texas 75201
    Tel: (214) 964-9500
    Email: jessica.magee@hklaw.com

    *Counsel for Defendant*
    *Baosheng Media Group Holdings Limited*