UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORIENT PLUS INTERNATIONAL LIMITED; UNION HI-TECH DEVELOPMENT LIMITED; and GOLDEN GENIUS INTERNATIONAL LIMITED,<br><br>    Plaintiffs,<br><br>  -against-<br><br>BAOSHENG MEDIA GROUP HOLDINGS LIMITED; WENXIU ZHONG; SHENG GONG; YU ZHONG; ZUOHAO HU; ADAM (XIN) HE; YUE JIN; UNIVEST SECURITIES, LLC; THE BENCHMARK COMPANY, LLC; and WESTPARK CAPITAL, INC.,<br><br>    Defendants. | Case No. 1:24-cv-00744 (JLR)<br><br>Hon. Jennifer L. Rochon |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO HOLLAND & KNIGHT'S MOTION TO WITHDRAW AS COUNSEL**

Plaintiffs take no position on the ultimate question of whether Holland & Knight LLP and its individual attorneys (collectively, "Holland & Knight") should be permitted to withdraw or whether the supporting declaration provides enough detail about the alleged fee dispute or communication challenges. But Plaintiffs oppose that firm's effort to withdraw *immediately* and apparently without substitute counsel in place. For that reason, Plaintiffs respectfully request the Court deny Holland & Knight's motion without prejudice.

*First*, Holland & Knight's withdrawal without replacement counsel in place would leave corporate Defendant Baosheng Media Group Holdings Limited ("Baosheng") without counsel. But, of course, a corporation may appear in federal court only through an attorney, and may not proceed *pro se*. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675, 677 (2d Cir. 1989) (same).[1] As requested, Holland & Knight's motion leaves Baosheng unrepresented for the next sixty days, which is reason enough to deny its motion. Holland & Knight's own authority recognizes this longstanding principle. (*See* Br. at 3–4 (citing *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 384, 392 (Bankr. S.D.N.Y. 2024) (denying motion to withdraw because a corporate defendant would be

---

[1] Baosheng is also represented by Warren Gluck, who until recently was a Partner at Holland & Knight. The Holland & Knight motion does not seek permission for Mr. Gluck to withdraw and Mr. Gluck has not separately moved to withdraw. Nevertheless, and in an apparent reference to Mr. Gluck, Holland & Knight represents in its brief that "the Holland & Knight attorney who previously served as Baosheng's lead counsel and maintained the most direct contact with the client has moved to another law firm and is unable to assume representation of Baosheng in this action." (ECF No. 200, Mem. of Law in Supp. of Holland & Knight's Mot. to Withdraw as Counsel (hereinafter "Br.") at 6.) If Mr. Gluck continues to represent Baosheng, then the other relief Holland & Knight seeks—namely, a sixty-day discovery extension—is inappropriate, as surely Mr. Gluck can continue to represent Baosheng's interests in the discovery process.

1

unrepresented and observing "that withdrawal would leave the opposing party with an 'intractable litigant' who 'resides overseas' and have already shown 'significant difficulties in communicating'")).)

*Second*, Holland & Knight's withdrawal without substitute counsel will prejudice Plaintiffs precisely at the moment the nearly two-year-old PSLRA discovery stay ended. In considering a motion to withdraw, courts "weigh the impact of withdrawal on the progress of the action." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10-CV-2333 (MEA), 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014). Courts may deny an application for withdrawal where "allowing counsel to withdraw would be too disruptive or cause too much delay." *Id.* at *2. Here, Holland & Knight believes the fact that discovery just started to counsel in favor of withdrawal (Br. at 6–7), but it ignores the complexities of international discovery—a reason it just trumpeted in seeking a two-year fact discovery deadline. (*See* ECF No. 194.) Initial discovery cannot wait while Baosheng looks for new counsel, a process that may take much longer than the promised sixty days given that the new firm may have some trepidation about being Baosheng's third set of lawyers in this case (*see* ECF No. 85 (stipulation regarding Holland & Knight's substitution for Baosheng's prior counsel, the Hunter Taubman Fischer & Li firm)), not to mention the now very public fee dispute with Holland & Knight (Br. at 3–4). Meanwhile, Plaintiffs will comply with the Court's January 25, 2026, deadline to serve their first set of discovery, and they intend to soon file a motion asking the Court for a Hague Convention Letter of Request that seeks discovery related to the July 2020 investigation and detention of Baosheng employees and directors (including named Defendant

Sheng Gong). Baosheng's backdoor proposed discovery stay should not interrupt what Baosheng has long said will be complicated cross-border discovery.[2]

*Third*, courts in this District routinely deny motions like Holland & Knight's until substitute counsel has filed an appearance. In *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, for example, the Court conditioned its grant of defense counsel's motion on the corporate defendant's retaining new counsel. *See* No. 99-CV-10175 (KMW), 2025 WL 449545, at *2 (S.D.N.Y. Jan. 29, 2025). Other courts agree. *See, e.g.*, *Brown v. John H. Beyer, Inc.*, No. 97-CV-142 (PKL) (RLE), 1998 WL 328631, at *1 (S.D.N.Y. June 22, 1998) (denying motion to withdraw until new counsel had been retained and granting defendant thirty days to locate substitute counsel to avoid default judgment); *Flannigan v. Vulcan Power Grp. LLC*, No. 09-CV-8473 (LAP), 2023 WL 2986870, at *3 (S.D.N.Y. Apr. 18, 2023) (denying motion to withdraw without prejudice in part because of "the amount of time required to get any substitute counsel up to speed").

\*    \*    \*    \*    \*

Discovery in this case may have just started, but that does not mitigate the prejudice to Plaintiffs. Because discovery should continue in this case uninterrupted, Plaintiffs respectfully request the Court deny Holland & Knight's motion to withdraw until Baosheng's new counsel files a notice of appearance.

---

[2] Holland & Knight relies almost exclusively on *Portkey Technologies v. Venkateswaran*, No. 23-CV-5074 (JPO), 2024 WL 4404127 (S.D.N.Y. Oct. 4, 2024), for the idea that attorney withdrawal cannot produce prejudice if the discovery process has just begun. (*See* Br. at 6–7.) But *Portkey* concerns an individual defendant who had the option of proceeding *pro se* without the specter of cross-border discovery. *See* 2024 WL 4404127, at *2–3. The same is not true, here.

3

Dated: January 2, 2026

DORSEY & WHITNEY LLP

By */s Michael Rowe*
    Daniel Goldberger
    goldberger.dan@dorsey.com
    51 West 52nd Street
    New York, NY 10019
    Telephone: (212) 415-9200
    Facsimile: (212) 953-7201
    Thomas P. Swigert (NY# 5858840)
    swigert.tom@dorsey.com
    Michael Rowe (*pro hac vice*)
    rowe.michael@dorsey.com
    Ian Blodger (*pro hac vice*)
    blodger.ian@dorsey.com

50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiffs Orient Plus International Limited, Union Hi-Tech Development Limited, and Golden Genius International Limited*

## CERTIFICATE

The undersigned certifies that this brief complies with the Court's formatting requirements and word-count limitations. All text, including footnotes, is 12-point font and double-spaced. The brief contains 971 words.

Dated: January 2, 2026    By  /s Michael Rowe
                              Michael Rowe