**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Orient Plus International Limited; Union Hi-Tech Development Limited; and Golden Genius International Limited, <br><br> Plaintiffs, <br><br> vs. <br><br> Baosheng Media Group Holdings Limited; Wenxiu Zhong; Sheng Gong; Yu Zhong; Zuohao Hu; Adam (Xin) He; Yue Jin; Univest Securities, LLC; The Benchmark Company, LLC; and WestPark Capital, Inc., <br><br> Defendants. | Case No. 1:24-cv-744-JLR <br><br> Hon. Jennifer L. Rochon <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential

Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.  The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."  All other information and documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.  The requesting party and counsel, including in-house counsel;
   b.  Employees of such counsel assigned to and necessary to assist in the litigation;
   c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a.  Inform the person of the confidential nature of the information or documents;
   b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the reasonable, minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall notify the producing party immediately upon becoming aware of the same and cooperate with the producing party in good faith to address and remedy the breach.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of

litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

10.   At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11.   Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.


 SO STIPULATED AND AGREED.


Dated:  March 12, 2026                    DORSEY & WHITNEY LLP



                                          By  /s/ Ian Blodger
                                              Daniel Goldberger
                                              goldberger.dan@dorsey.com
                                              51 West 52nd Street
                                              New York, NY 10019
                                              Telephone:  (212) 415-9200
                                              Facsimile:  (212) 953-7201

Thomas P. Swigert (NY# 5858840)
swigert.tom@dorsey.com
Michael Rowe (*pro hac vice)*
rowe.michael@dorsey.com
Ian Blodger (*pro hac vice*)
blodger.ian@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Plaintiffs Orient Plus*
*International Limited, Union Hi-Tech*
*Development Limited, and Golden Genius*
*International Limited*

Dated:  March 12, 2026                    INNOVATIVE LEGAL SERVICES P.C.

By  */s/ Ruisi Guo*
          Ruisi Guo
          Zihan Zheng (*pro hac vice)*
          355 S Grand Ave., Ste. 2450
          Los Angeles, CA 90071
          Telephone:  (626) 344-8949
          grace.guo@consultils.com
          ellen.zheng@consultils.com

*Attorney for Defendant*
*Baosheng Media Group Holding Limited*

Dated:  March 12, 2026                    By  */s/ M.M. Utterback*
          M.M. Utterback (*pro hac vice*)
          Andrew Sklar
          KING & WOOD MALLESONS LLP
          500 Fifth Avene, 50th Floor
          New York, NY 10110
          Telephone:  (212) 319-4755
          meg.utterback@us.kwm.com
          andrew.sklar@us.kwm.com

*Attorneys for Defendants Wenxiu Zhong,*
*Sheng Gong, and Yue Jin*

Dated: March 12, 2026

By */s/ Timothy J. McCarthy*
Timothy J. McCarthy
New York State Bar No. 03996345
Federal Bar No. TM-2118
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, TX 75201
Main Telephone: (214) 462-6400
Direct Telephone: (214) 698-7847
Facsimile: (855) 245-0197
tmccarthy@dykema.com

*Attorneys for Defendant Yu Zhong,*
*Zuohao Hu, and Adam (Xin) He*

Dated: March 12, 2026

By */s/ Angus F. Ni*
Lawrence Yichu Yuan
Ryan McMenamin
Angus F. Ni
Morrow NI LLP
41 Madison Ave, 31st Floor
New York, NY 10010
Telephone: (332) 223-0706
(908) 230-6200
lawrence@moni.law
ryan@moni.law
angus@moni.law

*Attorneys for Underwriter Defendants*

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

Dated: March 13, 2026

New York, New York

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


DATED:


_____

Signed in the presence of:


_____

(Attorney)